UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SARA RIVERS,                                             :
(formerly known as Sara Stokes)                          :
                                      Plaintiff,    : Civil Case No.: 25-cv-01726-JSR
      v.                                                 :
                                                         :
                                                         :
SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF, PUFF            :
DADDY, PUFFY, BROTHER LOVE", BAD BOY                     :
ENTERTAINMENT HOLDINGS, INC.,                            :
HARVE PIERRE, TRACY WAPLES,                              :
ALISON STANLEY, CHRIS SAINSBURY,                         :
DEVYNE STEPHENS, NORMA AUGENBLICK,                       :
DEREK WATKINS (a/k/a FONZWORTH BENTLEY),                 :
TONY DOFAT, MICKEY CARTER,                               :
DERIC ANGELETTIE (a/k/a "D.Dot" and                      :
"MADD RAPPER"), JASON WILEY,                             :
BAD BOY ENTERTAINMENT LLC,                               :
PHIL ROBINSON, SHAWN PEREZ,                              :
DADDY'S HOUSE RECORDING STUDIOS,                         :
BAD BOY PRODUCTIONS INC.,                                :
COMBS ENTERPRISES, LLC,                                  :
UNIVERSAL MUSIC GROUP,                                   :
UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP.,:
JANICE COMBS, JANICE COMBS PUBLISHING INC., :
JANICE COMBS PUBLISHING HOLDINGS INC.,                   :
SEAN JOHN CLOTHING LLC.,                                 :
PARAMOUNT GLOBAL, VIACOM,                                :
MTV PRODUCTIONS,                                         :
JACKIE FRENCH, LOU PEARLMAN (estate of),                 :
BUNIM-MURRAY PRODUCTIONS,                                :
TOWNSQUARE MEDIA GROUP,                                  :
JOHN AND JANE DOES 1-50, and                             :
DOE ORGANIZATIONS 1-10                                   :
                                     Defendants.    :
------------------------------------------------------------------X

## PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FILED BY THE COMBS DEFENDANTS

      Plaintiff, through undersign counsel, hereby submits its Opposition to the Motion to

Dismiss filed by Defendants Combs and affiliated individuals and entities including Defendants

1

Bad Boy Entertainment Holdings, Bad Boy Entertainment LLC, Daddy's House Recording Studios, Bad Boy Productions, Combs Enterprises LLC, Janice Combs, Janice Combs Holdings and Janice Combs Publishing (collectively the "Combs Defendants") and states as follows:

## PRELIMINARY STATEMENT

Plaintiff alleged a harrowing account of gender-motivated violence, exploitation, and coercion through a commercial enterprise orchestrated by the Combs Defendants for the benefit of their RICO enterprises and the benefit of the co-conspirators. Plaintiff's Complaint meticulously documents factual detail outlining the structure of the enterprise, the roles of each participant, and the resulting harm. Plaintiff's factual details, outside of being outlined in Plaintiff's complaint, was televised and the roles of each participant of the RICO enterprise is clearly illustrated over three seasons of television programing. At the pleading stage, such well-supported claims must be accepted as true for the purpose of Defendants motion. Taking the well-plead allegations as true this court cannot grant Defendants the relief it seeks in its motion to dismiss and thusly Defendants motion should be denied in its entirety.

## ARGUMENT

### Defendants Motion fails to comply with Page Limit and Fed. R. Civ. P. 11

Defendants' motion, notwithstanding the eight pages listed as the table of contents and authority and the unnumbered certification of compliance page, is twenty-six (26) numbered pages. Defendants' counsel's signature does not appear until page 26 and therefore exceeds the twenty-five (25) page limit. Additionally, even if you exclude page 26 of Defendants' motion it would not comply with Rule 11 as it would be missing a signature on the pleading as required by the Rule. Plaintiff moves that Defendants motion be stricken for failure to comply with the Rules and the false statement of the page numbers in Defendants certification.

