**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

| | |
|---|---|
| SARA RIVERS,<br>(formerly known as Sara Stokes)<br>Plaintiff,<br>v.<br><br>SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF, PUFF DADDY, PUFFY, BROTHER LOVE", BAD BOY ENTERTAINMENT HOLDINGS, INC., HARVE PIERRE, TRACY WAPLES, ALISON STANLEY, CHRIS SAINSBURY, DEVYNE STEPHENS, NORMA AUGENBLICK, DEREK WATKINS (a/k/a FONZWORTH BENTLEY), TONY DOFAT, MICKEY CARTER, DERIC ANGELETTIE (a/k/a "D.Dot" and "MADD RAPPER"), JASON WILEY, BAD BOY ENTERTAINMENT LLC, PHIL ROBINSON, SHAWN PEREZ, DADDY'S HOUSE RECORDING STUDIOS, BAD BOY PRODUCTIONS INC., COMBS ENTERPRISES, LLC, UNIVERSAL MUSIC GROUP, UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP., JANICE COMBS, JANICE COMBS PUBLISHING INC., JANICE COMBS PUBLISHING HOLDINGS INC., SEAN JOHN CLOTHING LLC., PARAMOUNT GLOBAL, VIACOM, MTV PRODUCTIONS, JACKIE FRENCH, LOU PEARLMAN (estate of), BUNIM-MURRAY PRODUCTIONS, TOWNSQUARE MEDIA GROUP, JOHN AND JANE DOES 1-50, and DOE ORGANIZATIONS 1-10<br>Defendants. | Civil Case No.: 25-cv-01726-JSR |

---------------------------------------------------------------------X

**PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FILED BY DEFENDANT UNIVERSAL MUSIC GROUP RECORDINGS**

Plaintiff, through undersign counsel, hereby submits this opposition to the Motion to Dismiss filed by Defendants Universal Music Group Recordings, Inc. ("UMGR") and states as follows:

## PRELIMINARY STATEMENT

Defendant UMGR contends that Plaintiff's claims should be dismissed for being time-barred, insufficiently pled, and improperly grouped with other Defendants. Plaintiff's Complaint pleads facts specific to UMGR, including its participation in exploitation of Plaintiff in both music and television and the RICO enterprise Defendant engaged in with the other Defendants for the furtherance of the enterprise's purpose. Accordingly, Defendant's motion should be denied or alternatively Plaintiff should be granted leave to amend.

## ARGUMENT

### Plaintiff's Claims Are Timely

### Tolling Doctrine Applies

Plaintiff's claims are timely. Related tort and trafficking claims are preserved under principles of equitable tolling due to intimidation, threats, concealment and Plaintiff's efforts to seek redress only when safe to do so. Plaintiff's claim of duress, threats and concealment, as plead in her complaint, prevented her from filing her claims sooner and "is a potential basis for tolling." Defendant must accept the Complaint as true for the purposes of its Motion and that includes accepting duress as sufficient basis for the tolling doctrine to apply to all claims in Plaintiff's complaint.

### RICO

Plaintiff's complaint advanced that the sufficient 'storm warnings' to trigger the duty to inquire arose when Cassie Ventura filed her lawsuit against Defendant Combs with similar

allegations to the ones made in Plaintiff's complaint. Therefore, the statute of limitations began on November 16, 2023. Giving Plaintiff until November 2027 to file its RICO allegations and its claims filed in 2025 are timely.

## Copyright Infringement

Plaintiff's complaint alleges it did not and could not discover the infringement until recently with the whirlwind of litigation surrounding Defendant Combs and his affiliated entities. First, Plaintiff was unable to discover her copyright was being infringed due to the fraud and concealment by the RICO enterprise. Plaintiff was inexperienced with the music industry; had no way of knowing her copyright was being infringed and Plaintiff believes Defendants targeted people like Plaintiff to prey off their inexperience and naivety. It was not until the filing of another Complaint of a member of another group, on the television show Making the Band, that Plaintiff was made aware that other groups from subsequent installments of the show were also coerced into similar circumstances after Plaintiff's inaugural season. Plaintiff has not exceeded the three-year statute and the Defendant's motion puts out no facts or details surrounding when Plaintiff knew or could have discovered, with due diligence, the infringement. Therefore, Defendant has not demonstrated Plaintiff is outside of the statute of limitations and this defense should be rejected.

## Fraud

Defendant does not allege a date when Plaintiff discovered the fraud or that date exceeded two years. Plaintiff's complaint alleges the triggering date for investigation of fraud was with Cassie Ventura's complaint, November 2023 and another member of a subsequent

group formed by the television show Making the Band in 2024.[1] Plaintiff is still within the statute of limitations.

