UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SARA RIVERS,                                              :
(formerly known as Sara Stokes)                           :
                              Plaintiff,    : Civil Case No.: 25-cv-01726-JSR
     v.                                                  :
                                                    :
                                                    :
SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF, PUFF            :
DADDY, PUFFY, BROTHER LOVE", BAD BOY                     :
ENTERTAINMENT HOLDINGS, INC.,                             :
HARVE PIERRE, TRACY WAPLES,                               :
ALISON STANLEY, CHRIS SAINSBURY,                          :
DEVYNE STEPHENS, NORMA AUGENBLICK,                        :
DEREK WATKINS (a/k/a FONZWORTH BENTLEY),                  :
TONY DOFAT, MICKEY CARTER,                                :
DERIC ANGELETTIE (a/k/a "D.Dot" and                       :
"MADD RAPPER"), JASON WILEY,                              :
BAD BOY ENTERTAINMENT LLC,                                :
PHIL ROBINSON, SHAWN PEREZ,                               :
DADDY'S HOUSE RECORDING STUDIOS,                          :
BAD BOY PRODUCTIONS INC.,                                 :
COMBS ENTERPRISES, LLC,                                   :
UNIVERSAL MUSIC GROUP,                                    :
UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP.,:
JANICE COMBS, JANICE COMBS PUBLISHING INC., :
JANICE COMBS PUBLISHING HOLDINGS INC.,                    :
SEAN JOHN CLOTHING LLC.,                                  :
PARAMOUNT GLOBAL, VIACOM,                                 :
MTV PRODUCTIONS,                                          :
JACKIE FRENCH, LOU PEARLMAN (estate of),                  :
BUNIM-MURRAY PRODUCTIONS,                                 :
TOWNSQUARE MEDIA GROUP,                                   :
JOHN AND JANE DOES 1-50, and                              :
DOE ORGANIZATIONS 1-10                                    :
                                   Defendants.   :
----------------------------------------------------------------------X

**PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FILED BY
DEFENDANTS BUNIM-MURRAY PRODUCTIONS, PARAMOUNT GLOBAL,
VIACOM, AND MTV PRODUCTIONS**

1

Plaintiff, through undersign counsel, hereby submits this opposition to the Motion to Dismiss filed by Defendants Bunim-Murray Productions, Paramount Global, Viacom, and MTV Productions (collectively, the "Production Defendants") and states as follows:

## PRELIMINARY STATEMENT

Production Defendants contend that Plaintiff's claims should be dismissed for being time-barred, insufficiently pled, and improperly grouped with other Defendants. Plaintiff's Complaint pleads facts specific to Production Defendants, including its participation in exploitation of Plaintiff in both music and television for the furtherance of the RICO enterprise's purpose. Accordingly, Defendants' motion should be denied or alternatively Plaintiff should be granted leave to amend. First, Plaintiff alleges Defendants were part of a RICO enterprise and worked in concert for the benefit for the furtherance of the purpose of the enterprise. The problem is, due to the fraud and concealment of the RICO enterprise, Plaintiff was unable to ascertain the depths of the fraud and the use of the enterprise in subsequent other groups created on the Making the Band franchise thereafter. Plaintiff has alleged that Defendants lured victims inducing them with misrepresentation that they would be on television and have stardom in the music industry with a music industry idol, Defendant Combs then forcing the unsuspecting victims to filming 24 hours a day, create works like multiple theme songs for each Making the Band Season, forcing victims to engage in a multitude of other advertising and promotional events, without warning or notice all to further the purpose of the RICO enterprise. Further, Defendants have not shown how Plaintiff's complaint cannot be rectified with amending as "shotgun" pleadings does not warrant dismissal. Accepting the allegations in Plaintiff's complaint as true, and all reasonable inferences in favor of Plaintiff, Defendants motion should be denied in its entirety.

## ARGUMENT

## Plaintiff's Claims Are Timely

## Tolling Doctrine Applies

Plaintiff's claims are timely. Related tort and trafficking claims are preserved under principles of equitable tolling due to intimidation, threats, concealment and Plaintiff's efforts to seek redress only when safe to do so. Plaintiff's claim of duress, threats and concealment, as plead in her complaint, prevented her from filing her claims sooner and is a potential basis for tolling. Defendants must accept the Complaint as true for the purposes of its Motion and that includes accepting duress as a sufficient basis for the tolling doctrine to apply. Therefore all defenses to the statute of limitations must be rejected.

