UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
SARA RIVERS (formerly known as Sara Stokes),
       Plaintiff,                              Case No.: 25-CV-01726 (JSR)

                  -against-                      **Oral Argument Requested**

SEAN COMBS (a/k/a "P. DIDDY, DIDDY, PUFF,
PUFF DADDY, PUFFY, BROTHER LOVE"),
BAD BOY ENTERTAINMENT HOLDINGS, INC.,
HARVE PIERRE, TRACY WAPLES,
ALISON STANLEY, CHRIS SAINSBURY,
DEVYNE STEPHENS, MORMA AUGENBLICK,
DEREK WATKINS (a/k/a FONZWORTH BENTLEY),
TONY DOFAT, MICKEY CARTER,
DERIC ANGELETTIE (a/k/a/ "D.Dot" and
"MADD RAPPER"), JASON WILEY, BAD BOY
ENTERTAINMENT LLC, PHIL ROBINSON,
SHAWN PEREZ, DADDY'S HOUSE RECORDING
STUDIO, BAD BOY PRODUCTIONS INC.,
COMBS ENTERPRISES, LLC, UNIVERSAL
MUSIC GROUP, UNIVERSAL MUSIC & VIDEO
DISTRIBUTION CORP., JANICE COMBS, JANICE
COMBS PUBLISHING INC., JANICE COMBS
PUBLISHING HOLDINGS INC., SEAN JOHN
CLOTHING LLC., PARAMOUNT GLOBAL, VIACOM,
MTV PRODUCTIONS, JACKIE FRENCH, LOU
PEARLMAN (estate of), BUNIMMURRAY
PRODICTIONS, TOWNSQUARE MEDIA GROUP, J
OHN AND JANE DOES 1-50, and DOE ORGANIZATIONS
1-10,
       Defendants,
_____X


# DEFENDANT DERIC ANGELETTIE'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

                                                             Keith White, PLLC
                                                             396 Waverly Avenue
                                                             Brooklyn, NY 11238
                                         Attorneys for Defendant Deric Angelettie

**Table of Contents**

**INTRODUCTION** .................................................................................................................... 1

**PRELIMINARY STATEMENT** ............................................................................................ 1

**FACTUAL BACKGROUND** .................................................................................................. 2

**LEGAL STANDARD FOR RULE 12(B)(6) DISMISSAL** .................................................... 4

**ARGUMENT** ............................................................................................................................ 6

    **I.   Failure to State a Claim** ............................................................................................ 6

        A. Racketeer Influenced and Corrupt Organizations Act ("RICO") Claims ....................... 7

        B. Gender-Motivated Violence and Related Statutory Claims ............................................ 8

        C. Employment Discrimination, Sexual Harassment, and Retaliation ................................ 9

        D. Copyright Infringement ................................................................................................. 10

        E. Common Law Torts: Assault, Battery, Negligence, Fraud, Breach of Implied Covenant of Good Faith and Fair Dealing and Related Claims .................................................................................. 10

        F. Improper Group Pleading and Failure to Distinguish Conduct ..................................... 12

        G. Failure to Allege Essential Elements and Causation .................................................... 12

    **II.   Lack of Standing or Other Procedural Defects** .................................................... 12

        A. Lack of Standing ........................................................................................................... 13

        B. Statute of Limitations .................................................................................................... 13

        C. Other Procedural Defects .............................................................................................. 15

**CONCLUSION** ...................................................................................................................... 15

# Table of Authorities

**CASES**

*Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2nd Cir. 1995) ....................................................... 8

*AJ Energy LLC v. Woori Bank*, No. 18-CV-3735, 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019) ................................................................................................................................ 6

*Anderson v. City of Mount Vernon*, No. 23 CIV. 3963 (NSR), 2024 WL 2158390, at *3 (S.D.N.Y. May 13, 2024) ........................................................................................................... 5

*Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 89 (E.D.N.Y. 2020). ........................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................. 5

*Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) .............................................. 5, 9

*Baldwin v. TMPL Lexington LLC*, No. 23 CIV. 9899 (PAE), 2024 WL 3862150, at *13 (S.D.N.Y. Aug. 19, 2024) ............................................................................................................ 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .............................................................. 4, 5

