IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
                                                         :
SARA RIVERS                                              :
                                                         :
                    Plaintiff,                           :
                                                         :   CIVIL ACTION
- v. -                                                   :   Docket No.: 25-cv-1726-JSR
                                                         :
SEAN COMBS, et al.,                                      :
                                                         :
                    Defendants.                          :
                                                         :
                                                         :
                                                         :
-------------------------------------------------------- x
```

**Memorandum of Law in Support of Defendant Arthur Michael Carter IV's
(Sued as Mickey Carter) Motion to Dismiss**

Zukerman Gore Brandeis
   & Crossman, LLP
Jeffrey L. Friesen
Eleven Times Square
New York, New York 10036
(212)223-6700
*Attorneys for Defendant Arthur
Michael Carter IV (sued as
Mickey Carter)*

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 4

    I.   Mr. Carter Joins in the Arguments made by the Other Moving Defendants ...................... 4

    II.  No Allegations Connect Mr. Carter To the Alleged Wrongdoing against Plaintiff ........... 6

## Table of Authorities

**Cases**

*Geiss v. Weinstein Company Holdings LLC*, 383 F. Supp.3d 156, 174-75 (S.D.N.Y. 2019)......... 9

*Liu Jo S.P.A. v. Jenner*, 630 F. Supp. 3d 501, 518 (S.D.N.Y. 2022).............................................. 8

Defendant Arthur Michael Carter IV (sued as Mickey Carter) respectfully submits this Memorandum of Law in Support of his motion to dismiss the Complaint, ECF No. 1 ("Compl." or "Complaint"), with prejudice.

## PRELIMINARY STATEMENT

Plaintiff has sued 32 named defendants plus 30 "Doe" defendants in connection with her participation in a television show over 20 years ago that allegedly resulted in her abuse by Defendant Sean Combs. Three groups of Defendants have already moved to dismiss the Complaint on numerous grounds, including that all claims are time-barred and fail to state a cause of action. Five of the Complaint's 22 causes of action are asserted against Mr. Carter. As detailed below, Mr. Carter joins in and adopts the legal arguments made by the other moving Defendants with respect to those causes of action.

In addition, Mr. Carter supplements his motion, as described below, by explaining that Plaintiff completely fails to allege any facts to connect him with the alleged wrongdoing asserted in the Complaint. Plaintiff conclusorily asserts that the Defendants were part of a "conspiracy," "scheme" or "partnership" which resulted in her alleged abuse by Mr. Combs. There are no facts alleged to connect Mr. Carter to any such scheme. And even if the few facts alleged about Mr. Carter were true, and even if they stated a claim, any cause of action based on those facts arose over 20 years ago and the statute of limitations has long passed.

***

At the outset, we would also inform the Court that the Complaint includes a biographical section about Mr. Carter that is false, and frankly offensive, misrepresenting Mr. Carter's professional and military credentials: by alleging that he has none and that he has falsely claimed

1

to be a lawyer and to have served in the U.S. military. Undersigned counsel promptly informed Plaintiff's counsel – both lead Plaintiff's counsel and Plaintiff's New York counsel – that it was false and they have done nothing to correct the record. Their complete disregard for the facts, even when presented with them, is very telling; and they should not be permitted to amend in light of their now knowing continued public tarnishing of Mr. Carter's reputation.

To be specific: while Mr. Carter does not expect the Court to make factual determinations on this motion, he points out the following:

- The Complaint refers to him as Mickey Carter. That is the name that Mr. Carter uses professionally, but his name is Arthur Michael Carter IV.

