UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
SARA RIVERS,                                                          :
(formerly known as Sara Stokes)                                       :
                                  Plaintiff,                      : Civil Case No.: 25-cv-01726-JSR
      v.                                                             :
                                                                                          :
                                                                                          :
SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF, PUFF                         :
DADDY, PUFFY, BROTHER LOVE", BAD BOY                                  :
ENTERTAINMENT HOLDINGS, INC.,                                         :
HARVE PIERRE, TRACY WAPLES,                                           :
ALISON STANLEY, CHRIS SAINSBURY,                                      :
DEVYNE STEPHENS, NORMA AUGENBLICK,                                    :
DEREK WATKINS (a/k/a FONZWORTH BENTLEY),                              :
TONY DOFAT, MICKEY CARTER,                                            :
DERIC ANGELETTIE (a/k/a "D.Dot" and                                   :
"MADD RAPPER"), JASON WILEY,                                          :
BAD BOY ENTERTAINMENT LLC,                                            :
PHIL ROBINSON, SHAWN PEREZ,                                           :
DADDY'S HOUSE RECORDING STUDIOS,                                      :
BAD BOY PRODUCTIONS INC.,                                             :
COMBS ENTERPRISES, LLC,                                               :
UNIVERSAL MUSIC GROUP,                                                :
UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP.,                           :
JANICE COMBS, JANICE COMBS PUBLISHING INC.,                           :
JANICE COMBS PUBLISHING HOLDINGS INC.,                                :
SEAN JOHN CLOTHING LLC.,                                              :
PARAMOUNT GLOBAL, VIACOM,                                             :
MTV PRODUCTIONS,                                                      :
JACKIE FRENCH, LOU PEARLMAN (estate of),                              :
BUNIM-MURRAY PRODUCTIONS,                                             :
TOWNSQUARE MEDIA GROUP,                                               :
JOHN AND JANE DOES 1-50, and                                          :
DOE ORGANIZATIONS 1-10                                                :
                                  Defendants.                     :
----------------------------------------------------------------------X

**PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FILED BY DEFENDANT CARTER**

Plaintiff, through undersign counsel, hereby submits its Opposition to the Motion to Dismiss filed by Defendant Mickey Carter (a/k/a Arthur Michael Carter IV) and states as follows:

## PRELIMINARY STATEMENT

Plaintiff alleged a harrowing account of gender-motivated violence, exploitation, and coercion through a commercial enterprise orchestrated by the Combs Defendants for the benefit of their RICO enterprises and the benefit of the co-conspirators. Plaintiff's Complaint meticulously documents factual detail outlining the structure of the enterprise, the roles of each participant, and the resulting harm. Plaintiff's factual details, outside of being outlined in Plaintiff's complaint, was televised and the roles of each participant of the RICO enterprise is clearly illustrated over three seasons of television programing. At the pleading stage, such well-supported claims must be accepted as true for the purpose of Defendant's motion. Taking the well-plead allegations as true this court cannot grant Defendant the relief it seeks in its Motion to Dismiss and thusly Defendant's motion should be denied in its entirety.

The Complaint makes it clear that Defendant's actions were direct, deliberate and intentional. Defendant's relationship with the other codefendants, specifically Production Defendants and Defendant Combs and his related entities, were not mere purported associations but deep bonds related to the advancement of a criminal organization for an illegal purpose. Plaintiff's complaint has met is burden and plead facts specific to Defendant and Defendant's motion should be dismissed in its entirety. Alternatively, nothing plead in Defendant's motion suggested that Plaintiff could not amend its complaint, nor did Defendant's motion suggest that amendment of any cause of action at this stage is futile.

## ARGUMENT

**The Complaint States Valid Claims for Relief**

Defendant's motion adopts the arguments advanced in the other named Defendants Motions to Dismiss. Plaintiff therefore adopts all of its arguments made in opposition to the other named Defendants Motions to Dismiss and adopts them to this opposition herein.

Defendant asserts that Plaintiff complaint does not allege any facts to connect him with the alleged wrongdoing and only conclusory asserts that the Defendants were part of a "conspiracy," "scheme" or "partnership." This is false. As to Defendant specifically, Plaintiff plead serious conduct of wrongdoing including Defendant falsely asserting he was a lawyer on behalf of Plaintiff and Plaintiff's group "Da Band" and represented Plaintiff, on television none the less, during a contract signing with other Defendants named in Plaintiff's complaint. Plaintiff plead she had never consulted, retained or hired Defendant and only met Defendant minutes before filming began. Plaintiff alleges the contract she signed, on the advice of Defendant, caused her injury and harm and that Defendant intentionally gave her bad advice to sign this contract under false pretenses, that no other group member would be paid, because of his personal involvement and allegiance to the RICO enterprise. Plaintiff's complaint plead that Defendant has maintained employment with one of the Production Defendant entities since his appearance as attorney for Plaintiff on the television show Making the Band. Plaintiff also plead that Defendant has conspicuously absent the timeframe from his resume/CV on LinkedIn 2003-2005, where he appeared as attorney for Plaintiff on the television show Making the Band. Defendant still benefits from the RICO scheme to this day as he has held nonstop and continuous employment with one of the Production Defendant entities since his sham appearance as attorney for Plaintiff on the television show Making the Band. Defendant attempts to clarify his credentials to correct the allegations in Plaintiff's complaint, however this is inappropriate as for

