UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
SARA RIVERS,                                              :
(formerly known as Sara Stokes)                           :
                              Plaintiff,     : Civil Case No.: 25-cv-01726-JSR
    v.                                                    :
                                                       :
                                                       :
SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF, PUFF            :
DADDY, PUFFY, BROTHER LOVE", BAD BOY                     :
ENTERTAINMENT HOLDINGS, INC.,                            :
HARVE PIERRE, TRACY WAPLES,                              :
ALISON STANLEY, CHRIS SAINSBURY,                         :
DEVYNE STEPHENS, NORMA AUGENBLICK,                       :
DEREK WATKINS (a/k/a FONZWORTH BENTLEY),                 :
TONY DOFAT, MICKEY CARTER,                               :
DERIC ANGELETTIE (a/k/a "D.Dot" and                      :
"MADD RAPPER"), JASON WILEY,                             :
BAD BOY ENTERTAINMENT LLC,                               :
PHIL ROBINSON, SHAWN PEREZ,                              :
DADDY'S HOUSE RECORDING STUDIOS,                         :
BAD BOY PRODUCTIONS INC.,                                :
COMBS ENTERPRISES, LLC,                                  :
UNIVERSAL MUSIC GROUP,                                   :
UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP.,:
JANICE COMBS, JANICE COMBS PUBLISHING INC., :
JANICE COMBS PUBLISHING HOLDINGS INC.,                   :
SEAN JOHN CLOTHING LLC.,                                 :
PARAMOUNT GLOBAL, VIACOM,                                :
MTV PRODUCTIONS,                                         :
JACKIE FRENCH, LOU PEARLMAN (estate of),                 :
BUNIM-MURRAY PRODUCTIONS,                                :
TOWNSQUARE MEDIA GROUP,                                  :
JOHN AND JANE DOES 1-50, and                             :
DOE ORGANIZATIONS 1-10                                   :
                                         Defendants.    :
---------------------------------------------------------------------X

## PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FILED BY DEFENDANT PIERRE

Plaintiff, through undersign counsel, hereby submits its Opposition to the Motion to

Dismiss filed by Harve Pierre and states as follows:

## PRELIMINARY STATEMENT

Plaintiff alleged a harrowing account of gender-motivated violence, exploitation, and coercion through a commercial enterprise orchestrated by the Combs Defendants for the benefit of their RICO enterprises and the benefit of the co-conspirators. Plaintiff's Complaint meticulously documents factual detail outlining the structure of the enterprise, the roles of each participant, and the resulting harm. Plaintiff's factual details, outside of being outlined in Plaintiff's complaint, was televised and the roles of each participant of the RICO enterprise is clearly illustrated over three seasons of television programing. At the pleading stage, such well-supported claims must be accepted as true for the purpose of Defendant's motion. Taking the well-plead allegations as true this court cannot grant Defendant the relief it seeks in its Motion to Dismiss and thusly Defendant's motion should be denied in its entirety.

The Complaint makes it clear that Defendant's actions were direct, deliberate and intentional. Defendant's relationship with the other codefendants, specifically Defendant Combs and his related entities, were not mere purported associations but deep bonds related to the advancement of a criminal organization for an illegal purpose. Plaintiff's complaint has met is burden and plead facts specific to Defendant and Defendant's motion should be dismissed in its entirety. Alternatively, nothing plead in Defendant's motion suggested that Plaintiff could not amend its complaint, nor did Defendant's motion suggest that amendment of any cause of action at this stage is futile.

## ARGUMENT

### The Complaint States Valid Claims for Relief

Defendant's motion adopts the arguments advanced in the other named Defendants Motions to Dismiss. Plaintiff therefore adopts all of its arguments made in opposition to the other named Defendants Motions to Dismiss and adopts them to this opposition herein.

Defendant's motion is not a motion but a two-page letter to the Court. Plaintiff advances that the Court should outright disregard any arguments advanced in Defendant's letter as it is not a Motion to Dismiss and not in compliance with any Federal or Local Rule nor did Defendant seek leave to submit his motion alternatively by letter.

Defendant's two-page letter motion lacks any attempt to advance its own argument. Plaintiff can only address the simple claims Defendant advanced in its letter motion. Plaintiff's complaint alleges all the episodes of Making the Band including the multiple episodes where contracts were presented by multiple Defendants where these contracts were presented and Plaintiff was forced to sign them on the spot, contracts that bound Plaintiff to future unseen contracts. Defendant cannot summarily advance there was no contractual relationship with Plaintiff given the allegations made in Plaintiff's complaint. Further, Defendant alleged he had no influence over her career in music despite admitting that Plaintiff's complaint advances he selected Plaintiff as a participant in the group which ultimately began Plaintiff's music career. Defendant was also plead as President of the prestigious "Bad Boy Records" which would infer he would have significant leverage and influence in the music industry which he used to blackball Plaintiff in the music industry. For Defendant's brief letter to say Plaintiff's claims as to Defendant are facially implausible is implausible itself and against the plain language written in Plaintiff's complaint. Defendant's motion asks for Plaintiff's complaint to be denied with prejudice despite advancing no reason or legal argument to why amendment at this very early stage, where Plaintiff has not even amended her complaint once, would be futile or unallowable.

3

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety. Alternatively, Defendant has not plead anywhere in its motion that any cause of action cannot be cured by amendment and Plaintiff requests that if this Court does grant any part of Defendant's motion the Court also grant Plaintiff leave to amend such claim the Court deemed insufficient. Plaintiff further requests any such other relief this Court deems just and equitable.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF this 5th day of August 2025, upon all of record.

*Ariel E. Mitchell, Esq.*
Ariel E. Mitchell, Esq.
Florida Bar No. 125714
P.O. Box 12864
Miami, FL 33101
(305) 903-5835
Email service: ariel@arielesq.com
*Attorney for Plaintiff*

**CERTIFICATION OF COMPLIANCE**

I hereby certify that the word count of this memorandum of law complies with the word count limits of Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York and Judge Rakoff's Individual Rules. According to the word-processing system used to prepare this memorandum of law and excluding the parts of the document exempted by Rule 7.1, this document contains 902 words and 5 pages.

Dated: August 5, 2025

Respectfully submitted,

By: *Ariel E. Mitchell, Esq.*
