**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SARA RIVERS,
(formerly known as Sara Stokes)

        *Plaintiff,*

        -against-

SEAN COMBS a/k/a "P. DIDDY, DIDDY, PUFF,
PUFF DADDY, PUFFY, BROTHER LOVE", BAD
BOY ENTERTAINMENT HOLDINGS, INC., HARVE
PIERRE, TRACY WAPLES, ALISON STANLEY,
CHRIS SAINSBURY, DEVYNE STEPHENS,
NORMA AUGENBLICK, DEREK WATKINS (a/k/a
FONZWORTH BENTLEY), TONY DOFAT, MICKEY
CARTER, DERIC ANGELETTIE (a/k/a "D.Dot" and
"MADD RAPPER"), JASON WILEY, BAD BOY
ENTERTAINMENT LLC, PHIL ROBINSON,
SHAWN PEREZ, DADDY'S HOUSE RECORDING
STUDIOS, BAD BOY PRODUCTIONS INC., COMBS
ENTERPRISES, LLC, UMG RECORDINGS, INC.,
JANICE COMBS, JANICE COMBS PUBLISHING
INC., JANICE COMBS PUBLISHING HOLDINGS
INC., SEAN JOHN CLOTHING LLC., PARAMOUNT
GLOBAL, VIACOM, MTV PRODUCTIONS, JACKIE
FRENCH, LOU PEARLMAN (estate of), BUNIM-
MURRAY PRODUCTIONS, TOWNSQUARE MEDIA
GROUP, JOHN AND JANE DOES 1-50, and DOE
ORGANIZATIONS 1-10

        *Defendants.*

Case No.: 1:25-cv-01726-JSR

**REPLY MEMORANDUM OF
LAW IN SUPPORT OF
DEFENDANT UMG
RECORDINGS, INC.'S
MOTION TO DISMISS THE
COMPLAINT**

**ORAL ARGUMENT
REQUESTED**

**PRYOR CASHMAN LLP**
   Donald S. Zakarin
   William L. Charron
   Nicholas G. Saady
   Nathaniel H. Kazlow
7 Times Square
New York, NY 10036
Tel.: (212) 421-4100
Fax: (212) 798-6307

*Attorneys for UMG Recordings, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .........................................................................................................................3

   I.   RIVERS' NINE REMAINING CLAIMS AGAINST UMGR ARE TIME-BARRED ......3

   a.  Neither Equitable Tolling Nor Duress Tolling Applies ................................................3

   b.  Rivers' RICO Claim (Claim 1) Is Time-Barred .........................................................4

   c.  Rivers' Copyright Infringement Claim (Claim 10) Is Time-Barred ...........................5

   d.  Rivers' Fraud Claim (Claim 12) Is Time-Barred........................................................5

   e.  Rivers Accepts That Her Forced Labor (Claim 3), Right of Publicity (9), Implied
       Covenant (11), and Negligence (13, 14, and 16) Claims Are Time-Barred ......................6

   II. RIVERS FAILS TO STATE ANY CLAIM FOR RELIEF AGAINST UMGR .................6

     a.  Rivers Fails to State a RICO Claim Against UMGR.......................................................6

     b.  Rivers Fails to State a Claim for Forced Labor Under TVPRA ...................................7

     c.  Rivers Fails to State a Claim for Copyright Infringement Against UMGR .................7

     d.   Rivers' Right of Publicity Claim is Deficient and the Unjust Enrichment Claim is
        Duplicative........................................................................................................................8

     e.  Rivers' Breach of Implied Covenant Claim Fails..........................................................8

     f.  Rivers' Fraud Claim Fails for Lack of Particularity ....................................................9

     g.  Rivers' Duplicative Negligence, Negligent Hiring, Training, Supervision, and
        Retention, and Negligent Infliction of Emotional Distress Claims Are Insufficiently
        Pled ...................................................................................................................................9

   III. RIVERS SHOULD NOT BE GIVEN LEAVE TO REPLEAD ......................................10

CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Anora v. Oasia Pro. Mgmt. Grp., Ltd.*,
  No. 19-CV-11732 (LJL), 2021 WL 11114539, at *2 (S.D.N.Y. Aug. 31, 2021)......................7

*Arista Records, LLC v. Doe*,
  604 F.3d 110 (2d Cir. 2010)....................................................................................................6

