UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
SARA RIVERS,  :
 :
                Plaintiff, : No. 25 Civ. 1726 (JSR)
 :
     - against -  :
 :
SEAN COMBS, *et al.*, :
 :
                Defendants. :
---------------------------------------------------------------- x

**PRODUCTION DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS**

DAVIS WRIGHT TREMAINE LLP
Geoffrey S. Brounell
Francesca Reifer
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
Phone: (212) 489-8230
geoffreybrounell@dwt.com
francescareifer@dwt.com

*Attorneys for Defendants Bunim-Murray
Productions, Paramount Global, Viacom,
and MTV Productions*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    A.    Plaintiff's Claims Are All Barred by The Applicable Statutes of Limitations ....... 2

        1.    No Equitable Doctrines Apply ................................................................... 2

        2.    Plaintiff's Claims Accrued No Later than 2004 ........................................ 4

        3.    Plaintiff's Claims Were Discoverable Prior to Third-Party Litigation ....... 4

    B.    In the Alternative, Plaintiff Fails to State a Claim .................................................. 5

        1.    Plaintiff Fails to State a Claim under RICO ............................................... 5

        2.    Plaintiff Fails to State a Claim for Forced Labor under the TVPRA .......... 6

        3.    Plaintiff Fails to State a Claim for Battery/Sexual Battery ......................... 6

        4.    Plaintiff Fails to State a Claim for Violation of the Right of Publicity ...... 7

        5.    Plaintiff Fails to State a Claim for Copyright Infringement ....................... 8

        6.    Plaintiff Fails to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing ........................................................................ 8

        7.    Plaintiff Fails to State a Claim for Fraud/Intentional Misrepresentation/False Promise .............................................................. 8

        8.    Plaintiff Fails to State a Claim for Negligent Hiring, Training, Supervision, or Retention ........................................................................... 9

    C.    The Court Should Deny Leave to Amend ............................................................. 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Fed. Ins. Co. v. Cnty. of Westchester*,
   921 F. Supp. 1136 (S.D.N.Y. 1996).................................................................................1

*Ferring B.V. v. Allergan*,
   4 F. Supp. 3d 612 (S.D.N.Y. 2014) ................................................................................10

*Kim v. Kimm*,
   884 F.3d 98 (2d Cir. 2018)................................................................................................9

*L.C. v. Archdiocese*,
   No. 950479/2020 (AMT), 2022 WL 5188051 (Sup. Ct. N.Y. Cnty. Sept. 30, 2022) ...............7

*Lemerond v. Fox*,
   No. 07cv4635 (LAP), 2008 WL 918579 (S.D.N.Y. Mar. 31, 2008) .........................................7

*Letren v. Big Fish*,
   No. 152173/2020 (PH), 2021 WL 2028584 (Sup. Ct. N.Y. Cnty. May 21, 2021)....................9

*Morales v. N.Y. Univ.*,
   585 F. Supp. 3d 610 (S.D.N.Y. 2022)..........................................................................9, 10

*Napoli v. Nat'l Surety Corp.*,
   21-CV-9279 (JSR)(RWL), 2022 WL 1943776 (S.D.N.Y. May 19, 2022),
   *aff'd*, No. 21-cv-9279 (JSR)(RWL), 2023 WL 2320332 (2d Cir. Mar. 2, 2023)...................6, 9

*Rouviere v. Howmedica*,
   645 F. Supp. 3d 157 (S.D.N.Y. 2022), *aff'd*, 2024 WL 1478577 (2d Cir. Apr. 5, 2024),
   *appeal filed on other grounds*, No. 25-1542 (2d Cir. June 20, 2025).........................................3

*Sejin Precision Industry Co., Ltd. v. Citibank*,
   235 F. Supp. 3d 542 (S.D.N.Y. 2016)..........................................................................2, 3

