**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SARA RIVERS (formerly known as Sara Stokes),

                            Plaintiff,

            v.

SEAN COMBS (a/k/a "P. DIDDY, DIDDY, PUFF,
PUFF DADDY, PUFFY, BROTHER LOVE"),
BAD BOY ENTERTAINMENT HOLDINGS,
INC., HARVE PIERRE, TRACY WAPLES,
ALISON STANLEY, CHRIS SAINSBURY,
DEVYNE STEPHENS, MORMA AUGENBLICK,
DEREK WATKINS (a/k/a FONZWORTH
BENTLEY), TONY DOFAT, MICKEY CARTER,
DERIC ANGELETTIE (a/k/a/ "D.Dot" and
"MADD RAPPER"), JASON WILEY, BAD BOY
ENTERTAINMENT LLC, PHIL ROBINSON,
SHAWN PEREZ, DADDY'S HOUSE
RECORDING STUDIO, BAD BOY
PRODUCTIONS INC., COMBS ENTERPRISES,
LLC, UNIVERSAL MUSIC GROUP,
UNIVERSAL MUSIC & VIDEO DISTRIBUTION
CORP., JANICE COMBS, JANICE COMBS
PUBLISHING INC., JANICE COMBS
PUBLISHING HOLDINGS INC., SEAN JOHN
CLOTHING LLC., PARAMOUNT GLOBAL,
VIACOM, MTV PRODUCTIONS, JACKIE
FRENCH, LOU PEARLMAN (estate of), BUNIM-
MURRAY PRODICTIONS, TOWNSQUARE
MEDIA GROUP, JOHN AND JANE DOES 1-50,
and DOE ORGANIZATIONS 1-10,

                            Defendants.

Case No. 25-CV-01726 (JSR)

**Oral Argument Requested**

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**COMBS DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ...................................................................................................................... 1

I.  ALL OF PLAINTIFF'S CLAIMS ARE TIME-BARRED ...................................... 1

A.  No Tolling Doctrine Saves Plaintiff's Time-Barred Claims ....................... 1

B.  Plaintiff's RICO, Copyright, and Fraud Claims Are Also Time-Barred ................................................................................................. 2

C.  The GMVL's Revival Provision Is Preempted by the CVA And ASA .................................................................................................. 3

II.  FOURTEEN COAS ARE BASED ON IMPROPER GROUP PLEADINGS ......................................................................................... 4

III.  PLAINTIFF HAS FAILED TO STATE A RICO CLAIM ................................... 5

IV.  PLAINTIFF HAS FAILED TO STATE A TVPRA CLAIM ................................ 6

V.  PLAINTIFF FAILS TO STATE A GMVL CLAIM ............................................. 6

VI.  PLAINTIFF FAILS TO STATE NYSHRL AND NYCHRL CLAIMS ............... 7

VII.  PLAINTIFF FAILS TO STATE A RIGHT OF PUBLICITY CLAIM ................. 7

VIII.  PLAINTIFF FAILS TO STATE A COPYRIGHT INFRINGEMENT CLAIM ................................................................................................. 8

IX.  PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS ................................ 8

X.  PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD ................................... 8

XI.  TORTIOUS AND NEGLIGENT INTERFERENCE CLAIMS ARE DEFICIENT ......................................................................................... 8

XII.  PLAINTIFF FAILS TO STATE CLAIMS FOR INTENTIONAL TORTS .......... 9

XIII.  PLAINTIFF FAILS TO PLEAD CLAIMS SOUNDING IN NEGLIGENCE ....................................................................................... 9

CONCLUSION .................................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arista Records, LLC v. Doe*,
   604 F.3d 110 (2d Cir. 2010).................................................................................. 4, 5

*Atuahene v. City of Hartford*,
   10 F. App'x 33 (2d Cir. 2001) ................................................................................ 4

*Bellino v. Tallarico*,
   No. 24-CV-0712, 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024)........................... 4, 6

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
   69 F. Supp. 3d 342 (S.D.N.Y. 2014)..................................................................... 5

*D. Penguin Bros. v. City Nat. Bank*,
   587 F. App'x 663 (2d Cir. 2014) ........................................................................... 5

*Ferring B.V. v. Allergan, Inc.*,
   4 F. Supp. 3d 612 (S.D.N.Y. 2014)....................................................................... 10

