UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
SARA RIVERS (formerly known as Sara Stokes),

                Plaintiff,

       -against-                     Case No.: 25-CV-01726 (JSR)

SEAN COMBS (a/k/a "P. DIDDY, DIDDY, PUFF,
PUFF DADDY, PUFFY, BROTHER LOVE"),
BAD BOY ENTERTAINMENT HOLDINGS, INC.,
HARVE PIERRE, TRACY WAPLES,
ALISON STANLEY, CHRIS SAINSBURY,
DEVYNE STEPHENS, MORMA AUGENBLICK,
DEREK WATKINS (a/k/a FONZWORTH BENTLEY),
TONY DOFAT, MICKEY CARTER,
DERIC ANGELETTIE (a/k/a/ "D.Dot" and
"MADD RAPPER"), JASON WILEY, BAD BOY
ENTERTAINMENT LLC, PHIL ROBINSON,
SHAWN PEREZ, DADDY'S HOUSE RECORDING
STUDIO, BAD BOY PRODUCTIONS INC.,
COMBS ENTERPRISES, LLC, UNIVERSAL
MUSIC GROUP, UNIVERSAL MUSIC & VIDEO
DISTRIBUTION CORP., JANICE COMBS, JANICE
COMBS PUBLISHING INC., JANICE COMBS
PUBLISHING HOLDINGS INC., SEAN JOHN
CLOTHING LLC., PARAMOUNT GLOBAL, VIACOM,
MTV PRODUCTIONS, JACKIE FRENCH, LOU
PEARLMAN (estate of), BUNIMMURRAY
PRODICTIONS, TOWNSQUARE MEDIA GROUP, J
OHN AND JANE DOES 1-50, and DOE ORGANIZATIONS
1-10,
                Defendants,
_____X

**DEFENDANT DERIC ANGELETTIE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

                                                  Keith White, PLLC
                                                  396 Waverly Avenue
                                                  Brooklyn, NY 11238
                              Attorneys for Defendant Deric Angelettie

**Table of Contents**

ARGUMENT ............................................................................................................................. 1

    A. Factual Deficiencies in Plaintiff's Pleading ................................................................... 2

        I. Improper Group Pleading and Lack of Specificity .................................................. 2

        II. Conclusory and Unsupported Allegations .............................................................. 3

        III. Absence of Particularized Allegations .................................................................. 3

        IV. Failure to Allege Essential Elements .................................................................... 4

        V. Amendment Would Be Futile ................................................................................. 4

    B. Legal Deficiencies in Plaintiff's Pleading ....................................................................... 4

        I. Racketeer Influenced and Corrupt Organizations Act ("RICO") Claims ................ 4

        II. Failure to Meet Pleading Standards ........................................................................ 6

    C. Procedural Defects to Plaintiff's Pleading ...................................................................... 6

        I. Statute of Limitations ................................................................................................ 6

CONCLUSION ......................................................................................................................... 7

# Table of Authorities

**CASES**

*Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). ................................................. 2

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004) .................. 5

*Koral v. Saunders*, 36 F.4th 400, 410 (2d Cir. 2022) ..................................................................... 7

*Pu v. Charles H. Greenthal Mgmt. Corp.*, No. 08-CV-10084, 2010 WL 774335, at *3 (S.D.N.Y. Mar. 9, 2010) ............................................................................................................................... 5

*Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993) ........................................................................ 5

*Rotella v. Wood*, 528 U.S. 549, 553 (2000) .................................................................................... 6

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) ............................................................... 5


**FEDERAL STATUTES**

17 U.S.C. § 507(b) .......................................................................................................................... 6

Rule 9(b) ......................................................................................................................................... 4

Defendant Deric Angelettie ("Defendant") submits this Reply Memorandum of Law in further support of his Motion to Dismiss the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Further, Mr. Angelettie joins and adopts the arguments made by the other moving defendants in their motion and reply briefs. The purpose of this Reply is to address the arguments raised in Plaintiff's Response in Opposition and to reaffirm that the Complaint fails to state any claim upon which relief can be granted against Defendant. Despite Plaintiff's attempts to recast conclusory and generalized allegations as specific factual assertions, the opposition fails to cure the basic deficiencies identified in the original motion. As set forth below, Plaintiff's pleadings do not meet the applicable legal standards, rely on improper group pleadings, and fails to allege facts with the requisite specificity to sustain any cause of action against Mr. Angelettie. Accordingly, dismissal of the Complaint with prejudice in its entirety remains warranted.

## ARGUMENT

The Plaintiff's opposition attempts to recast generalized and conclusory allegations as specific factual assertions against Defendant Deric Angelettie. However, a careful review of both the Complaint and the opposition reveals that Plaintiff has failed to allege any non-conclusory, particularized facts that would support liability against Mr. Angelettie under any asserted cause of action. Accordingly, Plaintiff's pleadings fail as a matter of fact, as a matter of law and as a matter of procedure. Many of the deficiencies to Plaintiff's pleading have been addressed by the other defendants in this case. In this regard, Mr. Angelettie joins and adopts the arguments made by the other moving defendants in their motion and reply briefs.

