# THE LAW OFFICE OF ARIEL E. MITCHELL, P.A.

P.O. Box 12864
Miami, FL 33101
ariel@arielesq.com
305-903-5835(tel)
April 6, 2026

*Via Electronic Filing*

The Honorable Jed Rakoff, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Rivers v. Combs et al* Case No.: 1:25-cv-1726-JSR

Dear Honorable Judge Rakoff:

Plaintiff's counsel, Ariel Mitchell, provides this notice to inform the Court that she has been subject to discipline. The discipline is unrelated to this matter, in which she has been admitted pro hac vice. The discipline consists of a non-rehabilitative suspension of 75 days, after which reinstatement is automatic. During this period, Plaintiff's counsel, Steve Metcalf, will remain available to continue representation of Plaintiff in this matter which is currently stayed.[1]

Encls.

Respectfully Submitted,

*/s/ Ariel E. Mitchell*

ARIEL E. MITCHELL, ESQ.
**The Law Office of Ariel Mitchell, P.A.**
500 NW 2nd Ave., #12864
Miami, FL 33101
*Office* 305.903.5835
ariel@arielesq.com

*/s/ Steven A. Metcalf II*

STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
*Office* 646.253.0514

---

[1] See ECF 196 and additional notice provided January 13, 2026

1

**THE LAW OFFICE OF ARIEL E. MITCHELL, P.A.**

P.O. Box 12864
Miami, FL 33101
ariel@arielesq.com
305-903-5835(tel)

*Fax* 646.219.2012
metcalflawnyc@gmail.com

**Attorneys for Plaintiff**

2

# Supreme Court of Florida

THURSDAY, MARCH 12, 2026

The Florida Bar,
          Complainant(s)

v.

Ariel Elise Mitchell,
          Respondent(s)

**SC2025-1091**

Lower Tribunal No(s).:
2021-70,465(11D)

---

The Court hereby approves the conditional guilty plea and consent judgment for discipline under the stipulated terms below.

### Stipulation

Respondent is suspended from the practice of law for 75 days, effective 30 days from the date of this order so that respondent can close out respondent's practice and protect the interests of existing clients. If respondent notifies this Court in writing that respondent is no longer practicing and does not need the 30 days to protect existing clients, this Court will enter an order making the suspension effective immediately.  Respondent must fully comply with Rule Regulating The Florida Bar 3-5.1(b). Respondent must also fully comply with Rule Regulating The Florida Bar 3-6.1, if applicable.

A. Respondent must immediately:

    1. accept no new clients from the date of the order;

    2. initiate no litigation on behalf of clients from the date of the order; and

    3. provide a copy of the suspension order to all courts, tribunals, or adjudicative agencies before which respondent is

**CASE NO.:  SC2025-1091**
Page Two

counsel of record; all state, federal, or administrative bars of which respondent is a member; all clients; all co-counsel; and all opposing counsel, as required by Rule 3-5.1(b).

B. Respondent must within 30 days from the date of this order:

1. cease all practice of law in Florida;

2. cease holding respondent out as a Florida Bar member or lawyer and eliminate all indicia of respondent's status as a Florida Bar member or lawyer on websites, social media, telephone listings, stationery, checks, business cards, office signs, email address, and any other indicia of respondent's status as a Florida Bar member or lawyer;

3. wind down all pending matters;

4. cease withdrawing or disbursing any money from any trust account or other financial institution account holding funds of clients or third parties in respondent's possession in connection with legal representation;

5. not transfer any ownership of any real or personal property purchased in whole or in part with funds of clients or third parties in connection with legal representation; and

6. provide the bar's headquarters office in Tallahassee with an affidavit listing all of the following that respondent notified of the suspension order: all courts, tribunals, or adjudicative agencies of which respondent is a member; all state, federal, or administrative bars of which respondent is a member; all clients; all co-counsel; and all opposing counsel.

Respondent must also attend Professionalism Workshop and Ethics School, in person, where scheduled by the bar within 6 months of the date of this order <u>and pay associated fees totaling $1,000.00 before attendance.</u>

**CASE NO.: SC2025-1091**
Page Three

Respondent is further directed to comply with all other terms and conditions set forth in the consent judgment.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Ariel Elise Mitchell in the amount of $3,175.25, for which sum let execution issue. These disciplinary costs are not dischargeable in any future proceedings, including, but not limited to, a petition for bankruptcy. Respondent will be delinquent and ineligible to practice law if respondent does not satisfy the cost judgment within 30 days of this order, unless The Florida Bar Board of Governors defers payment.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
TANENBAUM, J., concurs in the administrative disposition but dissents from the judgment for costs.

A True Copy
Test:

SC2025-1091 3/12/2026

John A. Tomasino
Clerk, Supreme Court
SC2025-1091 3/12/2026

MM
Served:
AMANDA NICOLE HARRIS
HON. ANGELICA ZAYAS
JEANNE T. MELENDEZ
DAVID BILL ROTHMAN
PATRICIA ANN TORO SAVITZ