**Plaintiff's Claims Are Timely**

**Tolling Doctrine Applies**

Related tort and trafficking claims are preserved under principles of equitable tolling due to intimidation, threats, concealment and Plaintiff's efforts to seek redress only when safe to do so. First, Defendants admit that Plaintiff's pled duress as an element that prevented her from filing her claims sooner and that duress "is a potential basis for tolling." Defendants, while admitting such wants this court to determine there is no basis for tolling. Plaintiff's complaint has alleged several instances of duress including the assault by Defendant Combs, Defendant Combs' threats to Plaintiff and members of her group that were recorded and televised by co-Defendants named herein, Defendant Combs' interference with her music career by threatening others who worked with Plaintiff they would be blackballed from the music industry too (threats that continued without interruption), Defendant Combs' known violent behavior towards women as televised on Making the Band. For the purposes of Defendants motion Defendants must accept the Complaint as true which includes accepting duress as a sufficient reason for the tolling doctrine to apply as to all claims and the court should dismiss any statute of limitation defenses as to all claims in Plaintiff's complaint.

**RICO**

Plaintiff's complaint advanced that the sufficient 'storm warnings' to trigger the duty to inquire arose when Cassie Ventura filed her lawsuit against Defendant Combs with similar allegations to the ones made in Plaintiff's complaint and again when another subsequent participant in another installment for Making the Band filed a civil complaint in 2024 that is eerily similar allegations made by Plaintiff. Therefore, at the earliest the statute of limitations

began on November 16, 2023. Which means Plaintiff has until November 2027 in which to file its RICO allegations and its claims filed in 2025 are timely.

## Copyright Infringement

Plaintiff's complaint alleges it did not and could not discover the infringement until recently with the whirlwind of litigation surrounding Defendant Combs and other Plaintiffs who's complaints make allegations similarly to Plaintiff. First, Plaintiff was unable to discover her copyright was being infringed due to the fraud and concealment by the RICO enterprise. Plaintiff was inexperienced with the music industry; Plaintiff had no way of knowing her copyright was being infringed and Plaintiff believes Defendants targeted people like Plaintiff to prey off their inexperience and naivety. It was not until the filing of another Complaint of a member of another group, on the television show Making the Band, that Plaintiff was made aware that other groups from subsequent installments of the show were also coerced into signing their publishing to Defendant Janice Combs and her related companies.[1] As such, Plaintiff has not exceeded the three-year statute and the Combs Defendants Motion puts out no facts or details surrounding when Plaintiff knew or could have discovered, with due diligence, the infringement. Therefore, Defendant has not demonstrated Plaintiff is outside of the statute of limitations as to this claim and for the purposes of Defendants motion it must accept the allegations as true, including the allegations that Defendants were engaged in a RICO enterprise which prevented her discovery of the infringement sooner. Defendants' statute of limitation defense should be rejected.

## GMVL

---

[1] *Richard v. Combs*, SDNY 24cv6848

The Combs' Defendants argument that GMVL Revival Provision Does Not Revive the GMVL Claim Because it Is Preempted is premature at best as adjudication on that position is still pending before the Appellate Court. The Combs Defendants motion acknowledges this argument has been rejected by other Judges in this jurisdiction.[2] Plaintiff's GMVA claim is timely under the revival provision in N.Y.C. Admin. Code § 10-1105.

### Fraud

Defendants do not allege that Plaintiff did not discover the fraud with reasonable diligence at a time exceeding two years. Plaintiff's complaint alleges the triggering date for investigation of fraud was with Cassie Ventura's complaint, November 2023 and another member of a group formed by the television show in 2024.[3] Plaintiff is still within the statute of limitations as described in Defendants Motion.

### Group Pleading and Length Are Not Grounds for Dismissal

Defendants' attack on the structure and length of the Complaint fails under Rule 8. The Second Circuit has affirmed that voluminous complaints are not defective where they plead factual detail with specificity. *See Arista Records, LLC v. Doe* , 604 F.3d 110 (2d Cir. 2010). Further, certain counts had to be grouped for a multitude of reasons. First, Plaintiff alleges Defendants were part of a RICO enterprise and worked in concert for the benefit of the purpose of the enterprise. Next, Plaintiff alleges Defendants are not parsed out as it pertains to several Combs entities Defendants. The problem is, due to the fraud and concealment of the RICO enterprise, Plaintiff is unable to ascertain when and which Corporate Defendant was working when and in what capacity because they were all comingled because they were all owned,

---

[2] ECF 139, FN1
[3] ECF 1 ¶¶ 1, 24, 668

operated and controlled by Defendant Combs. Plaintiff has alleged that Defendant Combs was in charge of all these corporate Defendant enterprises. Additionally, the purpose of Defendants' motion is to take all the allegations as true, and taking the allegations as true all Defendants were working together in furtherance of the RICO enterprise purpose and under the control of Defendant Combs. Lastly, Defendants counsel claim that Bad Boy Entertainment LLC and Janice Combs Publishing LLC did not exist until 2014 does not negate that those companies were affiliated, involved and/or received relevant property from the other named Combs Defendants that is relevant to Plaintiff's claims. Defendants' claims can only be supported once discovery has concluded. Defendants have not shown how this cause cannot be rectified with amending and has not plead any facts that amending would be futile or warrant dismissal. Defendants have not shown that Plaintiff has not plead adequately and their motion should be denied.