## GMVA

Defendant's argument of Preemption is premature at best as adjudication on that position is still pending before the Appellate Court. Plaintiff's GMVA claim is timely under the revival provision in N.Y.C. Admin. Code § 10-1105.

## Group Pleading and Length Are Not Grounds for Dismissal

Defendant's attack on the structure and length of the Complaint fails under Rule 8. The Second Circuit has affirmed that voluminous complaints are not defective where they plead factual detail with specificity. *See Arista Records, LLC v. Doe* , 604 F.3d 110 (2d Cir. 2010). Further, certain counts had to be grouped for a multitude of reasons. First, Plaintiff alleges Defendant was part of a RICO enterprise and worked in concert for the benefit for the furtherance of the purpose of the enterprise. The problem is, due to the fraud and concealment of the RICO enterprise, Plaintiff was unable to ascertain which Corporate Defendant was working in what capacity with the Combs Defendants. Defendant UMGR has appeared on several episodes of Plaintiff's three seasons on Making the Band, including hosting meetings at their offices, featured on the show. Plaintiff has alleged that Defendant was working in concert with the Combs Defendants by distributing content, including albums and soundtracks, for the furtherance of the purpose of the RICO enterprise. Additionally, since Defendant's filed a motion to dismiss it must accept all the allegations as true and inferences in favor of Plaintiff. Accepting the allegations as true Plaintiff has properly plead a claim for RICO. Further, Defendant has not

---

[1] ECF 1 ¶¶ 1, 24, 668

shown how this cause cannot be rectified with amending as grouped pleadings does not warrant dismissal.

## The Complaint States Valid Claims for Relief

### RICO

Plaintiffs' complaint has alleged all the requisite elements of a RICO. Plaintiff plead that Defendant committed wire and mail fraud, constituting a pattern of racketeering actively and directly maintained an interest in the enterprise which affected interstate commerce. Plaintiff's complaint pleads an enterprise involving artists, producers, television production companies and corporate entities engaged in trafficking, fraud, and coercion, satisfying 18 U.S.C. § 1962(c)-(d). The purpose of the enterprise is clear from Plaintiff's complaint, money (album sales, publishing, television rights, performances, intellectual property, etc.) and influence and power (continuing influence in music and strengthening its dominance in the music industry). Plaintiff has alleged an enterprise where Defendant co-conspired with the Combs Defendants and derived financial benefit and implemented operational control. Plaintiff alleges that Defendant engaged in fraud in multiple ways including wire and mail fraud to further the enterprise. Without the participation of Defendant there is no way the Enterprise would not have been viable as Defendant is the distribution component of the enterprise. This court MUST take all allegations as true and inferences in favor of Plaintiff. The purpose of the RICO enterprise was to enrich Defendants by using forced labor to create television and music content at the expense of naive individuals who wanted to join the music industry, like Plaintiff. Therefore, taking all the allegations as true Plaintiff has stated a claim which is valid and relief can be granted and Defendants motion should be denied.

### TVPRA

Defendants are liable under 18 U.S.C. § 1589 and § 1595 for knowingly engaging in and benefiting from a forced labor venture. Plaintiff was subjected to coercion, control, and threats impacting her ability to leave or refuse labor. Defendant incorrectly asserts it never obtained labor or services from Plaintiff despite Plaintiff's complaint alleging Defendant released, profited and distributed works by Plaintiff including the Too Hot for TV album and another composition on the Bad Boys II Soundtrack.[2] Plaintiff further incorporates episodes of the television show where Plaintiff was taken to offices of Defendant UMGR. For Defendant to even allege it had no specific knowledge of Defendant Combs interaction with Plaintiff despite the interactions being on their property, filmed and televised for the whole world to see is preposterous. Plaintiff also pled that Defendant has benefited from the force labor via royalties from both the television production, live shows, intellectual property/copyrights and album sales. Plaintiff has stated a valid claim where relief can be granted and Defendant's motion should be denied.

**Copyright Infringement**

Plaintiff's complaint alleges due to the fraud and concealment Plaintiff was unable to ascertain the copyright information. Plaintiff's complaint alleges a scheme where Defendants lure innocent victims to other members of the RICO enterprise with promises of stardom in the music industry. Defendant advances that the Complaint "does not identify any use of Rivers' voice, likeness or image for advertising purposes between 2002 and 2004." This is incorrect as Plaintiff's complaint cites the "Too Hot for TV" album and the Bad Boys II Soundtrack where her voice, likeness and image was used and is apparent on the cover of the album/soundtrack and is clear once the music is played. Plaintiff's complaint also states the

---

[2] ECF 1 ¶¶ 332-346 and 347-357

television show, where Defendant was also a participant, occurred during the requisite time. Plaintiff's complaint further alleges multiple published advertisements that were created and distributed in New York including the television show, the album and soundtrack and also a magazine cover. Defendant alleges Plaintiff's claim is duplicative of her NYCRL claim, however Plaintiff is allowed to plead in the alternative. Therefore, Plaintiff has stated a claim which is valid and relief can be granted and Defendant's motion should be denied.