## N.Y.C.P.L.R. §203(a)

Production Defendants assert Plaintiff's claim accrued either when (1) she had a complete cause of action or (2) when she learned of her injury. Defendants then advanced an inference, not in the light most favorable to Plaintiff, that Plaintiff had a complete cause of action in 2004. This is incorrect, not in the light most favorable to Plaintiff and cannot be inferred by the allegations in the Complaint. Plaintiff's complaint alleged several instances where she was forced to sign contracts, including with Production Defendants directly in Season 1, where she was not allowed to leave the premises and would not be allowed further participation if she did not sign the contract then and there. Plaintiff alleges she was not provided copies of these contracts and was never able to have them viewed by an attorney or third-party advocate she hired. From 2002-2004, the concept of reality television was in its infancy and Production Defendants were the pioneers of the era. There would have been no complete cause of action in 2004 because Plaintiff did not learn of her injuries until 2023 and due to the infancy of the reality

3

tv industry it would have been impossible to discover her injuries in 2004. While Plaintiff was aware of the sexual assault injury when it occurred, reporting it was unfeasible and dangerous. Plaintiff also alleges several instances where Defendant Combs personally interfered with her career in the music industry which caused Plaintiff further fear in reporting the sexual assault injury. There are no facts Production Defendants can advanced to determine when Plaintiff had a complete cause of action or that Plaintiff learned of her injury before 2023. Production Defendants motion that Plaintiff's claim is time barred must be rejected.

## RICO

Plaintiff's complaint advanced that the sufficient 'storm warnings' to trigger the duty to inquire arose when Cassie Ventura filed her lawsuit against Defendant Combs with similar allegations to the ones made in Plaintiff's complaint. Therefore, the statute of limitations began on November 16, 2023. Which means Plaintiff has until November 2027 in which to file its RICO allegations and its claims filed in 2025 are timely.

## Copyright Infringement

Plaintiff's complaint alleges it did not and could not discover the infringement until recently with the whirlwind of litigation surrounding Defendant Combs. Due to the fraud and concealment of the RICO enterprise, Plaintiff had no way of knowing her copyright was being infringed. Further, it was not until the filing of another Complaint of a member of a subsequent group, on the television show Making the Band, that Plaintiff was made aware that others had also experienced similar circumstances with the Defendants.[1] Plaintiff has not exceeded the three-year statute and Defendants motion puts out no facts or details surrounding when Plaintiff

---

[1] *Richard v. Combs*, SDNY 24cv6848

knew or could have discovered, with due diligence, the infringement. Therefore, Defendants have not demonstrated Plaintiff is outside of the statute of limitations. Defendants motion must accept the allegations as true, including the allegations of when Plaintiff discovered the infringement.

### Fraud

Defendants do not allege that Plaintiff did not discover the fraud at a time exceeding two years. Plaintiff's complaint alleges the triggering date for investigation of fraud was with Cassie Ventura's complaint, November 2023 and another member of a subsequent group formed by the television show Making the Band in 2024.[2] Plaintiff is still within the statute of limitations and filed its complaint within the requisite time.

### GMVA

Defendant's argument of Preemption is premature at best as adjudication on that position is still pending before the Appellate Court. Plaintiff's GMVA claim is timely under the revival provision in N.Y.C. Admin. Code § 10-1105.

### Equitable Estoppel

Defendants assert "equitable estoppel is appropriate where the plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the defendant" and the "wrongdoer 'cannot take affirmative steps to prevent a plaintiff from bringing a claim and then assert the statute of limitations as a defense." Which is ironic considering that is exactly what Defendants have done

---

[2] ECF 1 ¶¶ 1, 24, 668

in their motion to dismiss. Plaintiff's complaint advances several factual allegations that she reasonably relied on deception, fraud and/or misrepresentations by the Production Defendants. Plaintiff relied on the deception that the Production Defendants were a credible media platform that would provide her a safe opportunity to pursue her music career. Plaintiff relied on the fraud Defendants engaged in with their Co-Defendants in furtherance of their RICO enterprise purpose. Plaintiff relied on the misrepresentations of Production Defendants that she would be safe from harm, exploitation, danger, harassment, forced labor and the alike while a participant on the television program. Plaintiff has plead many episodes where the deception, fraud and misrepresentations were advanced by the Production Defendants. Production Defendants are now requesting the Court prevent Plaintiff from bringing her claims by asserting statute of limitations as a defense. This is simply unallowable and must be disregarded as a defense because a wrongdoer cannot assert statute of limitations as a defense.

**The Complaint States Valid Claims for Relief**

**General**

Production Defendants assert that Plaintiff's complaint leaves "it to Defendants—and the Court—to determine which of the over 1,000 paragraphs of allegations apply to each claim." However, Defendants had no issue identifying which allegations applied to each claim in its twenty-five-page motion to dismiss. This assertion is nonsensical as Defendants own motion proves Plaintiff's complaint has complied with the Rule putting Defendants on notice of the claims against them. Defendants' overall suggestion that all claims should be dismissed should rejected and Defendants motion denied in its entirety.