*Doe v. Olive Leaves, Inc.*, No. 18 Civ. 5734 (HG) (TAM), 2024 WL 3048373, at *11 (E.D.N.Y. Feb. 16, 2024) ............................................................................................................ 9

*Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 353 (S.D.N.Y. 2020). .................................. 8

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 197 (S.D.N.Y. 2011) ............................................................................................................ 11

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ........................................ 10

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004) .................. 7

*Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170 (S.D.N.Y. 2019)....................... 7

*Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ....................................... 7

*Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 598 (S.D.N.Y. 2017)................................... 11

*Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) ................ 9

*In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013) .............................. 13

*Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015) ................................................ 10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) ...................................................... 13

*Mann v. Daniels,* No. 10-CV-7540(PKC)(THK), 2011 WL 2421285, at *2 (S.D.N.Y. June 9, 2011) .................................................................................................................................... 5

*Medina v. Bauer*, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) .......................................... 12

*Moore v. PaineWebber, Inc.*, 189 F.3d at 173 .............................................................................. 8

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) ................................................................................ 5

*Pu v. Charles H. Greenthal Mgmt. Corp.*, No. 08-CV-10084, 2010 WL 774335, at *3 (S.D.N.Y. Mar. 9, 2010) .............................................................................................................................. 7

*Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993) ...................................................................... 8

*Rotella v. Wood*, 528 U.S. 549, 553 (2000) ................................................................................ 13

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) ............................................................. 7

*Wood v. Moss*, 572 U.S. 744, 755, 134 S. Ct. 2056, 2065, 188 L. Ed. 2d 1039 (2014) ................ 5

## STATUTES

N.Y. C.P.L.R. § 215(3) .................................................................................................................. 13

N.Y. C.P.L.R. § 213(8) .................................................................................................................. 13

N.Y. C.P.L.R. § 214(5) .................................................................................................................. 13

New York State Human Rights Law (NYSHRL) ..................................................................... 9, 14

## FEDERAL STATUTES

17 U.S.C. § 507(b) ........................................................................................................................ 13

Rule 12(b)(6) of the Federal Rules of Civil Procedure ................................................................ 4, 11

Rule 8 ........................................................................................................................................... 5, 11

Rule 9(b) ........................................................................................................................................... 7

The Copyright Act ......................................................................................................................... 13

**LOCAL NYC LAW**

N.Y.C. Admin. Code § 10-1105(a) ................................................................................................ 13

N.Y.C. Admin. Code §§ 10-1101 et seq. ......................................................................................... 8

NYC Victims of Gender-Motivated Violence Protection Act (VGMVPL) .............................. 8, 13

NYCHRL ....................................................................................................................................... 14

## INTRODUCTION

This Memorandum of Law is respectfully submitted on behalf of Defendant Deric Angelettie (also referred to in the Complaint as "D.Dot" and "MADD RAPPER") in support of his Motion to Dismiss the Complaint filed by Plaintiff Sara Rivers pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendant Angelettie seeks dismissal of the Complaint in its entirety on multiple grounds, including failure to state a claim upon which relief can be granted, lack of personal jurisdiction, and other procedural and substantive deficiencies apparent on the face of the pleadings.

## PRELIMINARY STATEMENT

The Complaint asserts a wide array of claims against numerous defendants, including Mr. Angelettie, arising from Plaintiff's alleged experiences as a participant in the "Making the Band 2" television series and as an artist associated with Bad Boy Entertainment and related entities. Plaintiff's claims span federal and state law, including but not limited to alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the New York City Victims of Gender-Motivated Violence Protection Act, employment discrimination statutes, copyright law, and various common law torts. Perhaps, a more accurate description of the Plaintiff's Complaint is that it is an episodic recitation of the television show Plaintiff appeared on with commercial breaks disguised as claims.

As set forth below, the Complaint fails to allege facts sufficient to state any plausible claim for relief against Mr. Angelettie. The allegations are conclusory, lack the requisite specificity, and do not establish the necessary elements of the asserted causes of action. Moreover, the Complaint fails to establish personal jurisdiction over Mr. Angelettie and is

1

procedurally defective in several respects. Accordingly, dismissal is warranted as a matter of law.