- The Complaint alleges that Mr. Carter appeared on the MTB2 television show "representing himself as a lawyer" and "pretending" to be a lawyer and that "after a diligent search, does not appear to be an attorney of record in any jurisdiction, especially the State of New York. (Compl. ¶ 46, 49.) A search of the New York State Unified Court System, Attorney Online Services – Search reveals that Arthur M. Carter is registered as an attorney, and has been since 2002, that he works at Paramount Global, and he graduated from Notre Dame Law School.[1] In addition, a similar search in Illinois reveals that he was admitted to practice in that State in 1993.[2] And in Indiana in 1996.[3]

- The Complaint alleges that "after a diligent search," Mr. Carter "does not appear to have graduated from law school." (Compl. ¶ 47.) He graduated from Notre Dame Law school, as his New York registration says, in 1992.[4]

- The Complaint alleges that "after a diligent search," Mr. Carter "does not appear to have served in the military, unlike indicated on his LinkedIn profile and various posts by Defendant Paramount Veterans social media page." (Compl.

---

[1] https://iapps.courts.state.ny.us/attorneyservices/wicket/page/DetailsPage?6

[2] https://www.iardc.org/Lawyer/SearchResults

[3] https://courtapps.in.gov/rollofattorneys/attorney/fee21800-0db7-e011-9d34-02215e942453?FirstName=arthur&LastName=carter&OrderBy=0&Page=1

[4] The 1992 Notre Dame Commencement Program is available online and shows Arthur Michael Carter graduating with a law degree, at page 29 of the PDF file: chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://archives.nd.edu/Commencement/1992-05-17_Commencement.pdf

- ¶ 48). It is unclear what "search" Plaintiff made. This allegation is false. Mr. Carter attended Harvard College on an R.O.T.C. Scholarship, and served as an active duty officer and attorney with the Judge Advocate General Corps for several years.[5]

- The Complaint alleges that Mr. Carter is Executive Vice President for Viacom. (Compl. ¶ 45.) He is not. He is Executive Vice President at Paramount Global.

Undersigned counsel informed lead Plaintiff's counsel of these errors in writing on July 13, 2025, after having told Plaintiff's New York counsel over the telephone. They have done nothing to correct the record, despite now knowing the truth, and their Complaint, falsely alleging that it is Mr. Carter who is misrepresenting his professional and military experience, remains in the public record.

In addition, the memorandum of law in opposition to the Production Defendants' motion to dismiss, filed by Plaintiff on July 23, 2025, further misrepresents Mr. Carter's biography. That memorandum says: "Plaintiff asserted the closeness of the enterprise members being so deep that Defendant Carter has been an employee of the Production Defendants since his appearance on the television program." (ECF No. 168, at 7.) This statement is false as to both what the Complaint alleges, and as to Mr. Carter's biography. First, the only allegation in the Complaint about Mr. Carter's current employment is that he is "an Executive Vice President for Defendant Viacom," citing his LinkedIn profile. (Compl. ¶ 45.) As that profile shows, he does not work for Viacom, he works for Paramount. In any event, there are no allegations in the Complaint that Mr. Carter's employment showed "closeness of the enterprise members" or anything remotely of the kind. And most importantly, there are no allegations – and it is not true – that Mr. Carter has

---

[5] This information is easily available online, even under the name Mickey Carter. https://www2.nycbar.org/LegalCareerCenter/AttorneyTransitions_Carter.htm; https://www.paramountpressexpress.com/cbs-media-ventures/releases/?view=37301

3

worked for Paramount "since his appearance on the television program." As his LinkedIn profile, *cited in the Complaint*, shows, in the intervening two decades Mr. Carter has worked for Time Warner Cable, Fox News, CBS Corporation, and finally, Paramount.