3

the purpose of Defendant's motion as the Court must take all allegations in Plaintiff's complaint as true. Defendant does not allege how Plaintiff knew or could have known that Mickey Carter was just a professional name and not Defendant's legal government name. Defendant's argument would support the inference that Plaintiff lacked this knowledge of Defendant's real name because she did not know him, let alone hire him for legal services on her behalf. Additionally, Defendant asserts his counsel attempted to make these corrections during a phone call but never did counsel follow up with any documents, materials or written confirmation to the information communicated by telephone. Defendant's motion advances he was admitted to the bar in Illinois in 1993 and Indiana in 1996. However, the filming, contracts and acts alleged in Plaintiff's complaint occurred in New York. Defendant does not contend the location of the activities but admits he was not admitted to practice law, then or now, in the State of New York. The representation of Plaintiff on a matter solely related to the State of New York is problematic considering Defendant's admission he has not now nor ever been a member of the bar in New York. Defendant's motion also attempts to advance that Plaintiff did not allege Defendant knew about, witnessed, enabled, or participated in any of the alleged wrongdoing by Mr. Combs. Defendant's participation was filmed and televised so it cannot be disputed. Defendant knew about the wrongdoings of the coconspirator Defendants because he was a member of the RICO enterprise. Defendant cannot make any logical or legal argument as to how he ended up on television representing a client that he did not consult with nor retained or hired him for services other than being a member of the RICO enterprise. Defendant's membership in the RICO enterprise was the reason why he was allowed to pretend to be Plaintiff's lawyer on the television show Making the Band as all coconspirators could only trust the other members of the enterprise to ensure the enterprises true intent would not be revealed.

Defendant advances that Plaintiff failed to make allegations to the existence of a contract between parties. Plaintiff's complaint details all the episodes of Making the Band including the multiple episodes where contracts were presented by multiple Defendants where these contracts were presented and Plaintiff was forced to sign them on the spot, contracts that bound Plaintiff to future unseen contracts. Defendant cannot summarily advance there was no contractual relationship with Plaintiff given the allegations made in Plaintiff's complaint. Plaintiff has plead that Defendant was on television representing her as legal counsel which would inherently imply that a contract must exist between the parties otherwise how could Defendant have allowed himself to be filmed, identified and televised as the attorney for Plaintiff and her group. In evaluating a Motion to Dismiss the Court must also draw all reasonable inference in favor of Plaintiff. The inference that an attorney who is on television advising and representing a client has a contract between them is more than reasonable. Lastly, Defendant attempts to, weakly, argue a statute of limitations defense. This defense should be rejected and denied for all the reasons advanced in Plaintiff's Opposition to the other Defendants to this action Motions to Dismiss and is herein incorporated and adopted as to this Defendant. Plaintiff's complaint alleges Defendant has continued conduct to prevent Plaintiff from redress including continuing to be a member of the RICO enterprise and concealing information that he has related to his representation of her including the contract he advised her to sign based on Defendant's advice that if Plaintiff did not sign the contract then and there none of her group members would be paid. Further, Defendant has maintained continuous employment with one of the Production Defendant entities for the past twenty years. It is easy to determine that Defendant prevented Plaintiff from competent counsel, retaining a copy of the contract and correctly understanding the terms of the agreement and her rights thereto because he was concealing the true intention of

the RICO enterprise that injured Plaintiff, which is alleged in Plaintiff's complaint. Lastly, Defendant's motion asks for Plaintiff's complaint to be denied with prejudice despite advancing no reason or legal argument to why amendment at this very early stage, where Plaintiff has not even amended her complaint once, would be futile or unallowable.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety. Alternatively, Defendant has not plead anywhere in its motion that any cause of action cannot be cured by amendment and Plaintiff requests that if this Court does grant any part of Defendant's motion the Court also grant Plaintiff leave to amend such claim the Court deemed insufficient. Plaintiff further requests any such other relief this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF this 5th day of August 2025, upon all of record.

*Ariel E. Mitchell, Esq.*
Ariel E. Mitchell, Esq.
Florida Bar No. 125714
P.O. Box 12864
Miami, FL 33101
(305) 903-5835
Email service: ariel@arielesq.com
*Attorney for Plaintiff*

## CERTIFICATION OF COMPLIANCE

I hereby certify that the word count of this memorandum of law complies with the word count limits of Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York and Judge Rakoff's Individual Rules. According to the word-processing system used to prepare this memorandum of law and excluding the parts of the document exempted by Rule 7.1, this document contains 1,628 words and 7 pages.

Dated: August 5, 2025

Respectfully submitted,

By: *Ariel E. Mitchell, Esq.*