*Atuahene v. City of Hartford*,
  10 F. App'x 33, 34 (2d Cir. 2001) ..........................................................................................6

*Collins v. Pearson Educ., Inc.*,
  721 F. Supp. 3d 274, 284 (S.D.N.Y. 2024)............................................................................6

*Geiss v. Weinstein Co. Holdings LLC*,
  383 F. Supp. 3d 156, 174–75 (S.D.N.Y. 2019).................................................................3, 4

*Georgia Malone & Co., Inc. v. Rieder*,
  19 N.Y.3d 511, 516 (2012) .....................................................................................................8

*Goldfine v. Sichenzia*,
  118 F. Supp. 2d 392, 396–97 (S.D.N.Y. 2000).......................................................................7

*Mahan v. Roc Nation, LLC*,
  No. 14 CIV. 5075 LGS, 2015 WL 1782095, at *4 (S.D.N.Y. Apr. 15, 2015) .........................5

*McCollum v. Baldwin*,
  688 F. Supp. 3d 117, 131 (S.D.N.Y. 2023)............................................................................9

*Overall v. Est. of Klotz*,
  52 F.3d 398, 405 (2d Cir. 1995).............................................................................................3

*Poulard v. Delphin*,
  No. 24-3015, 2025 WL 1417664, at *1 (2d Cir. May 16, 2025) .............................................5

*Rosario v. 288 St. Nick LLC*,
  10 Misc. 3d 146(A), at *1 (1st Dep't 2006)..........................................................................10

*Smith v. AECOM Tishman*,
  No. 21-CV-02915 (PGG) (SDA), 2022 WL 19410315, at *5 (S.D.N.Y. June
  1, 2022) ...................................................................................................................................7

*Willard v. UP Fintech Holding Ltd.*,
  527 F. Supp. 3d 609, 625 (S.D.N.Y. 2021)..........................................................................10

**<u>Statutes</u>**

17 U.S.C. § 507(b) ..................................................................................................................5

F. R. C. P. § 8(a)(2) ...............................................................................................................6

Defendant UMG Recordings, Inc. ("UMGR") submits this Reply Memorandum of Law in support of its Motion to Dismiss the Complaint ("Complaint" or "Compl.") filed by Plaintiff Sara Rivers ("Rivers") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## **PRELIMINARY STATEMENT**

Rivers' Fifteenth and Seventeenth Claims have been dismissed (her GMVPA claim and her Intentional Infliction of Emotional Distress claim). (*See* ECF No. 173.)   As to the nine remaining claims against UMGR, Rivers' Opposition Brief (ECF No. 167, "Opp.") does not respond to any of the bases for dismissal in UMGR's Motion to Dismiss (ECF No. 133, "Motion" or "Mot."), nor address a single case cited, instead citing a single irrelevant case involving anonymity as to IP addresses.  The Opp. does not show any facts pled in the Complaint satisfying the pleading requirements for the nine remaining claims.  Rivers' Opp. is a plea to permit an amendment where her 1,003 paragraph Complaint has not pled any facts linking UMGR to any alleged wrongful conduct.  The Opp. does not provide any basis for an amendment.

Moreover, UMGR's Motion established that, on their face, all of Rivers' claims against UMGR are long time-barred.  (*See* Mot. at 5-11.)   In addition to being time-barred (and, as discussed below and in UMGR's Motion, suffering from being a "group pleading"), all of Rivers' claims suffer from the following substantive and dispositive flaws:

- RICO (Claim 1): Rivers' Opp. does not identify any predicate acts, continuity, enterprise, operation or management of any alleged enterprise or any loss suffered, making her RICO claim fatally deficient.

- Forced Labor (Claim 3): Rivers' Opp. does not dispute the sworn declaration submitted by UMGR showing that she was ***never*** employed by UMGR, claiming

---

[1] Plaintiff failed to comply with Individual Rule 2(d).

only she "attended meetings" in UMGR's building, creating no employer/employee relationship.

- N.Y. Civil Rights Law Claim (Claim 9): Rivers' Opp. does not dispute that she was not and is not a New York resident, as required to maintain this claim (nor has she shown, nor can she, that the use of her image or voice was not authorized).

- Copyright Infringement (Claim 10): Rivers' Opp. does not support any infringement claim against UMGR (which ceased distributing the allegedly infringing recordings 20 years ago); it is a time-barred ownership claim that has nothing to do with UMGR.