*Twersky v. Yeshiva Univ.*,
   993 F. Supp. 2d 429 (S.D.N.Y. 2014), *denying reconsideration*, No. 13cv4679 (JGK),
   2015 WL 4111837 (S.D.N.Y. July 8, 2015) ...................................................................3, 4

**Federal Statutes**

Racketeer Influenced and Corrupt Organizations Act (RICO)............................................4, 5, 6, 8

**Rules**

Fed. R. Civ. P.
  8..................................................................................................................................1, 5, 10
  9(b).......................................................................................................................................5, 8
  12(b)(6) ............................................................................................................................1, 9, 10

Production Defendants respectfully submit this Reply in further support of their Motion to Dismiss with prejudice the claims asserted against them pursuant to Rule 8 and Rule 12(b)(6).[1]

## PRELIMINARY STATEMENT

Plaintiff's Opposition does not contain a single citation to legal authority. Nor does it contain a single citation to any of the 1,000+ paragraphs of Plaintiff's own pleading. Respectfully, the Court's analysis can begin and end on this defect alone. As this Court has observed: "under the adversary system, it is counsel's responsibility to explain why th[eir] points have legal merit; the Court does not serve as counsel's law clerk." *Fed. Ins. Co. v. Cnty. of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996).

In any event, there is no legal merit to the Opposition. As previously explained, all of the claims asserted against the Production Defendants are time-barred. Plaintiff's chief explanation appears to be that because the "concept of reality television was in its infancy . . . Plaintiff did not learn of her injuries until 2023." Opp'n (ECF No. 168) at 3. This makes no sense—neither as a matter of fact nor law—and cannot save any of Plaintiff's claims. In the alternative, each cause of action may also be dismissed for failing to state a claim. The Opposition does not address any of the legal arguments made by Production Defendants in their moving papers, instead opting for vague and conclusory contrary assertions. For either of these reasons, the Court should grant the Rule 12(b)(6) Motion and dismiss with prejudice.

Finally, Plaintiff's request to file an amended complaint should be denied as futile. Plaintiff has already pleaded more than a thousand paragraphs of facts and does not identify any

---

[1] Production Defendants respectfully adopt the definitions set forth in their memorandum of law in support of their Motion to Dismiss the Complaint, filed June 23, 2025 (ECF No. 131) ("Mem.").

1

new facts that could be alleged to save her claims, despite being given ample opportunity to do so. The Court should dismiss the claims asserted against the Production Defendants with prejudice.

## ARGUMENT[2]

### A. Plaintiff's Claims Are All Barred by The Applicable Statutes of Limitations

All of the claims asserted against the Production Defendants are time-barred and should be dismissed with prejudice. *See* Mem. at 7-9. Plaintiff does not—because she cannot—dispute that she filed all her claims after the applicable statute of limitations. Instead, Plaintiff argues that: (1) her claims are nevertheless timely pursuant to equitable estoppel; (2) the claims did not accrue until 2023; and (3) she was unable to discover specific claims until she learned of other litigation surrounding Defendant Combs. Each contention, addressed in turn below, lacks merit.

#### 1. No Equitable Doctrines Apply

As an initial matter, Plaintiff appears to confuse equitable estoppel with equitable tolling. The Complaint refers to equitable estoppel, *see* Compl. ¶¶ 804, 816, 823, 828, 833, 841, 848, 878, 892, while the Opposition refers to both equitable tolling and estoppel, *see* Opp'n at 3-4 (equitable tolling), 5-6 (equitable estoppel). As explained by Production Defendants, these are two entirely distinct concepts. *See* Mem. at 10-13 and 13 n.7. Regardless, neither applies here.

First, equitable tolling—the doctrine now invoked in the Opposition—plainly does not apply. Equitable tolling "permits a plaintiff to avoid the effect of a statute of limitations 'if despite all due diligence [s]he is unable to obtain vital information bearing on the existence of h[er] claim.'" *Sejin Precision Industry Co., Ltd. v. Citibank*, 235 F. Supp. 3d 542, 553 (S.D.N.Y. 2016) (citation omitted). Plaintiff does not set forth any facts in either her Complaint or Opposition that assert she could not obtain vital information related to her claims. Further, as this Court has held,

---

[2] Production Defendants do not address the GVMA or IIED claims, since Plaintiff has stipulated to their dismissal. *See* ECF Nos. 173 and 174.