*Francisco v. Abengoa, S.A.*,
   559 F. Supp. 3d 286 (S.D.N.Y. 2021)................................................................... 3

*Geiss v. Weinstein Co. Holdings LLC*,
   383 F. Supp. 3d 156 (S.D.N.Y. 2019)................................................................... 1

*Gilmore v. Combs*,
   No. 24-CV-8440 (JPO), 2025 WL 1425326 (S.D.N.Y. May 16, 2025) ................. 2

*Guzzone v. Zazza*,
   No. 19-CV-6202, 2024 WL 1345660 (E.D.N.Y. Mar. 29, 2024).......................... 3

*Hadami, S.A. v. Xerox Corp.*,
   272 F. Supp. 3d 587 (S.D.N.Y. 2017)................................................................... 8

*JPMorgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*,
   710 F. Supp. 3d 259 (S.D.N.Y. 2024)................................................................... 9

*McKenzie v. Artists Rts. Soc'y, Inc.*,
   757 F. Supp. 3d 427 (S.D.N.Y. 2024)................................................................... 3

*Musiello v. CBS Corp.*,
   518 F. Supp. 3d 782 (S.D.N.Y. 2021)................................................................... 7

*Palazzo ex rel. Delmage v. Corio*,
    232 F.3d 38 (2d Cir. 2000)...................................................................................................... 8

*Parker v. Alexander*,
    No. 24-CV-4813, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ................................................ 4

*PK Music Performance, Inc. v. Timberlake*,
    No. 16-CV-1215, 2018 WL 4759737 (S.D.N.Y. Sept. 30, 2018)............................................ 3

*Rossbach v. Montefiore Med. Ctr.*,
    No. 19-CV-5758, 2021 WL 930710 (S.D.N.Y. Mar. 11, 2021) ............................................. 6

*Watson v. NY Doe 1*,
    439 F. Supp. 3d 152 (S.D.N.Y. 2020)..................................................................................... 8

This reply brief is respectfully submitted by the Combs Defendants[1] in further support of their motion to dismiss the Complaint (ECF Nos. 137–139 ("Motion to Dismiss")) and in response to Plaintiff's opposition brief (ECF No. 166, the "Opposition" or "Opp.").[2] Plaintiff's Opposition does not seriously grapple with the numerous, fundamental flaws identified in the MOL. Rivers' allegations that she endured long hours, uncomfortable living quarters, "manufactured drama," and unkind remarks while participating in a reality TV show some twenty years ago, do not constitute forced labor, make her the victim of a RICO conspiracy, or support any of the other claims she asserts. All her COAs are time-barred, insufficiently pled, and should be dismissed with prejudice.

## **ARGUMENT**

## I.    **ALL OF PLAINTIFF'S CLAIMS ARE TIME-BARRED**

### A.    **No Tolling Doctrine Saves Plaintiff's Time-Barred Claims**

While arguing (incorrectly) that her RICO, copyright, and fraud claims did not accrue until 2023 and 2024, Plaintiff concedes the statute of limitations expired for her fourteen other remaining COAs (COAs 2–9, 11, 13–14, 16, 18, 20), but argues they "are preserved under principles of equitable tolling" because Plaintiff alleged "several instances of duress." Opp. at 3. She does not cite any paragraph in her Complaint that constitutes a sufficient allegation of duress. Duress cannot toll a limitations period absent "a course of conduct involving threats or force that continued without interruption" against the plaintiff from the time of the alleged incident until the time the action was brought. *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 175 (S.D.N.Y. 2019). "Duress involves both threats or force by the defendant, and the submission of

---

[1] Capitalized terms have the same meaning as in the opening brief (ECF No. 139 ("MOL")).

[2] Following the filing of the Motion to Dismiss, Plaintiff voluntarily withdrew four COAs completely (COAs 17, 19, 21, and 22) and one COA with respect to all Defendants except Combs (COA 15). ECF No. 173. The eighteen COAs remaining are addressed herein.

the plaintiff's free will to those threats. Both elements of duress must continue in order for a duress-based tort to persist as a 'continuous wrong.'" *Gilmore v. Combs*, No. 24-CV-8440 (JPO), 2025 WL 1425326, at *4 (S.D.N.Y. May 16, 2025). In her Opposition, Plaintiff contends (without citation) that she has pled duress by alleging Combs assaulted her, interfered with her career by threatening others (but not her), and exhibiting "violent behavior" towards others. *See* Opp. at 3. She does not cite a single case finding duress premised on such conclusory, vague, isolated, and irrelevant allegations, nor does she distinguish any of the case law cited in the MOL. Even if any of the alleged conduct operated as a "threat[] or force" that resulted in the submission of the plaintiff's free will (and there is no plausible inference it did), as explained in the MOL and as Plaintiff does not refute, any purported "duress" is not even alleged to have been "continuous"— it is alleged to have occurred more than fifteen years before Plaintiff filed suit. *See* MOL at 6–7. Plaintiff has not pled continuing threats or uses of force that prevented her from timely filing.