### A. Factual Deficiencies in Plaintiff's Pleading
### I. Improper Group Pleading and Lack of Specificity

Plaintiff repeatedly relies on group pleading, referring to "Defendants" collectively and attributing alleged misconduct to all defendants without distinguishing Mr. Angelettie's individual conduct. The Plaintiff's opposition asserts that the Complaint "meticulously documents factual detail outlining the structure of the enterprise, the roles of each participant, and the resulting harm," and that the television show "Making the Band" evidences each defendant's role.[1] However, the Complaint itself fails to identify any specific act by Mr. Angelettie that constitutes actionable misconduct. More troubling for Plaintiff, in Plaintiff's opposition, the attached affidavit of the Plaintiff only reiterates the Complaint and provides no new information for the Court to consider.[2] The only conduct attributed to Mr. Angelettie in the Complaint, the opposition or the newly attached affidavit of Plaintiff, consists of his appearance on the show, participation in marketing, and a song on the group's album—none of which are alleged to be unlawful or to satisfy the elements of any cause of action.

The Second Circuit has made clear that group pleading is insufficient to state a claim. "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [Rule 8]." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Plaintiff's opposition does not cure this defect, as it continues to rely on undifferentiated allegations and fails to provide the requisite factual detail regarding Mr. Angelettie's personal involvement.

---

[1] Dkt #185, p2.
[2] Dkt #185, appx. 1

2

## II. Conclusory and Unsupported Allegations

Plaintiff's opposition asserts that Mr. Angelettie "benefitted from the scheme including having his music career promoted on the group's album," and that he "presented himself in a leadership capacity as an employee of the Combs entities."[3] These statements are conclusory and unsupported by specific facts. The Complaint does not allege any conduct by Mr. Angelettie that constitutes racketeering, fraud, or any other actionable misconduct. The mere fact that Mr. Angelettie appeared on a television show or contributed a song to an album does not establish liability under RICO or any other statute.

Plaintiff's opposition further claims that Mr. Angelettie "gave instruction, advice and presented himself in a leadership capacity." However, the Complaint only references a televised conversation in which Mr. Angelettie advised Plaintiff to "find herself," which is not actionable conduct and does not demonstrate intent, participation, or causation as required by law.

## III. Absence of Particularized Allegations

Despite Plaintiff's assertion that the Complaint "pleads dates of actionable conduct," the only dates referenced pertain to the airing of the television show and the release of the album, not to any specific unlawful act by Mr. Angelettie. The Complaint admits that there was never a contract between Plaintiff and Mr. Angelettie, undermining any claim for breach of contract or breach of the implied covenant of good faith and fair dealing. Plaintiff's opposition attempts to rely on contracts presented by other defendants, but does not allege that Mr. Angelettie was a party to or responsible for any such contract. Similarly, Plaintiff's fraud allegations are entirely conclusory. The opposition claims that Mr. Angelettie "concealed his membership in the RICO

---

[3] Dkt #185, p.3

enterprise and his appearance on Plaintiff's group debut album," but provides no factual detail regarding any misrepresentation, omission, or fraudulent intent by Mr. Angelettie. Rule 9(b) requires that fraud be pleaded with particularity, including the specific statements, the speaker, the time and place, and why the statements are fraudulent. Plaintiff's Complaint and opposition fail to meet this standard.

**IV. Failure to Allege Essential Elements**

For each cause of action, Plaintiff fails to allege the essential elements as to Mr. Angelettie. There are no allegations of intent, participation in unlawful acts, causation, or injury directly attributable to Mr. Angelettie. The opposition does not point to any well-pleaded, non-conclusory factual allegations that would entitle Plaintiff to relief against Mr. Angelettie. Instead, it relies on generalized assertions and improper group pleading, which are insufficient as a matter of law.

**V. Amendment Would Be Futile**

Plaintiff suggests that amendment could cure any deficiencies, but fails to identify any additional facts that could be alleged against Mr. Angelettie. The affidavit provided in Plaintiff's opposition provided no additional facts that cure the defects in the Plaintiff's Complaint. The opposition does not articulate any basis for amending the Complaint to state a claim against Mr. Angelettie, nor does it address the fundamental lack of factual support for any cause of action.