## The Complaint States Valid Claims for Relief

### RICO

Plaintiffs' complaint has alleged all the requisite elements of a RICO. Plaintiff plead that Defendants committed wire and mail fraud, constituting a pattern of racketeering actively and directly maintained an interest in the enterprise which affected interstate commerce. Plaintiff's complaint pleads an enterprise involving artists, producers, television production companies and corporate entities engaged in trafficking, fraud, and coercion, satisfying 18 U.S.C. § 1962(c)-(d). The purpose of the enterprise is clear from Plaintiff's complaint, money (album sales, publishing, television rights, performances, intellectual property, etc.) and influence and power (continuing influence in both music and television, increased visibility on multiple platforms). Plaintiff has alleged an enterprise where Defendants co-conspired with the Combs Defendants to effectuate its

purpose and scheme. Plaintiff alleges that Defendants engaged in fraud in multiple ways including wire and mail fraud to further the enterprise including advertisements and false representations on the nature of the advertisements for joining the Making the Band program. Without the participation of each Defendant individually and collectively the Enterprise would not have been viable. Defendants own motion cites where Plaintiff has alleged these facts in its complaint, but Defendants want this court to disregard those facts despite knowing that this court MUST take all allegations as true for the purposes of Defendants' motion. Further, Plaintiff has standing to sue because her business has been injured. Plaintiff's business was a singer in the music industry. Due to the RICO enterprise and interference by the Combs Defendants, Plaintiff has been injured in her business and has plead such injury in her complaint.

      Defendants advance the unreasonable argument that Plaintiff failed to alleged Defendants participated in a "hierarchy, organization, and activities" from which to conclude that the RICO Defendants were part of a group that "functioned as a unit." The argument on its face is ridiculous. The Janice Combs Defendants, which there are three of, is the mother of Defendant Combs. Defendant Janice Combs has no affiliation with the music industry outside of her son, Defendant Combs. Other named Defendants are individuals who worked for Defendant Combs or entities owned and controlled by Defendant Combs which functioned as a unit and is illustrated over three seasons of the Making the Band television program. The Combs Defendants entities functioned as a unit as they were all comingled and worked in sync with the other Defendants named herein for the purposes of making music and television. The common purpose of the RICO enterprise was to enrich Defendants by using forced labor to create television and music content at the expense of naive individuals who wanted to join the music industry, like Plaintiff. Therefore, taking all the allegations as true Plaintiff has valid standing

and has stated a claim which is valid and relief can be granted and Defendants motion should be denied.

## TVPRA

Defendants are liable under 18 U.S.C. § 1589 and § 1595 for knowingly engaging in and benefiting from a forced labor venture. Plaintiff was subjected to coercion, control, and threats impacting her ability to leave or refuse labor. Plaintiff was coerced, controlled and threatened by several of the Defendants named herein that impacted her ability to leave which were captured on several television episodes and plead in detail in Plaintiff's complaint. In several episodes Defendant Combs used threats of violence and physical restraints including restricting Plaintiff's movements. Plaintiff's complaint details episodes where several Defendants come to Plaintiff's domicile at all hours, unannounced and without warning, and Plaintiff was required to perform without compensation or adequate notice. Plaintiff also plead that Defendants benefited from the force labor via royalties from both the television production, live shows and album sales. Plaintiff has stated a claim which is valid and relief can be granted and Defendants motion should be denied.

## Gender-Motivated Violence

The GMVA applies to conduct motivated by gender and involving a pattern of abuse, humiliation, and violence. Plaintiff pleads qualifying acts including physical assault which would constitute a misdemeanor and psychological coercion. Plaintiff has plead she was in serious risk of injury because of her gender and Defendant Combs' animus to Plaintiff's gender. Defendant Combs' animus to Plaintiff's gender and causing injury to individuals of Plaintiff's gender was the root cause of Defendant Combs' arrest and subsequent conviction.[4] Taking all the allegations

---

[4] *US v Combs*, SDNY, 24cr 542

as true Plaintiff has stated a claim which is valid and relief can be granted and Defendants motion should be denied.