## Implied Covenant

Defendant alleges this claim fails because there is no contract between Plaintiff and UMGR. This is premature as Plaintiff was forced to sign many contracts often without seeing the contract, given a copy of the contract or given the opportunity to review the contract with counsel. Plaintiff's complaint highlights several episodes from the television show where Plaintiff was precluded from leaving the premises with the contract or having an attorney review a contract. Another episode depicts Defendant Carter representing that he was counsel for Plaintiff's group, despite Plaintiff never meeting Defendant prior to filming beginning and never hiring, consulting or retaining Defendant. In yet another episode, Defendant Robinson forced Plaintiff to sign a one-page document binding her to another unseen contract in the future. When Plaintiff balked Defendant further demanded if she did not sign on the spot nobody in the group would get paid. Defendant Robinson forced Plaintiff to sign this contract under duress. Lastly, Defendant's argument is premature and best left for a summary judgment motion but at this stage should be denied.

## Fraud

Defendant's motion states Plaintiff's complaint failed to satisfy Rule 9. Insufficiency on its face does not warrant dismissal but amendment. Plaintiff has plead Defendant committed fraud in the inducement using stardom in both television and music to lure unsuspecting victims, like Plaintiff, to be used to further the RICO enterprise purpose. Defendant's motion should be denied or in the alternative leave to amend be granted.

### Negligence, Negligent Hiring, Training, Supervision, and Retention, and Negligent Infliction of Emotional Distress

Defendant advances that Plaintiff failed to explain any duty owed to her or a breach of that duty. First, that on its face would permit leave for Plaintiff to amend to further explain the duty owed and breach. Plaintiff contends it did advance a duty was owed as an employee and because of Defendant's known involvement with the RICO enterprise. Defendant goes on to allege there was no "special relationship" and foreseeability to show there was a breach of duty. Defendant Combs and Plaintiff were on a televised show for three seasons. In one season Defendant Combs forced Plaintiff to walk to Brooklyn for cheesecake from Manhattan. This event became a cultural phenomenon and was parodied on the Dave Chappelle Show on Comedy Central. The entire parody poked fun at the abusive nature of Defendant Combs against Plaintiff and her groupmates. Further, Defendant UMGR and Combs had been working together in the music industry prior and had distributed several musical compositions for Defendant Combs including the Too Hot for TV album and Bad Boys II soundtrack. Foreseeability was absolutely available had the Defendant wanted to see it but of course they did not because they were benefiting from their participation in the RICO enterprise.

Plaintiff alleges she was an employee of Defendant by virtue of her record contract with the Combs Defendants and the Combs Defendants distribution employment relationship with

8

Defendant UMGR. Additionally, Plaintiff's complaint alleges constant meetings at Defendant's offices which were captured on film and televised, further leading Plaintiff to believe she was an employee of Defendant. Lastly, Plaintiff's claim for negligence is a separate and distinct claim from negligent hiring, training and supervision and therefore not duplicative.

## Leave to Amend Must be Freely Granted

Defendant advances Plaintiff should not be granted leave to amend because it would be futile. Yet, several headings simply state claims are insufficiently plead which concedes they can be re-pled sufficiently. Defendant has not advanced any reason why at this very early stage, where Plaintiff has not amended its complaint once, why amendment would be futile. This position must be rejected as Plaintiff is entitled to amendment to any of the claims this Court may deem insufficient.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Defendant's motion to dismiss in its entirety. Alternatively, Plaintiff requests that if this Court deems any such claim insufficient the Court allows Plaintiff to amend. Plaintiff further requests any such other relief this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF this 23rd day of July 2025, upon all of record.

*Ariel E. Mitchell, Esq.*
Ariel E. Mitchell, Esq.
Florida Bar No. 125714
P.O. Box 12864
Miami, FL 33101

<div style="text-align: right">
(305) 903-5835  
Email service: ariel@arielesq.com  
*Attorney for Plaintiff*
</div>

## CERTIFICATION OF COMPLIANCE

I hereby certify that the word count of this memorandum of law complies with the word count limits of Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York and Judge Rakoff's Individual Rules. According to the word-processing system used to prepare this memorandum of law and excluding the parts of the document exempted by Rule 7.1, this document contains 2,313 words and 11 pages.

Dated: July 23, 2025

                                                          Respectfully submitted,

                                                          By: *Ariel E. Mitchell, Esq.*