**RICO**

Plaintiffs' complaint has alleged all the requisite elements of a RICO. Plaintiff plead that Defendants committed wire and mail fraud, constituting a pattern of racketeering actively and directly maintained an interest in the enterprise which affected interstate commerce. Plaintiff's complaint pleads an enterprise involving artists, producers, television production companies and corporate entities engaged in trafficking, fraud, and coercion, satisfying 18 U.S.C. § 1962(c)-(d). The purpose of the enterprise is clear from Plaintiff's complaint, money (publishing, advertisement revenue from commercial sales, television rights, performances, intellectual property, etc.) and influence and power (continuing influence in music and strengthening its dominance in content production and reality tv). Plaintiff has alleged an enterprise where Defendants derived financial benefit and implemented operational control in furtherance of the RICO enterprise. Plaintiff alleges that Defendant engaged in fraud in multiple ways including wire and mail fraud to further the enterprise. Without the participation of Defendants the Enterprise would not have been viable because the television show was the ultimate hook to lure unsuspecting victims to Defendants so they could effectuate the enterprise's purpose.

Plaintiff asserted the closeness of the enterprise members being so deep and close that Defendant Carter has been an employee of the Production Defendants since his appearance on the television program. Plaintiff further asserted that Production Defendants continued producing additional series and seasons of Making the Band with codefendants named herein after 2004. Plaintiff alleged that she was filmed being forced to sign multiple contracts without the option to leave the premises, under duress, without being provided a copy and without the aid of legal counsel or advocate. Production Defendants even captured and televised a moment when Plaintiff was forced under duress to sign a contract where if she did not sign or left with the

contract she would be terminated from further participation in the television program and music group.

This court MUST take all allegations as true for the purposes of Defendant's motion. The common purpose of the RICO enterprise was to enrich Defendants by using forced labor to create television and music content at the expense of naive individuals who wanted to join the music industry, like Plaintiff. Therefore, taking all the allegations as true Plaintiff has stated a valid claim and Defendants motion should be denied.

## TVPRA

Defendants are liable under 18 U.S.C. § 1589 and § 1595 for knowingly engaging in and benefiting from a forced labor venture. Plaintiff was subjected to coercion, control, and threats impacting her ability to leave or refuse labor. Defendants incorrectly asserts Plaintiff does not allege any conduct by the Production Defendants that violates the TVPRA. Plaintiff's complaint asserts many allegations of conduct by Production Defendants separated by the seasons the conduct appeared. Plaintiff was forced into boot camps, a schedule she had no control over and being at Defendants beck and call 24 hours a day with little to no advance notice. Plaintiff was forced to be filmed at any and all hours with no warning or preparation. Plaintiff was forced to share a hotel room with 5 other individuals which 4 were male. Production Defendants were always in control of the lodging and transportation of Plaintiff during the filming of the show and undisputedly received labor from Plaintiff under false pretenses and in a matter that violates the TVPRA. Plaintiff also plead that Defendant has benefited from the force labor via royalties from both the television production, live shows and advertising sales. Therefore, Defendants motion should be denied.

**Battery/Sexual Battery**

Production Defendants advance under the doctrine of *respondeat superior*, "employers may be held liable for torts committed by an employee if that employee is acting (i) within the scope of their employment, and (ii) in furtherance of the employer's business interests and that injury was undertaken within the scope of the employee's duties to the employer and was thus in furtherance of the employer's interests."

Plaintiff's complaint alleges that Defendant Combs was an employee of Production Defendants. Defendant Combs was acting within the scope of his employment with Production Defendants when he battered Plaintiff during the filming of Making the Band. If not but for the television show Making the Band, Plaintiff would have never been near Defendant Combs to be injured. The battery was in furtherance of the employer's business interests and that injury was undertaken within the scope of the employee's duties because the Defendants were engaged in a RICO enterprise for the purpose of exploiting individuals like Plaintiff. Plaintiff has pled its cause sufficiently and Defendants motion should be denied or alternatively Plaintiff is granted leave to amend.

**Right of Publicity**

Production Defendants want the Court to accept "freedom of speech and the press" and "Newsworthiness" as a defense to right of publicity. First, this is an affirmative defense not appropriate for a motion to dismiss. Notwithstanding that issue, Defendants want the Court to frame the use of Plaintiff's likeness to fall within the newsworthiness exception. There is absolutely no basis in fact, reality or law where the Court can take such position. Production Defendants are not some news organization that was simply reporting on newsworthy events.

9

Production Defendants are the creators, originators and promoters of a television show that became newsworthy because of the popularity of the show due to individuals like Plaintiff and the newness of the medium "reality tv." Defendants cannot hide behind the argument of newsworthiness for a production they originated, created, filmed, produced and promoted. Defendants motion as to this claim should be denied.