## FACTUAL BACKGROUND

Plaintiff Sara Rivers ("Plaintiff") brings this action against a large group of individual and corporate defendants, including Deric Angelettie ("Defendant" or "Mr. Angelettie"), referred in the Complaint as "D.Dot" and "MADD RAPPER." The Complaint alleges that Plaintiff participated in the "Making the Band 2" television series, which aired from 2002 to 2004, and was employed by or otherwise associated with various entities connected to the music and entertainment industry, including Bad Boy Entertainment, Universal Music Group, MTV, and others.

The Complaint is sprawling, asserting numerous causes of action under federal and state law. Plaintiff alleges, inter alia, that the defendants engaged in a pattern of racketeering activity in violation of RICO, committed acts of gender-motivated violence, discriminated against her on the basis of gender, infringed her copyrights, breached contractual and fiduciary duties, and committed various torts including assault, battery, negligence, and fraud. As a foundation for her Complaint, the Plaintiff copies and pastes allegations from a criminal matter, where Defendant Sean Combs was accused and charged with racketeering and conspiracy crimes in violation of the RICO Act. Notably, after the filing of Plaintiff's Complaint, Defendant Sean Combs was tried in front of a jury and found not guilty of the RICO crimes that were copied into the Plaintiff's Complaint.[1]

---

[1] Case 1:24-cr-00542-AS, Doc# 447.

2

With respect to Mr. Angelettie, the Complaint alleges that he was an A&R executive with Bad Boy Entertainment and Bad Boy Records. Compl. ¶50. Plaintiff asserts that Mr. Angelettie, along with other defendants, was part of an "enterprise" that allegedly engaged in unlawful conduct, including but not limited to racketeering, mail and wire fraud, and enabling or participating in acts of gender-motivated violence. The Complaint further alleges that Mr. Angelettie, as an executive or agent of the relevant entities, was involved in the management or operation of the enterprise and is therefore liable under various statutory and common law theories. While Plaintiff's Complaint includes breach of contract and breach of fiduciary duty claims against Mr. Angelettie, the Complaint explicitly admits that there was never a contract between Plaintiff and Mr. Angelettie. Compl. ¶593.

The factual assertions specific to Mr. Angelettie are sparse and only conclusory. The only specific conduct or allegations attributed to Mr. Angelettie in the Complaint are:

a. More than 20 years ago, Mr. Angelettie discussed with Plaintiff the method of putting together an album and finding herself.[2]

b. More than 20 years ago, Mr. Angelettie appeared on Plaintiff's album, "Too Hot for TV."[3]

c. More than 20 years ago, Mr. Angelettie participated in the marketing of a show featuring Plaintiff.[4]

d. More than 20 years ago, Mr. Angelettie appeared on Plaintiff's show.[5]

---

[2] "Defendant D.Dot discusses with the group how to put together album and songs. Defendant suggests that Plaintiff hasn't found herself yet and that there are '17 million chicks like her who ain't found themselves yet…'"- Compl. ¶236.
[3] "Despite having no contract with Plaintiff or the group, and the fact he had not auditioned or been chosen as a member of the group, Defendant D. Dot appears on DaBand's album 'Too Hot for TV.'"- Compl. ¶593.
[4] "Defendants…were a direct participant in the marketing aspect…"- Compl. ¶759.
[5] "Defendants…appeared on the television show…"- Compl. ¶759.

3

    e. Mr. Angelettie entered into a business partnership with Defendant Sean Combs and his related companies (though no date, locale, jurisdiction or nature of the alleged partnership is asserted in the Complaint).[6]

    f. Mr. Angelettie provided resources to his alleged business partners (though no date, locale, jurisdiction or nature of the resources is asserted in the Complaint).[7]

The Complaint does not allege with particularity any direct acts by Mr. Angelettie that would give rise to individual liability under the asserted causes of action. Instead, Plaintiff relies on group pleading and generalized allegations regarding the conduct of "Defendants" collectively, without distinguishing the specific actions or omissions of Mr. Angelettie. The Complaint also fails to allege facts establishing that Mr. Angelettie had the requisite intent, knowledge, or participation necessary to support the claims asserted against him.

In sum, the Complaint seeks to hold Mr. Angelettie liable for a broad array of alleged misconduct based on his purported association with other defendants and entities, but fails to provide the factual specificity required to state a claim for relief against him under any legal theory.