## ARGUMENT

### I. Mr. Carter Joins in the Arguments made by the Other Moving Defendants

Numerous other defendants in this action moved to dismiss the Complaint on June 23, 2025. To the extent that those defendants made legal arguments to dismiss the same causes of action that Plaintiff asserts against Mr. Carter, Mr. Carter joins and adopts those legal arguments. To be specific, the five causes of action asserted against Mr. Carter are: (1) Racketeer Influenced Corrupt Organizations Act ("RICO") (Count 1); (2) Breach of Implied Covenant of Good Faith and Fair Dealing (Count 11); (3) Fraud/Negligent Misrepresentation/False Promise (Count 12); (4) Negligence (Count 14); and (5) Negligent Infliction of Emotional Distress ("NIED") (Count 16).[6]

Mr. Carter joins and adopts the following legal arguments presented by other moving defendants:

| Cause of Action | Grounds for Dismissal | Moving Defendants | Brief(s) | Page(s) |
|---|---|---|---|---|
| RICO | **Barred by Statute of Limitations** | Production Defendants | ECF No. 131 | 7-13 |
| | | UMGR | ECF No. 133 | 5 |
| | | Combs Defendants | ECF No. 139 | 4, 7-9 |

---

[6] The Complaint had asserted Counts 15 (NYC Victims of Gender-Motivated Violence Protection Act and 17 (Intentional Infliction of Emotional Distress) against Mr. Carter and the other defendants, but Plaintiff withdrew those two causes of action (the former as to all defendants except Mr. Combs, the latter as to all defendants) by Notice of Withdrawal dated July 26, 2025, So Ordered by the Court on July 28, 2025. (ECF Nos. 173, 174.)

4

| | | | | |
|---|---|---|---|---|
| | **Rule 8 (shotgun or group pleading)** | Production Defendants | ECF No. 131 | 13-14 |
| | | UMGR | ECF No. 133 | 11-13 |
| | | Combs Defendants | ECF No. 139 | 10-11 |
| | **Failure to state a claim** | Production Defendants | ECF No. 131 | 14-16 |
| | | UMGR | ECF No. 133 | 13-17 |
| | | Combs Defendants | ECF No. 139 | 11-15 |
| Good Faith and Fair Dealing | **Barred by Statute of Limitations** | Production Defendants | ECF No. 131 | 7-13 |
| | | UMGR | ECF No. 133 | 7-8 |
| | | Combs Defendants | ECF No. 139 | 5-6, 7-9 |
| | **Failure to state a claim** | Production Defendants | ECF No. 131 | 22 |
| | | UMGR | ECF No. 133 | 21 |
| | **Rule 8 (shotgun or group pleading)** | Production Defendants | ECF No. 131 | 13-14 |
| | | Combs Defendants | ECF No. 139 | 10-11 |
| | | UMGR | ECF No. 133 | 11-13 |
| Fraud/ Negligent Misrepresentation/ False Promise | **Barred by Statute of Limitations** | Production Defendants | ECF No. 131 | 7-13 |
| | | UMGR | ECF No. 133 | 8 |
| | | Combs Defendants | ECF No. 139 | 6, 7-9 |
| | **Failure to state a claim** | Production Defendants | ECF No. 131 | 22 |
| | | Combs Defendants | ECF No. 139 | 22 |
| | **Rule 8 (shotgun or group pleading)** | Production Defendants | ECF No. 131 | 13-14 |
| | | UMGR | ECF No. 133 | 11-13 |
| | | Combs Defendants | ECF No. 139 | 10-11 |
| Negligence | **Barred by Statute of Limitations** | Production Defendants | ECF No. 131 | 7-13 |
| | | UMGR | ECF No. 133 | 8 |
| | | Combs Defendants | ECF No. 139 | 6, 7-9 |
| | **Failure to state a claim** | Production Defendants | ECF No. 131 | 24 |
| | | UMGR | ECF No. 133 | 22-23 |
| | | Combs Defendants | ECF No. 139 | 25 |
| | **Rule 8 (shotgun or group pleading)** | Production Defendants | ECF No. 131 | 13-14 |
| | | UMGR | ECF No. 133 | 11-13 |
| | | Combs Defendants | ECF No. 139 | 10-11 |
| NIED | **Barred by Statute of Limitations** | Production Defendants | ECF No. 131 | 7-13 |

|  |  | UMGR | ECF No. 133 | 8 |
|---|---|---|---|---|
|  |  | Combs Defendants | ECF No. 139 | 6, 7-9 |
|  | **Failure to state a claim** | Production Defendants | ECF No. 131 | 24-25 |
|  |  | UMGR | ECF No. 133 | 22-23 |
|  |  | Combs Defendants | ECF No. 139 | 25 |
|  | **Rule 8 (shotgun or group pleading)** | Production Defendants | ECF No. 131 | 13-14 |
|  |  | UMGR | ECF No. 133 | 11-13 |
|  |  | Combs Defendants | ECF No. 139 | 10-11 |

Accordingly, to the extent that the Court grants any of the other pending motions to dismiss on the grounds identified above, Mr. Carter respectfully requests that the claims against him be dismissed on the same basis.