- Breach of Implied Covenant (Claim 11): Rivers' Opp. does not identify any agreement between her and UMGR, as there was none.

- Fraud/Misrepresentation (Claim 12): Rivers' Opp fails to identify anything UMGR said or did (or failed to do) which constitutes fraud or misrepresentation.

- Negligence Claims (Claims 13, 14, and 16): Rivers' Opp. fails to identify any duty owed to Rivers by UMGR or violated by UMGR.

The main focus of Rivers' Opp. is a conclusory argument for tolling the statutes of limitations that bar her claims. But neither the Opp. nor the Complaint identifies any facts to support any tolling. Rivers does not dispute the sworn declaration showing that UMGR has not distributed the recordings allegedly at issue in this case since 2005, making it impossible for her to assert any claim that is not time-barred against UMGR.

Rivers' Opp. fails to rebut, contradict, or even question UMGR's Motion. A complaint is not a vehicle to look for a claim. Here, Plaintiff has no claim against UMGR. The Complaint against UMGR should be dismissed with prejudice.

## ARGUMENT

**I.    RIVERS' NINE REMAINING CLAIMS AGAINST UMGR ARE TIME-BARRED**

### a.   Neither Equitable Tolling Nor Duress Tolling Applies

Rivers' Opp. conclusorily contends that her "[r]elated tort and trafficking claims" are saved by the "equitable tolling" doctrine and that the Court "must accept … duress as [sic] sufficient basis for the tolling doctrine to apply to all claims." (Opp. at 2.)  Rivers does not cite a single case or a single fact to support this assertion.  A plaintiff must plead *specific facts*, not conclusions, to support the alleged basis on which tolling is sought.  Here, the Complaint and Rivers' Opp. fail to identify such facts.

Rivers generically asserts that "duress" should toll the statutes of limitations on all of her claims.  But even her tolling argument is group-pled, nowhere showing UMGR had anything to do with any alleged "duress." (*See, e.g.*, Compl. ¶804 (***"Defendants'*** continuous threats, erratic behavior, coercion and interference with Plaintiff's music career") (emphasis added).)  Further, her "duress" argument is limited to her Third Claim (*id.*), Ninth Claim (*id.* ¶848), Eleventh Claim (*id.* ¶878), and Twelfth Claim (*id.* ¶892).  Thus, even had "duress" been properly and specifically pled — and it is not — it would, at most, apply only to these four claims.

Further, for tolling to apply, "the tortious conduct must continue uninterrupted."  *Overall v. Est. of Klotz*, 52 F.3d 398, 405 (2d Cir. 1995).  But here, Rivers only points to alleged threats by Combs during the filming of MTB2 from 2002 to 2004 (Compl. ¶¶604-07), and nothing from 2005 onward.  She even admits "all Defendants may not have directly threatened coerced, forced or violently threatened [her]" (*id.* ¶749), and nowhere does the Complaint even suggest that UMGR made, ratified, or even knew of any alleged threats. *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 175 (S.D.N.Y. 2019).

Rivers' "equitable tolling" argument is not supported by a single allegation in her Complaint or any facts identified in the Opp. A group pleading cannot support equitable tolling because it requires, *inter alia*, "threats or intimidation against [Plaintiff] **by each defendant** that [Plaintiff] seeks to estop." *Geiss*, 383 F. Supp. 3d at 174–75. The Complaint does not allege any threat by UMGR, nor could it, given that UMGR's "involvement" with this whole matter ceased in 2005 so there is no possibility of "continuity" in any event.

Rivers' Opp. provides no basis for tolling the statutes of limitations.

**b. Rivers' RICO Claim (Claim 1) Is Time-Barred**

Rivers' Opp. seeks to avoid the statute of limitations for her RICO claim by referring to "facts" supposedly made public in Cassie Ventura's 2023 lawsuit. Rivers claims this suit gave rise to "storm warnings" that triggered a "duty to inquire" for UMGR. But inquire about what? The Ventura lawsuit addresses alleged actions between Combs and Ms. Ventura **after** UMGR ceased distributing the Recordings (and after this Complaint's 2002-04 timeframe). The Ventura lawsuit had nothing to do with Plaintiff or UMGR, nor did it assert any claims against UMGR.