2

"'the doctrine of equitable tolling is not available in state causes of action in New York'"—and all but a few of Plaintiff's claims against Production Defendants are state claims. *Id.* (quoting *Jang Ho Choi v. Beautri Realty Corp.*, 135 A.D.3d 451, 452 (1st Dep't 2016)).

Second, equitable estoppel is also inapplicable on these facts. Equitable estoppel only applies when a plaintiff is prevented from filing an action due to a reasonable reliance on deception, fraud, or misrepresentations by the defendant. *See* Mem. at 10-11. There are no allegations of deception, fraud, or misrepresentation by the Production Defendants in the Complaint. *See* Mem. at 10-13. To the contrary, Plaintiff alleges that she has not heard from Production Defendants since early 2004 at the latest, Compl. ¶ 679, which pleads herself out of establishing that they took actions keeping her from bringing suit as a matter of law, Mem. at 11-12. Plaintiff argues that Production Defendants deceived her by leading her to believe that they "were a credible media platform" and that "she would be safe from harm, exploitation, danger, harassment, forced labor, and the alike [sic] while a participant on the television program." Opp'n at 6. But these allegations—which are not even pleaded in her Complaint—fall far short of establishing the sort of misrepresentations required for equitable estoppel. *See*, *e.g.*, *Rouviere v. Howmedica*, 645 F. Supp. 3d 157, 177-78 (S.D.N.Y. 2022) (holding equitable estoppel did not apply where "[p]laintiffs d[id] not allege that any of these statements or concealments were specifically directed at [p]laintiffs or, even more specifically, directed at preventing [p]laintiffs from timely filing suit"), *aff'd*, 2024 WL 1478577 (2d Cir. Apr. 5, 2024), *appeal filed on other grounds*, No. 25-1542 (2d Cir. June 20, 2025); *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 446–47 (S.D.N.Y. 2014) (no equitable estoppel as a matter of law where plaintiffs "fail[ed] to specify the content of the misrepresentations that were made, the timing of the misrepresentations, how the plaintiffs reasonably relied on the misrepresentations, and how the plaintiffs exercised

3

due diligence in bringing the current Complaint"), *denying reconsideration*, No. 13cv4679 (JGK), 2015 WL 4111837 (S.D.N.Y. July 8, 2015).[3]

### 2. Plaintiff's Claims Accrued No Later than 2004

Plaintiff next argues that "[t]here would have been no complete cause of action in 2004 because Plaintiff did not learn of her injuries until 2023 and due to the infancy of the reality tv industry it would have been impossible to discover her injuries in 2004." Opp'n at 3-4. This argument simply makes no sense and—unsurprisingly—finds no basis in the law. Almost all of Plaintiff's claims, including her claims for violation of the TVPRA, battery, violation of the right of publicity, breach of the implied covenant of good faith and fair dealing, fraud/intentional misrepresentation/false promise, negligence, negligent hiring, training, supervision, and retention, and negligent infliction of emotional distress accrued when she had a complete cause of action, not when she allegedly discovered any injury. *See* Mem. at 8 n.3. And for the remaining claims, namely her RICO and copyright claims, there is no logical connection as to why the "infancy" of reality television delayed her discovery of the associated claim.