### B.    Plaintiff's RICO, Copyright, and Fraud Claims Are Also Time-Barred

Plaintiff argues her RICO, Copyright and fraud claims (COAs 1, 10, and 12,)—all of which are premised on conduct alleged to have occurred between 2002 and 2004—were timely filed some twenty years later because they did not accrue until different plaintiffs filed different lawsuits based on different claims in 2023 and 2024. Opp. at 3–5. According to Plaintiff, her "duty to inquire" into the injuries that form the basis of her RICO and fraud claims were not "trigger[ed]" until November 2023 when Cassie Ventura filed a lawsuit arising from her years-long romantic relationship with Combs, and Plaintiff "did not and could not discover" that her alleged copyright on certain works published in the early 2000's had been infringed until 2024 when a different artist, Dawn Richard, alleged her purported copyright on different works had been infringed at different times. *See* Opp. at 3–5. There is no basis for this argument.

First, the Complaint does not allege Plaintiff did not discover and could not have

discovered her RICO, fraud, and copyright claims until Ventura and Richard filed their lawsuits against Combs. It merely invokes those other lawsuits in a futile attempt to amplify Rivers' deficient allegations and sling mud. *See* Compl. ¶¶ 1–3, 24, 7 n.2, 668 n.49. Second, even outside her pleading, Plaintiff fails to explain how Ventura and Richard's filings supplied her with previously unavailable facts that put her on notice, for the first time in 2023 and 2024, that she had suffered injuries twenty years earlier. In order to demonstrate that her RICO, fraud, and copyright claims did not accrue until 2023 and 2024, Plaintiff is required to show she did not discover, or was not able to discover with due diligence, her injuries until those dates. *See McKenzie v. Artists Rts. Soc'y, Inc.*, 757 F. Supp. 3d 427, 442–43 (S.D.N.Y. 2024); *PK Music Performance, Inc. v. Timberlake*, No. 16-CV-1215, 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018); *Guzzone v. Zazza*, No. 19-CV-6202, 2024 WL 1345660, at *5 (E.D.N.Y. Mar. 29, 2024). Plaintiff does not explain what facts revealed in two unrelated civil actions—neither of which mention Rivers—put her on notice of her own purported injuries for the first time twenty years after they purportedly occurred. Nor does she cite any case upholding delayed accrual under remotely similar circumstances. Her attempt to save her untimely claims is not supported by fact or law.

### C.    The GMVL's Revival Provision Is Preempted by the CVA And ASA

Plaintiff does not substantively address the argument that her expired GMVL claim is not saved by the GMVL Revival Provision because it is preempted by the CVA and ASA. She merely dismisses the point as "premature" because it has not yet been resolved by the Second Circuit and observes that one judge has rejected it. Opp. at 5. This Court has already declined to delay briefing on this issue until the Second Circuit resolves it. *See* Minute Entries of June 2, 2025 and June 6, 2025. Thus, Plaintiff's failure to engage at all with the compelling caselaw discussed in the MOL, *see* MOL at 9–10, amounts to a concession that her GMVL claim is time-barred. *See Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 318 n.10 (S.D.N.Y. 2021).

Indeed, the Opposition makes no mention of the fact that Judge Kaplan has twice held New York City's GMVL revival provision is preempted by New York State's CVA and ASA, including in a detailed, reasoned opinion that persuasively demonstrates that the CVA and ASA created limited revival windows for "every civil claim or cause of action" for sexual offenses, that those windows were explicitly intended to apply "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary," and that the GMVL Revival Provision nonetheless purports to provide a period of limitation to the contrary. *See Parker v. Alexander*, No. 24-CV-4813, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) and *Bellino v. Tallarico*, No. 24-CV-0712, 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024). Plaintiff's passing observation that another judge has rejected this argument—without even attempting to grapple with the flaws in that court's reasoning identified by Judge Kaplan and described in the MOL (p. 10 n.1)—functionally concedes the point.