**B. Legal Deficiencies in Plaintiff's Pleading**

**I. Racketeer Influenced and Corrupt Organizations Act ("RICO") Claims**

To state a claim under RICO, a plaintiff must allege: (1) that the defendant, (2) through the commission of two or more predicate acts, (3) constituting a pattern, (4) of racketeering activity, (5) directly or indirectly invests in, or maintains an interest in, or participates in, (6) an enterprise,

(7) the activities of which affect interstate or foreign commerce. See *Pu v. Charles H. Greenthal Mgmt. Corp.*, No. 08-CV-10084, 2010 WL 774335, at *3 (S.D.N.Y. Mar. 9, 2010); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). RICO claims sounding in fraud must also satisfy the heightened pleading requirements of Rule 9(b), requiring particularized allegations of the circumstances constituting fraud. The Complaint fails to allege with particularity any racketeering acts committed by Mr. Angelettie. The allegations are conclusory, relying on generalized assertions that "Defendants" collectively engaged in mail and wire fraud, trafficking, and other predicate acts, without identifying any specific conduct by Mr. Angelettie. Courts routinely dismiss RICO claims that rely on group pleading and fail to specify each defendant's role in the alleged enterprise. See *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004).

The Complaint and the Plaintiff's opposition fail to allege facts showing that Mr. Angelettie participated in the operation or management of the alleged enterprise, as required by *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993). The only conduct attributed to Mr. Angelettie is his appearance on a television show, participation in marketing, and a song on the group's album—none of which are alleged to be unlawful or to satisfy the elements of a RICO claim. The Complaint explicitly states that Mr. Angelettie's "purpose was vague" and identifies him as an assistant to Plaintiff's band, not as an operator or manager of the enterprise. Plaintiff's opposition does not cure these defects. The law is clear that such generalized and conclusory allegations are insufficient to state a RICO claim.

**II. Failure to Meet Pleading Standards**

Across all causes of action, Plaintiff's Complaint and opposition rely on improper group pleading, conclusory assertions, and generalized allegations. The law is clear that such pleading is insufficient. See Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. The Complaint does not provide the requisite factual detail to state a claim against Mr. Angelettie under any legal theory. Plaintiff's opposition does not cure these deficiencies and, in many instances, concedes that the claims were not pleaded as to Mr. Angelettie or have been withdrawn. Accordingly, the Complaint fails to state a claim for relief against Mr. Angelettie, and dismissal is warranted as a matter of law.

**C. Procedural Defects to Plaintiff's Pleading**

Plaintiff's opposition fails to overcome the significant procedural barriers to maintaining this action against Defendant Deric Angelettie. Regardless of the factual allegations, the Complaint is subject to dismissal on multiple independent grounds, including the statute of limitations, lack of standing, and jurisdictional defects.

**I. Statute of Limitations**

The Complaint alleges conduct occurring between 2002 and 2004, yet was filed in 2025—well outside the applicable limitations periods for all asserted claims. Civil RICO claims are subject to a four-year statute of limitations, which accrues when the plaintiff discovers or should have discovered the injury. See *Rotella v. Wood*, 528 U.S. 549, 553 (2000). Copyright infringement claims are governed by a three-year limitations period under 17 U.S.C. § 507(b). Common law torts such as assault, battery, and negligence are subject to one- and three-year limitations periods

under New York law (N.Y. C.P.L.R. §§ 215(3), 214(5)), and fraud claims are subject to a six-year period (N.Y. C.P.L.R. § 213(8)).

Plaintiff's opposition invokes equitable tolling and estoppel based on alleged duress and concealment, but fails to allege any actual misrepresentation or conduct by Mr. Angelettie that would justify tolling. To establish equitable estoppel, Plaintiff must show that the defendant made an actual misrepresentation, that Plaintiff relied on it, and that such reliance caused delay in bringing the action. See *Koral v. Saunders*, 36 F.4th 400, 410 (2d Cir. 2022). The Complaint and opposition do not allege any such facts as to Mr. Angelettie. Mere generalized assertions of duress and concealment, without specific allegations of misconduct by Mr. Angelettie, are insufficient to toll the statute of limitations.

In sum, Plaintiff's opposition does not cure the procedural deficiencies that independently warrant dismissal of the Complaint as to Mr. Angelettie. The claims are time-barred and jurisdictional requirements are not met. These defects are dispositive regardless of the factual allegations.

## CONCLUSION

For the foregoing reasons, Defendant Deric Angelettie respectfully requests that the Court grant his Motion to Dismiss the Complaint in its entirety. The Complaint fails to state any claim upon which relief can be granted, is time-barred as to all relevant claims, and is procedurally and substantively deficient in multiple respects. Dismissal with prejudice is warranted, as Plaintiff's opposition has failed to identify any additional facts or legal theories that could cure these fundamental defects. Defendant further requests such other and further relief as the Court deems just and proper.

Dated: August 12, 2025

    Brooklyn, NY

                                                      By:      /ss/Keith_White

                                                                      KEITH WHITE, PLLC
                                                                      *Attorneys for Plaintiffs*
                                                                      396 Waverly Avenue
                                                                      Brooklyn, NY 11238
                                                                      718-403-9261