**NYSHRL and NYCHRL**

Defendants ignore that Plaintiff's abuse occurred in a workplace environment under their control. The human rights statutes provide protections against harassment and retaliation, and Plaintiff alleges sufficient facts to support liability. Further, Defendants argument that Plaintiff cannot establish an employment relationship with any of these Defendants is ludicrous considering there are three seasons of a television show, plead in Plaintiff's complaint provide Defendant Cobs owned, controlled and operated all the named codefendants. Therefore, Plaintiff has stated a claim which is valid and relief can be granted and Defendants motion should be denied.

**Right Of Publicity**

Defendants motion erroneously states "Plaintiff fails to identify how, where, or when the Defendants named in this COA used her voice, likeness or image for advertising purposes." Plaintiff alleges a whole section on how Defendants did such as it pertained to the Bad Boys II Soundtrack.[5] Further, Plaintiff was required to appear for work in New York for several months where residence was provided in New York by other Defendants. Defendants caused Plaintiff to be a temporary resident of New York during the relevant period. Defendants are intentionally misapplying the residency issue as Plaintiff was a temporary resident of New York this time and therefore has the right to bring a claim under New York law. Defendants' argument also ignores Plaintiff has the right to plead in the alternative and is not making duplicative arguments. Taking

---

[5] ECF 1 ¶347-357

the allegations in Plaintiff's complaint as true Plaintiff has stated a claim which is valid and relief can be granted and Defendants motion should be denied.

**Copyright Infringement**

Plaintiff's complaint alleges due to the fraud and concealment by Defendants, Plaintiff was unable to determine the copyright information. Plaintiff's complaint alleges a scheme where Defendants lured innocent victims to other members of the RICO enterprise with promises of stardom in the music industry. Defendants also use fraud to have individuals, like Plaintiff, sign over their publishing rights to his mother Defendant Janice Combs publishing company. Plaintiff is aware that a copyright exists because there were several published works including the "Too Hot for TV" album and the Bad Boys II Soundtrack. Plaintiff's complaint alleges the RICO enterprise concealed the copyright information from Plaintiff to prevent Plaintiff from being able to advance a claim for its rightful intellectual property. Defendants want the Court to ignore its fraud and concealment to dismiss this cause but if not but for the fraudulent scheme of the RICO enterprise, Plaintiff would have been in possession of such information. Therefore, Plaintiff has stated a claim which is valid and relief can be granted and Defendants motion should be denied.

**Breach Of Contract**

Defendants advance that Plaintiff failed to make allegations to the existence of a contract that weren't conclusory. Plaintiff's complaint details all the episodes of Making the Band including the multiple episodes where contracts were presented by multiple Defendants including the Combs Defendants. It is undisputable there was a contract that existed between the parties as the Combs Defendants were in the record label where written contracts are

commonplace, outside of the fact these contracts were presented and signed on several television episodes of Making the Band. Defendants, again, want this court to disregard the well plead facts in Plaintiff's complaint which the court is precluded from doing because of the nature of Defendants motion which requires taking all the allegations in Plaintiff's complaint as true. Therefore, Defendants motion should be denied.

### Fraud

Defendants motion states Plaintiff's complaint to this count is plead insufficiently. Insufficiency on its face does not warrant dismissal but amendment. Plaintiff has plead Defendants committed fraud in the inducement using stardom in both television and music to lure unsuspecting naïve victims, like Plaintiff, to be used to further the RICO enterprise purpose. Defendants own motion does not suggest dismissal of this cause but request satisfaction of Rule 9. Therefore, Defendants motion should be denied and leave to amend granted.

### Tortious Interference

Defendants contradict themselves in their motion as they first state that "Plaintiff does not allege facts sufficient to infer she would have entered into business deals but for Combs' interference and… Combs' alleged interference amounted to a… independent tort."[6] Then immediately admit Plaintiff's complaint alleges that Defendant Combs "called prospective record labels and music industry executives and told them not to hire her." Taking that as true, Plaintiff has alleged there were record labels and music industry executives that would have hired her if not but for Defendant Combs' direct interference. Plaintiff's complaint stated on one occasion she was already working with Producer in the studio who abruptly left the studio after

---

[6] ECF 139, Pg. 23/32

11

receiving a call from Defendant Combs telling him to stop working with Plaintiff.[7] Defendants request for dismissal of this count should be denied.