## Copyright Infringement

Plaintiff's complaint alleges due to the fraud and concealment of the RICO enterprise Plaintiff was unable to determine the copyright infringement. Plaintiff's complaint alleges a scheme where Defendants lure innocent victims to other members of the RICO enterprise with promises of stardom in the music industry and television. Defendants advance Plaintiff does not have a copyright certificate and that is correct as Plaintiff's alleges Defendants fraud and concealment due to their involvement in a RICO enterprise prevented her from ascertaining the copyright certificate. Defendants do not contend that no copyright exists nor that they, or any other named Defendants, do not have a copyright certificate for the works alleged in Plaintiff's complaint. Plaintiff believes if the RICO enterprise did not exist and engage in a fraudulent scheme to conceal the copyright from the rightful owner, Plaintiff, it would have a copyright certificate. Plaintiff's allegations accepted as true and inferences drawn in favor of Plaintiff has stated a claim and Defendant's motion should be denied.

## Implied Covenant

Defendants allege this claim fails because Plaintiff did not produce any contract. What Defendants were careful not to say was no contract existed between parties as they know contracts existed between the parties as it was filmed and televised on the Making the Band

television show and pled in Plaintiff's complaint. The television show proves Plaintiff was forced to sign contracts with Defendants often without being given the opportunity to review the contract with counsel, given a copy for her records or allowed to leave with the contract without severe penalty including termination. Defendants motion to this claim should be denied.

### Fraud

Defendants motion states Plaintiff's complaint failed to satisfy Rule 9 because Plaintiff did not specify any individual statement or speaker or alleging when or where the statements were made. Plaintiff does not allege to be in the room while negotiations commenced between the Combs Defendants and Production Defendants or any other members of the RICO enterprise at any time. It would be wholly unreasonable for Plaintiff to specify certain statements or speakers without being privy to the rooms which those conversations were occurring at the time they occurred. Defendants motion to this claim should be denied.

### Negligence, Negligent Hiring, Training, Supervision, and Retention, and Negligent Infliction of Emotional Distress

Defendants advance that Plaintiff failed to plead the employee-employer relationship; Plaintiff plead such. Defendants allege for liability the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence. Plaintiff has plead several episodes in which Defendant Combs propensity to engage in conduct that would cause injury was overtly obvious and such conduct was encouraged by Defendants for the sake of television ratings and the furtherance of the RICO purpose. The torts against Plaintiff were committed on the employer's premises and/or with the employer's chattels. All of Plaintiff's airfare and lodging accommodations were premises and chattels controlled and operated by Production Defendants. One particular episode shows Defendant Combs with

11

members of Production Defendants working on the premises for participants of the show. In this episode it is clear that Production Defendants are in control and operate the premises. There are several other episodes where Production Defendants allow Defendant Combs to enter the premises at all hours of the night proving further that Production Defendants were in control of the premises and chattels. Production Defendants want to narrowly frame the premises to Daddy's House, yet this premise was too in control of Defendants as Daddy's House studios were used as a location for several episodes throughout all three seasons of Making the Band making it premises within its control. Defendants' argument as to this claim should be denied.

Plaintiff's theories for the duties owed by Production Defendants is clear. Plaintiff alleges Production Defendants were here employer. Defendants lured her into danger under false pretenses. Defendants owed her a duty as an employee which they breached. Plaintiff alleges all of her injuries were caused by the breach of Production Defendants because if not but for their enticement and false representations regarding the television show Making the Band and music stardom, Plaintiff would have never met Defendant Combs. Defendant's breach endangered Plaintiff's physical safety which she would not have suffered if not but for Defendants. At worst amendment to these claims could be warranted but not dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Defendant's motion to dismiss in its entirety. Alternatively, Plaintiff requests that if this Court deems any such claim insufficient the Court allows Plaintiff to amend. Plaintiff further requests any such other relief this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF this 23rd day of July 2025, upon all of record.

*Ariel E. Mitchell, Esq.*
Ariel E. Mitchell, Esq.
Florida Bar No. 125714
P.O. Box 12864
Miami, FL 33101
(305) 903-5835
Email service: ariel@arielesq.com
*Attorney for Plaintiff*

## CERTIFICATION OF COMPLIANCE

I hereby certify that the word count of this memorandum of law complies with the word count limits of Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York and Judge Rakoff's Individual Rules. According to the word-processing system used to prepare this memorandum of law and excluding the parts of the document exempted by Rule 7.1, this document contains 3,275 words and 14 pages.

Dated: July 23, 2025

                                                        Respectfully submitted,

                                                        By: *Ariel E. Mitchell, Esq.*