## LEGAL STANDARD FOR RULE 12(B)(6) DISMISSAL

To survive such a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the

---

[6] "Defendants…entered into a partnership agreement with Defendant Diddy, SJC and BBE as general business Partners…"- Compl. ¶763.
[7] "Defendants…provided resources to their general business partners, Defendants Diddy, SJC and BBE. Defendants Diddy, SJC and BBE. ¶763.

4

reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the Plaintiff's favor, it is not bound to accept as true, a legal conclusion couched as a factual allegation. *Wood v. Moss*, 572 U.S. 744, 755, 134 S. Ct. 2056, 2065, 188 L. Ed. 2d 1039 (2014). See also, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. The complaint must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Moreover, where a complaint asserts claims against multiple defendants, it must allege facts sufficient to show each defendant's personal involvement in the alleged misconduct. *See Mann v. Daniels*, No. 10-CV-7540(PKC)(THK), 2011 WL 2421285, at *2 (S.D.N.Y. June 9, 2011) (holding that the plaintiff did not plausibly allege that the defendants were personally involved because the complaint did not include facts about any "specific wrongdoing sufficient to constitute personal involvement"). This court has consistently held that with no connection between the alleged conduct of a defendant and injuries to a plaintiff, a complaint is fatally defective. *Anderson v. City of Mount Vernon*, No. 23 CIV. 3963 (NSR), 2024 WL 2158390, at *3 (S.D.N.Y. May 13, 2024).

Moreover, group pleadings that fail to distinguish the conduct of individual defendants are insufficient to state a claim. See *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [Rule 8].").

5

Accordingly, to withstand dismissal, Plaintiff must allege specific, non-conclusory facts that, if true, would entitle her to relief against Mr. Angelettie under each asserted cause of action. By failing to provide Mr. Angelettie with any specific allegations of misconduct, Plaintiff fails to adequately provide notice to Mr. Angelettie of what allegations he has to defend, admit or research.

## ARGUMENT

The Complaint asserts a multitude of claims against thirty-two defendants, including Mr. Angelettie, ranging from federal statutory violations to state and common law torts. However, as set forth below, each cause of action is legally deficient as to Mr. Angelettie due to the absence of specific, non-conclusory factual allegations, the applicable statute of limitations and the failure to satisfy the applicable pleading standards.

### I. Failure to State a Claim

A plaintiff's obligation to provide the "grounds" of her "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. See *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although a plaintiff's allegations are presumed to be true, a court "is not required to credit conclusory allegations unsupported by facts…or to suspend common sense in conducting its analysis." *AJ Energy LLC v. Woori Bank*, No. 18-CV-3735, 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019), *aff'd,* 829 F. App'x 533 (2d Cir. 2020).

While not attempting to bury the lede, as discussed in subsection II of this memorandum, all of Plaintiff's claims are barred by the applicable statute of limitations. A defendant may move to dismiss on the grounds that that "dates in a complaint show that an action is barred by a statute of

6

limitations," and such motion "is properly treated as a Rule 12(b)(6) motion to dismiss." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). In as much as Plaintiff's Complaint admits that its claims are time barred, the claims raised against Mr. Angelettie, also, do not provide a date of actionable conduct. Consequentially, these claims fail to state a cause of action.

**A. Racketeer Influenced and Corrupt Organizations Act ("RICO") Claims**

To state a claim under RICO, a plaintiff must plead: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise (7) the activities of which affect interstate or foreign commerce." *Pu v. Charles H. Greenthal Mgmt. Corp.*, No. 08-CV-10084, 2010 WL 774335, at *3 (S.D.N.Y. Mar. 9, 2010) (citation omitted). A RICO plaintiff must also establish standing to sue, which is available only to a "'person injured in [her] business or property by' a RICO violation." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170 (S.D.N.Y. 2019) (citation omitted). See also *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The complaint must also satisfy the heightened pleading requirements of Rule 9(b) for claims sounding in fraud.

Here, the Complaint fails to allege with particularity any racketeering acts committed by Mr. Angelettie. The allegations are conclusory, relying on generalized assertions that "Defendants" collectively engaged in mail and wire fraud, trafficking, and other predicate acts, without identifying any specific conduct by Mr. Angelettie. Courts routinely dismiss RICO claims that rely on group pleading and fail to specify each defendant's role in the alleged enterprise. See *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004) (dismissing RICO claims for lack of particularized allegations).