## II. No Allegations Connect Mr. Carter To the Alleged Wrongdoing against Plaintiff

In her Complaint, Plaintiff asserts claims that arose over 20 years ago while she was a participant on a television show called Making the Band 2 ("MTB2"). Plaintiff alleges that she was on the show until the last episode, which aired on May 13, 2004. (Compl. n.47 & ¶¶ 498-519.) Plaintiff complains about the alleged conduct of Defendant Sean Combs, during the filming of the show. The Complaint purports to describe various episodes of three seasons of MTB2, eventually alleging that Mr. Combs's actions made the show a hostile work environment and constituted inhumane treatment. (Compl. ¶¶ 84-519, 604-30, 631-79.) Plaintiff also alleges that while filming MTB2, Mr. Combs "ran his left hand across her breasts" (*id.* at ¶ 717), and that after MTB2 ceased filming, Mr. Combs prevented her from having a music career. (*Id.* at ¶¶ 692-72.) Plaintiff has sued 32 defendants, in addition to "John and Jane Does 1-50" and "Doe Organizations 1-10," all of whom are alleged to have been part of some kind of "conspiracy" or "scheme" that resulted in Mr. Combs's alleged wrongdoing against Plaintiff. For example, the basis of Plaintiff's RICO claim is that Defendants (including Mr. Carter) "entered into a

6

partnership agreement with Defendant Diddy, SJC and BBE a general business partners, each member is responsible for the partners' actions in the partnership." (Compl. ¶ 763(2).) Further, "Defendants all share a common purpose: to use deception, coercion, force, and the threat of violence to enrich themselves at the expense of individuals like the Plaintiff. As set forth herein, although all Defendants may not have directly threatened coerced, forced or violently threatened Plaintiff, they financially benefited from the scheme." (*Id.* at ¶ 749.)

While some of the arguments raised by other defendants, such as the statute of limitations, do not depend on whether or not the Complaint contains specific allegations of wrongdoing by particular defendants, other arguments, like improper group pleading and failure to state a claim, focus in part on Plaintiff's failure to connect specific actions by specific defendants to any alleged wrongdoing by Mr. Combs or a "conspiracy" or "scheme" intended to enable such alleged wrongdoing by Mr. Combs. This is true for the RICO claims, and it is also true for all the other claims. Mr. Carter supplements his grounds for dismissal by pointing out that there are no facts alleged in the Complaint connecting him to any such alleged wrongdoing by Mr. Combs or to any such "conspiracy" or "scheme" or "partnership."