Contrary to River's Opp., Ventura's lawsuit did not have "similar allegations to the ones made in Plaintiff's complaint." (Opp. at 2-3.) Ventura asserted no RICO claim. Instead, as the first paragraph of Plaintiff's Complaint alleges, Combs supposedly "subject[ed] [Cassie] to nearly a decade of physical, sexual and emotional abuse punctuated by rape, sex trafficking and being forced to engage in drug fueled nonconsensual sexual encounters with other men." (Compl. ¶1.) Plaintiff alleges no such claim here.

Moreover, the Complaint admits that Rivers was fully aware of all facts giving rise to her alleged RICO claim over twenty years ago, and her claim is time-barred (and, as shown in the Motion and below, the Complaint fails to plead any facts supporting the required elements of a

RICO claim, which suffers as well from being a group pleading). Rivers' RICO claim is both baseless as a matter of law and time-barred.

### c. Rivers' Copyright Infringement Claim (Claim 10) Is Time-Barred

Rivers' Opp. does not dispute that UMGR has not distributed the allegedly infringing recordings since 2005. Any infringement claim against UMGR was time-barred 17 years ago.

Moreover, as shown in the Motion, Rivers' copyright infringement claim is really an inadequately pled declaratory judgment claim for copyright ownership in songs Rivers claims to have co-written. (*See* Compl. ¶¶849-862.) Ownership claims have an absolute three-year statute of limitations (and infringement claims have a rolling three-year statute of limitations). 17 U.S.C. § 507(b). Rivers admits she conveyed her ownership rights over twenty years ago. While UMGR is not involved in any ownership dispute, any copyright claim against UMGR — whether ownership or infringement — is time-barred. *Mahan v. Roc Nation, LLC*, No. 14 CIV. 5075 LGS, 2015 WL 1782095, at *4 (S.D.N.Y. Apr. 15, 2015), *aff'd*, 634 F. App'x 329 (2d Cir. 2016).

### d. Rivers' Fraud Claim (Claim 12) Is Time-Barred

Beyond referencing the irrelevant 2023 Ventura lawsuit, Rivers' Opp. offers nothing that addresses the Motion's bases for dismissal of the fraud claim. Rivers' fraud claim is group-pled, identifying nothing that UMGR did or failed to do that was fraudulent. Rivers' Opp. also fails to show (as does the Complaint) that the alleged fraud could not have been discovered more than two years prior to this Action. *Poulard v. Delphin*, No. 24-3015, 2025 WL 1417664, at *1 (2d Cir. May 16, 2025). On the contrary, the Complaint pleads "facts" known to Rivers for decades. (*See* Mot. at 8.) The 2023 Ventura lawsuit has nothing to do with Rivers' fraud claim.[2]

---

[2] Rivers' contention that UMGR has the burden of "alleg[ing] a date when Plaintiff discovered the fraud [sic] or that date exceeded two years" (Opp. at 3) is simply not the law (and she cites none).

### e.  Rivers Accepts That Her Forced Labor (Claim 3), Right of Publicity (9), Implied Covenant (11), and Negligence (13, 14, and 16) Claims Are Time-Barred

Beyond her tolling "argument," Rivers' Opp. does not even address the Motion's bases for dismissal of her claims for Forced Labor (Claim 3), Right of Publicity (Claim 9), Breach of Implied Covenant (Claim 11), and three duplicative claims of negligence (Claims 13, 14 and 16). As shown in the Motion, the claims are both time-barred and substantively baseless. Dismissal of those claims is appropriate. (*See* Mot. at 5-6 (Forced Labor), 6 (Right of Publicity), 7-8 (Implied Covenant), 8 (Negligence).)

## II.  RIVERS FAILS TO STATE ANY CLAIM FOR RELIEF AGAINST UMGR

Rivers' Opp. contends, without citing a single case, that conclusory allegations, as opposed to facts, should be deemed true. As shown in the Motion, the law is to the contrary and there is not a single fact pled linking UMGR to any wrongful conduct. UMGR distributed the Recordings until 2005. That is not a basis for any of Rivers' claims.[3]

### a.  Rivers Fails to State a RICO Claim Against UMGR

The Motion identifies the required elements for a RICO claim, and the Complaint fails to satisfy any of them. (*See* Mot. at 13-17.) Rivers' Opp., pointing to no facts, claims she "alleged all the requisite elements of a RICO." (Opp. at 5.) She did not. Rivers' contention that "[t]his court MUST take all allegations as true and inferences in favor of Plaintiff" (*id.*) applies to facts, not naked conclusions. The Complaint does not remotely satisfy the RICO requirements, and