### 3. Plaintiff's Claims Were Discoverable Prior to Third-Party Litigation

Finally, Plaintiff alleges that she could not have "discovered" her claims for a RICO violation, copyright infringement, and fraud until Cassie Ventura and/or others filed their complaints. This argument—like the others—fails as a matter of law and Plaintiff (again) cites to no authority to support her position. *See* Opp'n at 4. As a matter of common sense, this argument actually proves the opposite: that other people similarly situated to Plaintiff discovered their

---

[3] As noted in Production Defendants' Motion to Dismiss, Plaintiff's Complaint does not raise equitable estoppel with respect to her claims for: (1) a RICO violation, (2) copyright infringement, (3) negligent hiring, training, supervision, and retention, (4) negligence, and (5) NIED. As in the Complaint, the Opposition does not provide any explanation for ignoring the statutes of limitations for these claims and, as such, they should be dismissed with prejudice.

4

claims and filed suit demonstrates that Plaintiff could have learned of and brought her own claims earlier in time if she had acted diligently. The law is not, and cannot be, that a claim does not accrue until a similarly situated person initiates litigation like Plaintiff contends.

### B.  In the Alternative, Plaintiff Fails to State a Claim

Even if Plaintiff's claims were not time-barred (which they plainly are), they should still be dismissed with prejudice for failing to state a claim. Because the Complaint did not specify which allegations applied to which claim and referred to all thirty defendants collectively without specifying actions, Production Defendants made a good-faith effort to attempt to assess the basis for Plaintiff's causes of action. This effort was both difficult, time-consuming, and wasteful. It certainly does not transform the Complaint out from being an impermissible shotgun pleading or relieve Plaintiff from Rule 8's requirements. Independently, Plaintiff also fails to state a claim for the reasons stated below.

#### 1.  Plaintiff Fails to State a Claim under RICO

Plaintiff fails to meaningfully address the argument that her RICO claim fails because she does not adequately allege either a violation of the RICO statute or causation.

First, Production Defendants argued that Plaintiff did not allege a RICO violation because: (1) she did not plead her mail or wire fraud claims with specificity as required by Rule 9(b) or allege facts sufficient to give rise to an inference of fraudulent intent; and (2) she did not plead a pattern of racketeering activity because she cannot meet the continuity requirement. Mem. at 14-16. In her Opposition, Plaintiff does not cite to any allegations that suggest Production Defendants made fraudulent statements to support her wire fraud claim and further does not point to any allegations giving a strong rise to fraudulent intent. Similarly, regarding the continuity requirement, Plaintiff does not address the case law that she must allege an "open-ended" pattern of continuing criminal conduct—a "close-ended" one will not suffice, see Mem. at 15, or cite to

5

any allegations of ongoing conduct by Production Defendants. Instead, Plaintiff makes broad and unsupported statements regarding the alleged RICO conspiracy, which fail to meaningfully challenge the arguments made in Production Defendants' Motion.

Second, Production Defendants argued that Plaintiff did not allege any injury to business or property. Opp'n at 16. Plaintiff does not address her alleged injury in her Opposition, and therefore concedes this point. The RICO claim may be dismissed on this basis alone. *See Napoli v. Nat'l Surety Corp.*, 21-CV-9279 (JSR)(RWL), 2022 WL 1943776, at *6 (S.D.N.Y. May 19, 2022) (stating that arguments not addressed in an opposition are deemed conceded) (citing cases), *aff'd*, No. 21-cv-9279 (JSR)(RWL), 2023 WL 2320332 (2d Cir. Mar. 2, 2023).

## 2. Plaintiff Fails to State a Claim for Forced Labor under the TVPRA

Plaintiff fails to state a claim under the TVPRA because she: (1) does not allege conduct actionable under the TVPRA's civil amendment, which does not apply retroactively, and (2) does not adequately allege the elements of a forced labor claim. The Opposition does not address the argument that most, if not all, of the conduct Plaintiff alleges while participating in MTB2 is not actionable under the TVPRA because it occurred before December 2003. *See* Mem. at 16-17 (citing *Velez v. Sanchez*, 693 F.3d 308, 324–25 (2d Cir. 2012)). Again, the failure to respond to this argument concedes this point. *See Napoli*, 2022 WL 1943776, at *6. The Opposition otherwise makes only conclusory statements and contains no citations to law or allegations to establish that Plaintiff alleges any of the necessary elements of a TVPRA claim.