## II.    FOURTEEN COAS ARE BASED ON IMPROPER GROUP PLEADINGS

Following Plaintiff's withdrawal of numerous COAs, fourteen COAs remain that are premised entirely on improper group pleadings: COAs 1, 3-14, and 16. Each of these are based on allegations that indiscriminately and vaguely attribute various activities to multiple parties without differentiation and are thus manifestly improper. *See, e.g.*, *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [Plaintiff's] complaint failed to satisfy [Rule 8's pleading] standard."). Plaintiff does not seriously contest that she fails to identify what each of the Combs Defendants did to purportedly render each liable to her under these 14 COAs, but instead asserts that she does not have to. Opp. at 5. The case she cites, *Arista Records, LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010), does not support her position. Whereas, here the Complaint does not parse out what each Defendant purportedly did (as Plaintiff concedes, Opp. at 5), in *Arista Records, LLC*, the complaint for copyright infringement "identifie[d] on a Defendant-by-Defendant basis"

a "list of copyrighted recordings that each Defendant ha[d], without permission . . . downloaded and/or distributed" as well as the date, time, and specific file-sharing network on which each specific song was wrongly shared. 604 F.3d at 121.

Although in her Opposition, Plaintiff argues that "certain" COAs "had to be grouped," she does not specify—beyond invoking RICO as a purported example—what those "certain" COAs are, let alone identify any authority permitting her to bypass Rule 8's pleading requirements with respect to them. As explained in the MOL, a "plaintiff's conclusory naming of a string of entities" does not suffice to plead RICO. *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 360 (S.D.N.Y. 2014) (citation omitted). Nor does Plaintiff address the fact that COAs 3–10 and 13 define "BBE" and "Bad Boy Records" in multiple, inconsistent ways such that in each of those nine COAs it is impossible to confirm what entity is even referenced.

## III. PLAINTIFF HAS FAILED TO STATE A RICO CLAIM

The MOL demonstrated why Plaintiff's incoherent, conclusory, and vague RICO allegations against 32 disparate defendants fail to plead an enterprise, a pattern of racketeering, or Plaintiff's standing. MOL 12–15. Rather than substantively engage with the arguments and caselaw discussed in the MOL, Plaintiff conclusorily insists that her complaint "has alleged all the requisite elements" without actually citing any of her allegations or a single case supporting them.

Absent from Plaintiff's argument is an explanation of how the alleged enterprise was structured, how it functioned, or what legally sufficient shared purpose it pursued. *See, e.g. BWP Media USA Inc.* 69 F. Supp. 3d at 360. As explained in the MOL, Plaintiff's claim that the enterprise's purpose was to "enrich Defendants" (or, as characterized in her Opposition, "money . . . and influence and power") is insufficient because advancing self-interest cannot serve as a "purpose" as a matter of law. *See D. Penguin Bros. v. City Nat. Bank*, 587 F. App'x 663, 668 (2d

Cir. 2014); MOL at 12–13. And while in her Opposition Plaintiff insists "Defendants engaged in fraud in multiple ways including wire and mail fraud," Opp. at 7, she does not identify a single instance of fraud. Thus, Plaintiff has not pled any "predicate act" with the requisite particularity.

## IV.    PLAINTIFF HAS FAILED TO STATE A TVPRA CLAIM

The allegations in the Complaint do not permit a plausible inference that Plaintiff's participation on MTB was procured by "force, fraud, or coercion." To the contrary, the Complaint pleads Plaintiff chose to participate in MTB "to have a chance at music stardom" (Compl. ¶ 82) and that she received compensation for doing so. *Id.* ¶ 667-668 (reflecting Plaintiff made $100,000 in one month). In her Opposition, Plaintiff does not address these or similar allegations that undermine her claim, nor does she cite a single paragraph of her Complaint that gives rise to a plausible inference she was forced to labor as a reality TV star. Instead, she argues conclusorily that she was threatened and coerced into participation. There is no support for that conclusion.