## False Imprisonment, Battery, Assault, Sexual Battery

Defendants motion should also fail as Plaintiff has pled, which Defendants acknowledge in its motion, Defendant Combs intended to confine Plaintiff, cornering her when seeing her alone, without production members from the Production Defendants and without members of her group, on the security cameras in his studio.[8] Plaintiff was conscious of her confinement.[9] The Plaintiff did not consent to the confinement and the confinement was not privileged.[10] Defendants absurdly attempt to advance "there is **nothing** in the complaint suggesting that defendant did anything to lead her to believe that she could not leave" despite Plaintiff plainly pleading the alternative.[11] Plaintiff could not immediately escape Defendant and when she was finally able to escape, she did so with all deliberate speed. Plaintiff has properly plead false imprisonment and Defendants motion should be denied.

Defendants, concerningly, advance that Plaintiff "not allege Combs intended to make "offensive" bodily contact "without the plaintiff's consent." Plaintiff clearly did not consent to be cornered by Defendant Combs at the studio, Plaintiff's workplace, and did not consent to the offensive bodily contact of having her breast fondled by Defendant. Plaintiff has properly plead battery/sexual battery and Defendants motion should be denied.

---

[7] ECF 1 ¶701
[8] ECF 1 ¶714
[9] ECF 1 ¶715
[10] ECF 1 ¶¶715-720
[11] ECF 1 ¶715, 718, 719-720

Defendants further advances as to assault that the facts in Plaintiff's complaint do not give rise to a plausible inference that Combs placed Plaintiff in "imminent apprehension of harmful contact." However, for the purposes of a motion to dismiss the court must draw all reasonable inferences in favor of the Plaintiff. It is more than reasonable to infer from the facts in Plaintiff's complaint that she was in "imminent apprehension of harmful contact" both while filming episodes of Making the Band, as enumerated in the complaint, and while working as an employee for Defendants off camera.[12] Plaintiff has properly plead assault and Defendants motion should be denied.

## Negligence

Defendants argue that Defendants owed Plaintiff no duty. Defendants cannot argue that Plaintiff was not an employee of Defendants Combs and his enterprises. Due to Plaintiff's employment relationship with Defendants Combs and his enterprises Defendants owed Plaintiff a duty. Plaintiff alleges as an employee Defendant Carter was told minutes before filming he was her legal representative, despite Plaintiff never retaining, hiring or meeting him. Plaintiff alleged as an employee she was forced into a publishing contract with Defendants mother and her entities, the Janice Combs related Defendants without having the right or option to seek other publishing companies or declining outright to engage with the Janice Combs entitles at all.

Defendant advances caselaw about "the employer [being] on notice of the relevant tortious propensities of the wrongdoing employee." However, in this case with the Combs Defendants, Defendant Combs is both the employer and the employee as he owned, controlled and operated all of these entities. Surely, Defendant Combs, the employer, was on notice of the

---

[12] ECF 1 ¶¶72-519, 715-720

relevant tortious propensities of the wrongdoing of himself, the employee. Plaintiff has properly plead an owed her a duty and Defendants motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Combs Defendants' motion to dismiss in its entirety. Alternatively, Defendants have not plead anywhere in its motion that any claim cannot be cured by amendment and Plaintiff requests that if this Court does grant any part of Defendants motion the Court also grant Plaintiff leave to amend such claim the Court deemed insufficient. Plaintiff further requests any such other relief this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF this 23rd day of July 2025, upon all of record.

*Ariel E. Mitchell, Esq.*
Ariel E. Mitchell, Esq.
Florida Bar No. 125714
P.O. Box 12864
Miami, FL 33101
(305) 903-5835
Email service: ariel@arielesq.com
*Attorney for Plaintiff*

## CERTIFICATION OF COMPLIANCE

I hereby certify that the word count of this memorandum of law complies with the word count limits of Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York and Judge Rakoff's Individual Rules. According to the word-processing system used to prepare this memorandum of law and excluding the parts of the document exempted by Rule 7.1, this document contains 3,664 words and 15 pages.

Dated: July 23, 2025

Respectfully submitted,

By: *Ariel E. Mitchell, Esq.*