In addition to alleging the particular details of a fraud, "the plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." Id. See also, *Moore v. PaineWebber, Inc.*, 189 F.3d at 173 (emphasis added; internal quotation marks omitted); accord *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2nd Cir. 1995). In this regard, the Plaintiff's Complaint utterly fails to allege sufficient facts to give rise to a strong inference of fraudulent intent. <u>Duran v. Henkel of Am., Inc., 450 F. Supp. 3d 337, 353 (S.D.N.Y. 2020)</u>. There is nothing explicit or implicit in the Complaint that makes an allegation as to Mr. Angelettie's intent. In fact, the Complaint explicitly states that Mr. Angelettie's "purpose was vague." Compl. ¶590.

Moreover, the Complaint does not allege facts showing that Mr. Angelettie participated in the operation or management of the alleged enterprise, as required by *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993). The Plaintiff's Complaint actually identifies Mr. Angelettie as an assistant to Plaintiff's band.[8] The mere assertion that Mr. Angelettie was "associated" with Bad Boy Entertainment or present during certain events is insufficient to establish RICO liability. The Complaint also fails to allege a pattern of racketeering activity with the requisite continuity and relationship, or any direct injury to Plaintiff's business or property proximately caused by Mr. Angelettie's conduct.

**B. Gender-Motivated Violence and Related Statutory Claims**

Plaintiff asserts claims under the NYC Victims of Gender-Motivated Violence Protection Act (VGMVPL), N.Y.C. Admin. Code §§ 10-1101 et seq., and related statutes. To state a GMVL claim, a plaintiff must allege facts showing: (1) an "act [that] constitutes a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; (3) that was perpetrated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender; and [(5)] resulted in

---

[8] *"Defendant D.Dot would be assisting the group with creating an album"*- Compl. ¶590.

injury." *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018). Plaintiff fails to plead the requisite elements. To plead the requisite elements, Plaintiff must allege that Mr. Angelettie committed, directed, enabled, participated in, or conspired in the commission of a crime of violence motivated by gender.[9] Again, the Complaint fails to mention any interaction between Mr. Angelettie and Plaintiff other than a televised conversation where Mr. Angelettie advised Plaintiff to find herself. Compl. ¶236. More directly, the Complaint fails to assert, allege or imply that Mr. Angelettie had animus towards Plaintiff's gender.

Indeed, the Complaint, fails to allege any act of violence, enabling, intent or participation by Mr. Angelettie. Instead, it relies on broad, undifferentiated allegations against all "Defendants." Such group pleading is insufficient. See *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order) (dismissing claims where complaint "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct"). There are no factual allegations that Mr. Angelettie personally committed or aided any act of gender-motivated violence against Plaintiff.

**C. Employment Discrimination, Sexual Harassment, and Retaliation**

Plaintiff alleges violations of the New York State Human Rights Law (NYSHRL) and New York City Human Rights Law (NYCHRL), including claims of gender discrimination, sexual harassment, and retaliation. To state such claims, Plaintiff must allege that Mr. Angelettie was her employer or had supervisory authority, and that he engaged in or was responsible for the

---

[9] After the enactment of the GMVPA, courts "struggled with how to determine defendants' motivation and animus." *Doe v. Olive Leaves, Inc.*, No. 18 Civ. 5734 (HG) (TAM), 2024 WL 3048373, at *11 (E.D.N.Y. Feb. 16, 2024). Some interpreted gender animus to require that plaintiffs "show extrinsic evidence of the defendant's expressed hatred toward women as a group"; others "applied the totality of the circumstances analysis borrowed from Title VII" requiring that gender-based animus be shown through "actions and statements by the perpetrator during the commission of the alleged crime of violence." *Breest*, 115 N.Y.S.3d at 328–29 (collecting cases). *Baldwin v. TMPL Lexington LLC*, No. 23 CIV. 9899 (PAE), 2024 WL 3862150, at *13 (S.D.N.Y. Aug. 19, 2024).

9

alleged discriminatory or retaliatory acts. *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 89 (E.D.N.Y. 2020). As stated earlier, the Complaint only identifies Mr. Angelettie's role as vague as he was assigned to assist the Plaintiff's band. Compl. ¶590. The Complaint does not allege that Mr. Angelettie was Plaintiff's employer, supervisor, or had any authority over her employment. Nor does it allege any specific discriminatory or retaliatory act by Mr. Angelettie. The allegations are again limited to collective references to "Defendants," which is insufficient to state a claim. See *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015) (requiring factual allegations supporting each element of discrimination and retaliation claims).