There are no allegations that Mr. Carter knew about, witnessed, enabled, or participated in any of the alleged wrongdoing by Mr. Combs. In the 1003 paragraphs of the Complaint, other than the false "biography," the *only* factual allegations about Mr. Carter are that on one episode of MTB2 Season 2, which aired on September 3, 2003, Plaintiff asked Mr. Carter if she had to sign a certain contract in order to get paid, that Mr. Carter told Plaintiff that her failure to sign would cause the other members in the group to forego their payments, and that Mr. Carter can be seen directing the members of the group to the last page for their signature bypassing all the contract terms. (Compl. ¶¶ 311-12.) Plaintiff alleges that arguments ensued and she signed this

7

contract "[o]utnumbered and under duress"; and later Mr. Carter "is contacted by one of the group members to inquire on the status of their payments which [he] says he had bad news that he did not have their checks." (*Id.* at ¶¶ 315-18.) Plaintiff alleges that Mr. Carter made "false representations that if Plaintiff did not sign the agreement immediately on the spot that none of the group members would be paid." (*Id.* at ¶¶ 556-57.) As far as can be gleaned from the Complaint, it appears that Plaintiff alleges that she "believes this contract was a record deal with Defendants Diddy and BBE." (*Id.* at ¶ 554.) There is no allegation that this contract was with Mr. Carter; nor does Plaintiff allege any contract between her and Mr. Carter.

Even if true, there is no nexus between Mr. Carter's alleged conduct and any alleged "conspiracy" or "scheme" or "partnership" resulting in the alleged wrongdoing by Mr. Combs. Mr. Carter is alleged to have appeared on one episode of the MTB2 show in 2003 to discuss a contract with Plaintiff and the other cast members. That is all. As the briefs submitted by other defendants, identified above, show, the Complaint does not adequately allege RICO liability under these circumstances.

Notably, there is no contract alleged *between* Plaintiff and Mr. Carter that could be the basis of a claim for breach of the covenant of good faith and fair dealing. *See Liu Jo S.P.A. v. Jenner*, 630 F. Supp. 3d 501, 518 (S.D.N.Y. 2022) ("Because no contract exists between Liu Jo and Elite and Society, Liu Jo has failed to state a claim for breach of the implied covenant of good faith against Elite or Society.").

Even if Mr. Carter's alleged conduct, which occurred no later than September 2003, did give rise to any claim (which it does not), the statute of limitations has long expired, further demonstrating the futility of granting leave to amend the Complaint. Notably, for Plaintiff's good faith and fair dealing (Count 11) and fraud claims (Count 12), she alleges that the statute of

8

limitations is tolled: "Defendants' continuous threats, coercion and interference with Plaintiff's music career prevented Plaintiff from asserting her rights within the statutorily proscribed period. Defendants should be estopped from asserting the statute of limitations as a defense due to the duress exerted upon Plaintiff." (Compl. ¶¶ 878, 892.) This estoppel argument cannot possibly apply to Mr. Carter, who according to the Complaint, only interacted with Plaintiff prior to September 2003. There are zero allegations of *any conduct by Mr. Carter* after that time, let alone threatening conduct, continuously through the present. "[T]here must be threats or intimidation against each plaintiff *by each defendant* that plaintiff seeks to estop . . . ." *Geiss v. Weinstein Company Holdings LLC*, 383 F. Supp.3d 156, 174-75 (S.D.N.Y. 2019) (emphasis added).

      Mr. Carter respectfully requests that all claims against him be dismissed with prejudice, without leave to amend.

Dated: New York, New York
       July 29, 2025

Respectfully Submitted,

Zukerman Gore Brandeis
   & Crossman, LLP

By:   */s/ Jeffrey L. Friesen*
       Jeffrey L. Friesen
       Eleven Times Square
New York, New York 10036
(212) 223-6700

*Attorneys for Defendant*
   *Arthur Michael Carter IV*
   *(sued as Mickey Carter)*

## **CERTIFICATION OF COMPLIANCE**

I hereby certify that the word count of this memorandum of law complies with the word count limits of Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York and Judge Rakoff's Individual Rules. According to the word-processing system used to prepare this memorandum of law and excluding the parts of the document exempted by Rule 7.1 and Judge Rakoff's Individual Rules, the document contains 2,613 words.

Dated:  July 29, 2025

By:  */s/ Jeffrey L. Friesen*
Jeffrey L. Friesen

*Attorneys for Defendant
Arthur Michael Carter IV
(sued as Mickey Carter)*