---

[3] As shown in the Motion and undisputed in Rivers' Opp, the Complaint should also be dismissed as an improper group pleading. The law in the Circuit is clear: group pleading allegations violate Federal Rule of Civil Procedure 8(a)(2). *See, e.g.*, *Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274, 284 (S.D.N.Y. 2024); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). (*See* Mot. at 11-13.) The one case Rivers cites in her Opp. — *Arista Records, LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010) — has nothing to do with a group pleading. Instead, in the context of a subpoena to obtain the identity of the defendant, it addressed the tension between the First Amendment right to anonymity on the internet and the piercing of that anonymity where the defendant was using his anonymity to infringe. In no way did it address or legitimize group pleadings.

courts are especially vigilant with RICO claims, looking "with particular scrutiny at [c]ivil RICO claims to ensure that the Statute is used for the purposes intended by Congress." *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 396–97 (S.D.N.Y. 2000).

Rivers' RICO claim should be dismissed as against UMGR.

### b. Rivers Fails to State a Claim for Forced Labor Under TVPRA

Rivers' Opp. fails to point to any allegations in the Complaint against UMGR to support any viable forced labor claim against UMGR. (*See* Opp. at 6; Mot. at 17-19.) It is undisputed that Rivers was never employed by UMGR. Rivers' Opp. offers conclusory statements, unpled in the Complaint, that UMGR somehow received benefits from the musical works allegedly owned by Rivers and from Rivers' participation in a television show. But even if this had been pled in the Complaint, it would still not support a "forced labor" claim against UMGR. UMGR never employed and never "obtain[ed] the labor or services of" Rivers and cannot be liable as a perpetrator. *Smith v. AECOM Tishman*, No. 21-CV-02915 (PGG) (SDA), 2022 WL 19410315, at *5 (S.D.N.Y. June 1, 2022).

Further, the Opp. does not even address Rivers' failure to plead any of the requisite elements of a claim for participant liability, as set out in UMGR's Motion. (*See* Mot. at 18 (citing *Anora v. Oasia Pro. Mgmt. Grp., Ltd.*, No. 19-CV-11732 (LJL), 2021 WL 11114539, at *2 (S.D.N.Y. Aug. 31, 2021)).)

Rivers' forced labor claim against UMGR should be dismissed.

### c. Rivers Fails to State a Claim for Copyright Infringement Against UMGR

Rivers' Opp. asserts that due to some alleged fraud and concealment, she was unable to ascertain copyright information (Opp. at 6), but admits she entered into agreements transferring her interest in copyrights. (Compl. ¶¶562, 673.) Aside from being irrelevant to any copyright infringement claim, it has nothing to do with UMGR. Moreover, Rivers' Opp. fails to address the

Motion's substantive bases for dismissal. Rivers does not identify any copyright registration for the songs she claims she co-wrote. She admits she is at most a co-owner of the alleged copyrights and does not contend that UMGR's exploitation (which ceased 20 years ago) was not authorized by the co-owners. (*See* Mot. at 20-21.) The infringement claim is both time-barred and baseless and should be dismissed.

### d. Rivers' Right of Publicity Claim is Deficient and the Unjust Enrichment Claim is Duplicative

Rivers' Opp. mistakenly "responds" to UMGR's Motion addressed to her N.Y. Civil Rights Law claim under the "Copyright Infringement" heading. That mistake aside, her Opp. fails to address the bases for the Motion. She asserts that the use of her name and image in connection with a television show and two albums (from 20 years ago) are sufficient to plead her claim. (Opp. at 6-7.) But the Complaint admits Rivers consented to be on MTB2 and to record the Album and Soundtrack, so the use of her name and image (and voice) are all authorized. And nowhere does she respond to the four bases (beyond the claim being time-barred) addressed in UMGR's Motion. (*See* Mot. at 19.) Rivers has failed to plead a viable N.Y. Civil Rights Law claim.

Rivers retroactively tries to argue that she pled this claim in the alternative as an unjust enrichment claim, which she did not (it is a separate, duplicative claim). Even assuming Rivers could unilaterally amend her Complaint, any unjust enrichment claim is time-barred and still she failed to plead any of the elements of an unjust enrichment claim. *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (citation and internal quotations omitted).