## 3. Plaintiff Fails to State a Claim for Battery/Sexual Battery

In their Motion, Production Defendants argued that: (1) Plaintiff did not allege that Defendant Combs was an employee of Production Defendants, and (2) any alleged sexual assault would not fall within the scope of any alleged employment. As to the first point, Plaintiff does not cite to any allegations in her Complaint that alleges the requisite employer-employee relationship.

6

To the second point, Production Defendants cited authority providing that "[i]t is well-settled that a sexual assault is not in furtherance of a defendant's business and cannot be considered as being within the scope of employment." *L.C. v. Archdiocese*, No. 950479/2020 (AMT), 2022 WL 5188051, at *1 (Sup. Ct. N.Y. Cnty. Sept. 30, 2022); *see also*, *e.g.*, Mem. at 19 (citing additional authority). Plaintiff does not address this case law and instead merely asserts, in a conclusory fashion and without any citation to authority, that she has adequately alleged the elements of her battery/sexual assault claim. The Court should dismiss this claim with prejudice.

### 4. Plaintiff Fails to State a Claim for Violation of the Right of Publicity

As argued in Production Defendants' Motion, Plaintiff's claim for violation of the right of publicity is barred by the significant constitutional protection for speech on matters of public concern under New York and federal constitutional law. In support of their argument, Production Defendants cited case law that the right of publicity cannot conflict with the free dissemination of newsworthy events, and that "newsworthiness" and "public interest" are "broadly construed" and include "all types of factual, educational and historical data, or even entertainment and amusement, concerning interesting phases of human activity in general." Mem. at 20-21 (internal quotes omitted) (collecting cases).[4] In response, Plaintiff asserts, without citation to legal authority, that Defendants may not raise the newsworthiness exception because they "are not some news organization that was simply reporting on newsworthy events." Opp'n at 9. This is plainly incorrect and ignores the case law cited by Production Defendants holding that newsworthiness includes data for entertainment and amusement. Mem. at 20-21. Plaintiff does not address any of

---

[4] Plaintiff also asserts, without authority, that the newsworthiness exception is not properly raised in a motion to dismiss. This is incorrect. *See Lemerond v. Fox*, No. 07cv4635 (LAP), 2008 WL 918579, at *3 (S.D.N.Y. Mar. 31, 2008) (granting motion to dismiss based on newsworthiness exception).

7

this case law in her Opposition and raises no meaningful argument in response to Production Defendants' Motion. Accordingly, the Court should dismiss with prejudice Plaintiff's claim for violation of the right of publicity.

### 5. Plaintiff Fails to State a Claim for Copyright Infringement

A copyright claimant must have a registered copyright. *See* Mem. at 21. Plaintiff does not allege a registered copyright, as she concedes in her Opposition. Opp'n at 10. While Plaintiff asserts that she does not have a copyright pursuant to a "RICO enterprise" that "engage[d] in a fraudulent scheme to conceal the copyright," she cites no legal authority to support that such allegations overcome the requirement of a copyright registration—because there is none. For this reason, the Court must dismiss her claim for copyright infringement. *See* Mem. at 21.

### 6. Plaintiff Fails to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

The claim for breach of the implied covenant of good faith and fair dealing fails because she does not provide *any* details regarding the underlying contract. While Plaintiff alleges that she does not have the contracts that serve as the basis of her claim, without even summary details of the underlying contracts, it is impossible for both Production Defendants and the Court to determine whether Plaintiff can allege a viable claim for the implied covenant. And further, because Plaintiff states that, without the contracts, she cannot allege any new facts to this claim, leave to amend would be futile and the Court should dismiss it with prejudice.