## V.    PLAINTIFF FAILS TO STATE A GMVL CLAIM

In her Opposition, Plaintiff does not acknowledge, let alone distinguish the case law cited in the MOL which holds that allegations of groping and forcible touching are insufficient to satisfy the risk of serious physical injury element for a GMVL claim. *See Rossbach v. Montefiore Med. Ctr.*, No. 19-CV-5758, 2021 WL 930710, at *11 (S.D.N.Y. Mar. 11, 2021) (allegations that Plaintiff was "groped" and subjected to "unwanted physical contact" are insufficient to establish serious risk of injury); *see also Bellino*, 2024 WL 1344075, at *1 (allegations that defendant engaged in forcible kissing and touching of breasts, buttocks, and genitals were insufficient to establish serious risk of injury). The allegations in those cases are far more violent than what Plaintiff asserts here, which is that Combs ceased contact with her as soon as he "realiz[ed] Plaintiff [wa]s . . . not consenting." Compl. ¶¶ 715–19.

## VI.    PLAINTIFF FAILS TO STATE NYSHRL AND NYCHRL CLAIMS

The MOL demonstrated Plaintiff cannot pursue employment claims against Combs, "BBE," and "Bad Boy Records" because the Complaint's ambiguous and inconsistent allegations– *i.e.* that Rivers was an "'employee' of Defendant Bad Boy" (a term she fails to define notwithstanding the fact that there are at least three different Defendants with "Bad Boy" in their name), of "related entities," and of "Diddy, MTV, BM, BBE, and UMG" (Compl. ¶¶ 22, 744–47)– do not give rise to a plausible inference that she had employment relationships with Combs, "BBE," and "Bad Boy Records." MOL 18–19. In the Opposition, Plaintiff does not clarify her implausible allegations that she was employed by some half dozen different entities in connection with her appearance on reality TV. She argues she alleged "an employment relationship with any of these Defendants . . . considering there are three seasons of a television show," and because she pled Combs "owned, controlled and operated all the named codefendants." Opp. at 9. This is plainly insufficient. *See Musiello v. CBS Corp.*, 518 F. Supp. 3d 782, 789 (S.D.N.Y. 2021).

## VII.    PLAINTIFF FAILS TO STATE A RIGHT OF PUBLICITY CLAIM

In asserting she has adequately pled a right of publicity claim, Plaintiff argues the MOL fails to consider a "whole section on how Defendants" use her likeness for advertising purposes and cites to paragraphs 347–357 of the Complaint in support. Opp. at 9. Paragraphs 347–357 describe the release of the Bad Boys II soundtrack in July 2003 by BBE and UMG; they do not allege how, where, and when each of the twelve Defendants named in this COA used Plaintiff's voice or likeness for advertising purposes. Moreover, Plaintiff's argument that she has standing to bring a New York right of publicity claim because she was a "temporary resident of New York" (Opp. at 9) is inconsistent with her pleadings and New York law. The Complaint alleges she is and was a Michigan resident. Compl. ¶ 22.   Even if she could amend her pleadings through her

Opposition (she cannot), a change in domicile requires an "intention to remain" in the new place. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Plaintiff's contention that she was a "*temporary* resident" of New York (even if she had pled it) does not evidence such intent.

## VIII.  PLAINTIFF FAILS TO STATE A COPYRIGHT INFRINGEMENT CLAIM.

Plaintiff does not address arguments in the MOL that she fails to plead (1) sufficient allegations that she owns the copyrights to any of the works; (2) she registered any such copyright or was exempt from doing so; or (3) Defendants infringed her copyrights. *See* MOL § IX. Instead, she complains she was unable to "determine the copyright information" to bring a claim "due to the fraud and concealment by Defendants." Opp. at 10. Even if such allegations could excuse her delay in bringing a Copyright claim, they do nothing to actually plead one.

## IX.  PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS

There are no nonconclusory allegations regarding a contract between Plaintiff and any of the Combs Defendants. *See* MOL § X. The allegations that she signed documents on TV that looked like contracts and that "written contracts are commonplace" in the music industry (Opp. 10–11) are insufficient to plead the existence, let alone breach, of a contract. *Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 598 (S.D.N.Y. 2017).

## X.  PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD

Plaintiff effectively concedes her claim for fraud is insufficiently pled and asks the Court for leave to amend. Opp. at 11. She does not bother to explain how she could possibly amend to cure the numerous pleadings defects or overcome the time bar. Any amendment would be futile.