**D. Copyright Infringement**

To state a claim for copyright infringement, Plaintiff must allege (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original by the defendant. See *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

The Complaint does not allege that Mr. Angelettie copied, distributed, or otherwise infringed any of Plaintiff's copyrighted works. The allegations regarding copyright infringement are directed at "Defendants" collectively, without identifying any act of infringement by Mr. Angelettie. There are no facts suggesting that Mr. Angelettie had access to, or control over, the allegedly infringed works, or that he participated in any infringing activity.

**E. Common Law Torts: Assault, Battery, Negligence, Fraud, Breach of Implied Covenant of Good Faith and Fair Dealing and Related Claims**

Plaintiff asserts claims for assault, battery, negligence, fraud, and breach of the implied covenant of good faith and fair dealing. Each of these claims requires factual allegations of specific conduct by Mr. Angelettie.

10

In order to state a claim for breach of the duty of good faith and fair dealing, a plaintiff must identify a binding contract and plead facts demonstrating defendant's interference with Plaintiff's right "to receive the fruits of the contract." *See Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 598 (S.D.N.Y. 2017) (internal citations omitted). "Because the duties imposed by the implied covenant of good faith and fair dealing arise as a result of the formation of a contractual relationship between the parties, a claim for breach of the implied covenant of good faith and fair dealing musty be dismissed when there is no valid and enforceable contract between the parties." *Id.* The Complaint fails to reference any contractual relationship between Mr. Angelettie and Plaintiff. In fact, as stated earlier, the Complaint specifically denies a contractual relationship between the Plaintiff and Mr. Angelettie.[10] Resultingly, the breach of implied duty of good faith and fair dealing must be dismissed.

Similarly, Plaintiff's fraud claims cannot survive the current motion. "Claims of fraud must be pleaded with particularity pursuant to Rule 9(b)" and therefore must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 197 (S.D.N.Y. 2011) (citation omitted). Plaintiff's Complaint does not attempt to adequately plead this claim. Instead, Plaintiff's Complaint makes conclusory legal assertions with no references to statements, promises or omissions by Mr. Angelettie. As a result, Plaintiff's Complaint fails to meet the particularity requirement of Rule 9(b) and should be dismissed.

---

[10] "Despite having no contract with Plaintiff or the group, and the fact he had not auditioned or been chosen as a member of the group, Defendant D. Dot appears on DaBand's album 'Too Hot for TV.'"- Compl. ¶593.

11

The Complaint fails to allege any act by Mr. Angelettie that could constitute assault, battery, or negligence. There are no allegations that he made any contact with Plaintiff, threatened her, or owed her a duty of care. Thus, these tort claims should all be dismissed.

**F. Improper Group Pleading and Failure to Distinguish Conduct**

Throughout the Complaint, Plaintiff relies on improper group pleading, referring to "Defendants" collectively without distinguishing the conduct of Mr. Angelettie from that of other defendants. This approach fails to satisfy the pleading requirements of Rule 8(a) and Rule 12(b)(6). See *Medina v. Bauer*, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (dismissing claims where complaint failed to allege personal involvement of each defendant).

**G. Failure to Allege Essential Elements and Causation**

For each cause of action, the Complaint fails to allege the essential elements as to Mr. Angelettie, including intent, participation, causation, and injury. The absence of specific, non-conclusory factual allegations precludes any plausible inference of liability.

In sum, the Complaint fails to state any claim for relief against Mr. Angelettie. The allegations are conclusory, undifferentiated, and insufficient as a matter of law. Accordingly, dismissal is warranted under Rule 12(b)(6).

**II. Lack of Standing or Other Procedural Defects**

Plaintiff's Complaint is further subject to dismissal due to a range of procedural defects, including lack of standing, expiration of applicable statutes of limitations, and other threshold deficiencies.

### A. Lack of Standing

To establish Article III standing, a plaintiff must allege (1) an injury in fact that is concrete and particularized, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The Complaint fails to allege any concrete, particularized injury traceable to Mr. Angelettie. Instead, Plaintiff relies on generalized and conclusory allegations against all "Defendants," without identifying any specific act or omission by Mr. Angelettie that caused her harm. Such undifferentiated group pleading is insufficient to confer standing. See *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013).