### e. Rivers' Breach of Implied Covenant Claim Fails

Rivers' Opp. argues that it is premature to dismiss her breach of implied covenant claim because, having signed "many contracts" she cannot presently identify any contract with UMGR. (Opp. at 7.) But Rivers cannot use a Complaint to look for a claim. Rivers' Opp. admits she has

no basis for any implied covenant claim (and there is no contract with UMGR). The claim should be dismissed. (*See* Mot. at 21.)

### f. Rivers' Fraud Claim Fails for Lack of Particularity

Rivers' Opp. does not dispute that her fraud claim lacks particularity. Trying to breathe life into a group-pled and time-barred claim, Rivers points only to a group-pled assertion that an unspecified "Defendant committed fraud in the inducement using stardom in both television and music to lure unsuspecting victims." (Opp. at 8.) Calling her participation in MTB2, a program that existed, a "ruse," twenty years after the fact, does not remotely plead a fraud claim against UMGR, which was not involved in the show, only in distributing certain albums. (*See* Mot. at 21-22.)

### g. Rivers' Duplicative Negligence, Negligent Hiring, Training, Supervision, and Retention, and Negligent Infliction of Emotional Distress Claims Are Insufficiently Pled

Rivers' Opp. creates a non-pleaded assertion that UMGR was somehow transformed into her employer because she had a "record contract" with the "Combs Defendants," and was in "constant meetings" at an unspecified "Defendant's offices." (Opp. at 8-9.) The location of meetings is irrelevant, and Rivers' "house that Jack built" argument fails as it is undisputed that (i) Rivers had no contract with UMGR, and (ii) neither she nor Combs was employed by UMGR. (Hanna Decl. (ECF No. 134) ¶¶4-5.) UMGR had no duty to Rivers and did not breach any non-existent duty, as is required to state a negligence, negligent hiring, or NIED claim. *McCollum v. Baldwin*, 688 F. Supp. 3d 117, 131 (S.D.N.Y. 2023).

In a bizarre argument, Rivers' Opp. asserts that Combs forcing Rivers to walk to Junior's to buy cheesecake was so malevolent that UMGR could have foreseen the alleged harm and distress Rivers now claims she suffered. (Opp. at 8.) Aside from the lack of duty, Rivers' Opp.

also fails to identify any negligent act, omission, or extreme and outrageous conduct by UMGR. *Rosario v. 288 St. Nick LLC*, 10 Misc. 3d 146(A), at *1 (1st Dep't 2006) (per curiam).

Finally, Rivers' Opp. also does not deal with her failure to plead the requisite elements of her negligent hiring, training, supervision, and retention claim. (*See* Mot. at 23.) The negligence claims against UMGR are baseless and should be dismissed.

## III.    RIVERS SHOULD NOT BE GIVEN LEAVE TO REPLEAD

As noted above, more than anything, Rivers' Opp. is a plea to be allowed to amend. But already she has not been able to plead a claim in 1,003 paragraphs, and her Opp. fails to identify any facts supporting a viable claim against UMGR. Amendment would be futile. *Willard v. UP Fintech Holding Ltd.*, 527 F. Supp. 3d 609, 625 (S.D.N.Y. 2021) (citations omitted).[4]

## CONCLUSION

For the reasons set forth in the Motion and herein, UMGR requests that Rivers' claims against UMGR be dismissed with prejudice.

Dated: New York, New York
     August 6, 2025

                **PRYOR CASHMAN LLP**

By: _____
        Donald S. Zakarin
        William L. Charron
        Nicholas G. Saady
        Nathaniel H. Kazlow
7 Times Square
New York, New York 10036
(212) 421-4100
dzakarin@pryorcashman.com

*Attorneys for UMG Recordings, Inc.*

---

[4] Rivers claims that UMGR's Motion point headings concede a basis for amendment. (Opp. at 9.) That is absurd. The Motion makes clear that Rivers has no basis for any claim against UMGR and amendment would be futile.

## <u>CERTIFICATION OF COMPLIANCE</u>

I hereby certify that the word count of this memorandum of law complies with the word count limits of Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York and Judge Rakoff's Individual Rules. According to the word-processing system used to prepare this memorandum of law and excluding the parts of the document exempted by Rule 7.1 and Judge Rakoff's Individual Rules, this document contains 3,083 words.

Dated: August 6, 2025

By: _____

Nicholas G. Saady

*Attorneys for UMG Recordings, Inc.*