### 7. Plaintiff Fails to State a Claim for Fraud/Intentional Misrepresentation/False Promise

These claims should all be dismissed for failing to satisfy Rule 9(b). Indeed, Plaintiff concedes that she fails to satisfy Rule 9(b), but states that she cannot provide further specificity because she was not present when any alleged fraudulent statements were made. Opp'n at 11. By making this argument, Plaintiff admits that she has no knowledge of any alleged

8

misrepresentations made by Production Defendants and therefore has no basis for this claim. For this reason, granting leave to amend would also be futile. The Court should dismiss this claim with prejudice.

### 8. Plaintiff Fails to State a Claim for Negligent Hiring, Training, Supervision, or Retention[5]

Plaintiff fails to adequately allege negligent hiring, training, supervision, or retention. Again, Plaintiff asserts that she pleaded the required employer-employee relationship but does not cite to any allegations in her Complaint. Plaintiff also asserts, without citation to legal authority, that the torts against Plaintiff were committed with Production Defendants' chattels because Production Defendants "controlled and owned" Plaintiff's airfare and lodging accommodations. Case law, however, contradicts Plaintiff's argument. *See Letren v. Big Fish*, No. 152173/2020 (PH), 2021 WL 2028584, at *2 (Sup. Ct. N.Y. Cnty. May 21, 2021) (dismissing claims for not being committed with employer's chattel because "the tort was committed in a hotel, not the place of business").

### C. The Court Should Deny Leave to Amend

The Court should not grant Plaintiff leave to amend because amendment would be futile. "It is well established that leave to amend a complaint need not be granted when amendment would be futile." *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (internal quotes omitted). "A proposed amendment is futile when it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Morales v. N.Y. Univ.*, 585 F. Supp. 3d 610, 613 (S.D.N.Y. 2022) (internal quotes omitted). "Thus,

---

[5] Although Plaintiff's heading for the section addressing negligent hiring, training, supervision, and retention also includes her claims for negligence and NIED, she does not substantively address Production Defendants' arguments related to her negligence and NIED claims in her Opposition. *See* Opp'n at 11-12. Accordingly, Plaintiff concedes that the Court should dismiss these claims. *See Napoli*, 2022 WL 1943776, at *6.

9

a court must review whether an amendment adds any new facts, accepted as true, that 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, leave to amend would be futile as Plaintiff does not identify any new facts that would make her claims timely or enable her to state a claim for relief. *See Ferring B.V. v. Allergan*, 4 F. Supp. 3d 612, 618-19 (S.D.N.Y. 2014) (stating leave to amend is futile where claims are dismissed as time-barred) (citing cases). Indeed, for several claims—such as the claims for breach of the implied covenant and fraud—Plaintiff concedes that she is not aware of any additional facts that she could allege in support of her claims. Opp'n at 10-11. Plaintiff's failure to cite to any case law in her Opposition or meaningfully rebut any of the legal arguments raised in Production Defendants' Motion demonstrates that she has no new facts or legal theories to allege that could save any of her claims. Indeed, Plaintiff's Complaint is already over 1,000 paragraphs long and parses through each episode of the MTB2 series Plaintiff participated in—it is difficult to imagine what additional facts Plaintiff could include if granted leave to amend (and the Opposition does not identify any). Because any leave to amend would therefore be futile, the Court should dismiss the claims against Production Defendants with prejudice.

## CONCLUSION

For the foregoing reasons, Production Defendants respectfully request that the Court dismiss the claims asserted against them with prejudice pursuant to Rule 8 and Rule 12(b)(6).

Dated: New York, New York  
August 6, 2025

DAVIS WRIGHT TREMAINE LLP

Respectfully Submitted,

By: */s/ Geoffrey S. Brounell*  
Geoffrey S. Brounell  
Francesca Reifer

10

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATIONS**

I hereby certify that the word count of this reply complies with the word limits of Local Civil Rule 7.1(c) and Justice Rakoff's Individual Rules. According to the word-processing system used to prepare this reply, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) and Justice Rakoff's Individual Rules is 3,218 words.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:   August 6, 2025
         New York, New York

                                                    */s/ Geoffrey S. Brounell*
                                                    Geoffrey S. Brounell