## XI.  TORTIOUS AND NEGLIGENT INTERFERENCE CLAIMS ARE DEFICIENT

The claim for negligent interference with prospective economic advantage (COA 20) must be dismissed because it is not a valid cause of action. *See Watson v. NY Doe 1*, 439 F. Supp. 3d 152, 167 (S.D.N.Y. 2020). The claim for tortious interference with prospective contractual or

business relations (COA 18) must be dismissed because, among other things, the Complaint fails to allege facts giving rise to a plausible inference that Combs' purported interference "amount[ed] to a crime or independent tort." *JPMorgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 280 (S.D.N.Y. 2024). The Opposition fails to address either of these arguments.

## XII.    PLAINTIFF FAILS TO STATE CLAIMS FOR INTENTIONAL TORTS

Contrary to Plaintiff's contention (Opp. at 12.), allegations concerning Combs' fleeting interaction with Plaintiff in an open hallway do not constitute confinement sufficient to give rise to a false imprisonment claim; nor do they involve "offensive" bodily contact without "plaintiff's consent" sufficient to state a battery claim. The Complaint alleges Combs exited the interaction once he realized Plaintiff was uncomfortable and did not consent. Compl. ¶¶ 712–719. This fact pattern is a far cry from false imprisonment or offensive contact without consent which is presumably why Plaintiff does not identify a single case upholding such claims on similar facts. The Complaint also fails to plead assault because it does not contain any allegations that Combs placed Plaintiff in "imminent apprehension of harmful contact." In her Opposition, Plaintiff does not identify allegations in her Complaint reflecting an instance of her being in "imminent apprehension of harmful contact." She merely argues that she purportedly had such "imminent apprehension" during the (two-year) period she was "filming episodes of Making the Band" and "while working as an employee for Defendants off camera." Opp. at 13. No authority supports a claim of assault on such facts.

## XIII.    PLAINTIFF FAILS TO PLEAD CLAIMS SOUNDING IN NEGLIGENCE

In the MOL, the Combs Defendants demonstrated that the negligence COAs were insufficiently pled because, among other things, the Complaint failed to plead how each of the ten Combs Defendants owed Plaintiff a duty of care. MOL § XIV. In her Opposition, Plaintiff

identifies no basis for the existence of a duty aside from her purported employment with "Combs and his enterprises." Opp. 13. Because the Complaint does not plead (conclusorily or otherwise) that Plaintiff was an employee of all ten Combs Defendants and because, as set forth *supra* p. 7, even as to those Combs Defendants she *does* allege employed her, her allegations are insufficient, Plaintiff has not pled the existence of a duty of care; her negligence COAs must be dismissed for that reason and the other reasons set forth in the MOL. *See* MOL § XIV.

## <u>CONCLUSION</u>

For the foregoing reasons and those stated in the MOL, the Combs Defendants respectfully request the Court dismiss the Complaint with prejudice. Plaintiff does not explain what allegations she could add that might salvage her time-barred and insufficiently pled claims. Leave to amend should be denied. *See Ferring B.V. v. Allergan, Inc.*, 4 F. Supp. 3d 612, 618 (S.D.N.Y. 2014) (proposed amendments "are futile because the new allegations do not cure the time-barred nature of the claims or are otherwise deficient.").[3]

Dated: August 6, 2025
    New York, New York          Respectfully submitted,

                                        SHER TREMONTE LLP

                                        */s/    Erica A. Wolff*
                                        Erica A. Wolff
                                        Michael Tremonte
                                        Michael Bass
                                        90 Broad Street, 23rd Floor
                                        New York, NY 10004
                                        (212) 202-2600
                                        ewolff@shertremonte.com

                                        *Attorneys for Combs Defendants*

---

[3] Plaintiff complains the MOL exceeds this Court's 25-page page limit because, although the substance of the brief concludes on page 25, counsel's signature block is contained on page 26. The Local Rules of the Southern District of New York provide that "signature blocks," do not count towards the length of a memorandum of law. *See* Local Rule 7.1(c).

## <u>CERTIFICATION OF COMPLIANCE</u>

I hereby certify that the word count of this memorandum of law complies with the word count limits of Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York and Judge Rakoff's Individual Rules. According to the word-processing system used to prepare this memorandum of law and excluding the parts of the document exempted by Rule 7.1, this document contains 3,339 words and 10 pages.

Dated: August 6, 2025
New York, New York

Respectfully submitted,

SHER TREMONTE LLP

By:     */s/ Erica A. Wolff*
Erica A. Wolff