### B. Statute of Limitations

All of Plaintiff's claims are time-barred on the face of the Complaint. All of the conduct giving rise to Plaintiff's claims are alleged to have occurred between 2002 and 2004. Thus. Plaintiff's intentional tort claims for assault & battery, false imprisonment, unjust enrichment, and intentional infliction of emotional damage expired in 2005. Plaintiff's claims for breach of the implied covenant of good faith and fair dealing and fraud/intentional misrepresentation expired in 2010. Plaintiff's RICO claim expired in 2008 and Plaintiff's GMVL claims expired in 2011.:

1. **RICO Claims:** Civil RICO claims are subject to a four-year statute of limitations, which accrues when the plaintiff discovers or should have discovered the injury. See *Rotella v. Wood*, 528 U.S. 549, 553 (2000). Plaintiff's allegations concern events occurring between 2002 and 2004, yet the Complaint was filed in 2025—well beyond the limitations period. The Complaint does not allege any basis for tolling or delayed discovery as to Mr. Angelettie.

13

2. **Copyright Infringement:** The Copyright Act provides a three-year statute of limitations for civil actions. 17 U.S.C. § 507(b). Plaintiff's claims relate to works created and allegedly infringed in the early 2000s, and there are no allegations of recent infringing acts by Mr. Angelettie or any facts supporting tolling.

3. **Common Law Torts (Assault, Battery, Negligence, Fraud):** Under New York law, the statute of limitations for assault and battery is one year (N.Y. C.P.L.R. § 215(3)), for negligence is three years (N.Y. C.P.L.R. § 214(5)), and for fraud is six years (N.Y. C.P.L.R. § 213(8)). The Complaint does not allege any actionable conduct by Mr. Angelettie within these periods.

4. **NYC Gender-Motivated Violence Act:** The lookback window under the NYC Gender-Motivated Violence Act allows claims to be brought for conduct occurring at any time, provided the action is commenced by March 1, 2025. N.Y.C. Admin. Code § 10-1105(a). However, the Complaint fails to allege any act of gender-motivated violence by Mr. Angelettie, and thus fails to state a claim even within the revived period.

While Plaintiff does not propound any specific theory for tolling the applicable statutes or estopping Mr. Angelettie from asserting the affirmative defense of the statute of limitations, the Plaintiff does request that "Defendants be estopped from asserting the statute of limitations as a defense due to the duress exerted upon Plaintiff." *Id.* ¶¶ 804, 816, 823, 2, 833, 841, 848, 878, 892. However, this is not a serious request because in order to establish a plausible estoppel claim, the Plaintiff must show that that "the defendant made an actual misrepresentation . . . , that the plaintiff relied on the misrepresentation and that the reliance caused plaintiff to delay bringing timely action." *Koral v. Saunders*, 36 F.4th 400, 410 (2d Cir. 2022).

14

**C. Other Procedural Defects**

To the extent Plaintiff asserts employment discrimination claims under the NYSHRL or NYCHRL, she must allege exhaustion of administrative remedies where required, and must plead facts showing an employment relationship with Mr. Angelettie. The Complaint fails to do so. In sum, the Complaint is procedurally defective and time-barred as to all claims against Mr. Angelettie, and should be dismissed on these grounds.

## CONCLUSION

For the foregoing reasons, Defendant Deric Angelettie respectfully requests that the Court grant his Motion to Dismiss the Complaint in its entirety. The Complaint fails to state any claim upon which relief can be granted, does not establish personal jurisdiction over Mr. Angelettie, is time-barred as to all relevant claims, and is procedurally and substantively deficient in multiple respects. Accordingly, Mr Angelettie requests that the Court dismiss all claims against him with prejudice, or without prejudice as the Court deems appropriate, and grant such other and further relief as the Court deems just and proper.

Dated: July 21, 2025

    Brooklyn, NY

By: \_\_\_\_\_/ss/Keith_White\_\_\_\_
KEITH WHITE, PLLC
*Attorneys for Plaintiffs*
396 Waverly Avenue
Brooklyn, NY 11238
718-403-9261

15